## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

### EAST ST. LOUIS DIVISION

Kenneth Crawford, individually and on behalf of all others similarly situated,

3:22-cv-00220-DWD

Plaintiff,

- against -

Arizona Beverages USA LLC,

Defendant

Plaintiff's Motion and Memorandum of Law
in Support of Class Certification

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................ii

TABLE OF AUTHORITIES .........................................................................................iii

INTRODUCTION ..........................................................................................................1

FACTUAL BACKGROUND .........................................................................................1

LEGAL STANDARDS ...................................................................................................2

ARGUMENT ...................................................................................................................2

I.      REQUIREMENTS OF RULE 23(A) ARE SATISFIED.....................................2

        A.      Common Questions Exist Because "Lite" was on All Products............2

        B.      Plaintiff's Claims are Typical to Those of Other Class Members .........3

        C.      Plaintiff and Plaintiff's Counsel Will Adequately Represent the Class
                Members ...................................................................................................4

        D.      The Proposed Class is Sufficiently Numerous.......................................4

II.     REQUIREMENTS OF RULE 23(B)(3) ARE SATISFIED ................................5

        A.      Common Questions Predominate ............................................................5

        B.      Damages Can Be Established ...................................................................7

III.    REQUIREMENTS OF RULE 23(C)(4) ARE SATISFIED ..............................11

        A.      Rule 23(c) Authorizes Certification if Other Aspects are Not Satisfied...............12

        B.      Rule 23(c) Allows Certification Where Damages are Uncertain..........12

CONCLUSION ............................................................................................................13

# TABLE OF AUTHORITIES

## Cases

*Amchem Prod., Inc. v. Windsor,*
    521 U.S. 591 (1997) ................................................................................ 6, 10, 11

*Amgen Inc. v. Conn. Ret. Plans & Trust Fund,*
    568 U.S. 455 (2013) ....................................................................................... 6, 7

*Arenson v. Whitehall Convalescent and Nursing Home, Inc.,*
    164 F.R.D. 659 (N.D. Ill. 1996) .......................................................................... 2

*Arreola v. Godinez,*
    546 F.3d 788 (7th Cir. 2008) .............................................................................. 2

*Beaton v. SpeedyPC Software,*
    907 F.3d 1018 (7th Cir. 2018) ........................................................................... 3

*Bell v. PNC Bank Nat'l Ass'n,*
    800 F.3d 360 (7th Cir. 2015) ........................................................................ 6, 12

*Bennett v. Dart,*
    53 F.4th 419 (7th Cir. 2022) ............................................................................. 12

*Benson v. Newell Brands, Inc.,*
    No. 19-cv-6836, 2021 WL 5321510 (N.D. Ill. Nov. 16, 2021) ......................... 7, 8

*Brazil v. Dole Packaged Foods, LLC,*
    No. 12-cv-1831, 2014 WL 2466559 (N.D. Cal. May 30, 2014) ...................... 9, 10

*Butler v. Sears, Roebuck & Co.,*
    727 F.3d 796 (7th Cir. 2013) .............................................................. 6, 8, 12, 13

*Carnegie v. Household Int'l,*
    376 F.3d 656 (7th Cir. 2004) ............................................................................ 13

*Chicago Tchrs. Union, Loc. No. 1 v. Bd. of Educ. of City of Chicago,*
    797 F.3d 426 (7th Cir. 2015) .............................................................................. 8

*Comcast Corp. v. Behrend,*
    569 U.S. 27 (2013)............................................................................... 5, 8, 9, 10

*Crawford v. AriZona Beverages USA LLC,*
    No. 22-cv-220, 2023 WL 1100260 (S.D. Ill. Jan. 30, 2023) ............................ 1, 2

*De La Fuente v. Stokley-Van Camp, Inc.,*
    713 F.2d 225 (7th Cir.1983) ............................................................................... 3

*Eike v. Allergan, Inc.,*
    850 F.3d 315 (7th Cir. 2017) .............................................................................. 9

*Eike v. Allergan, Inc.*,
    No. 12-cv-1141, 2016 WL 4272127 (S.D. Ill. Aug. 15, 2016)............................................ 9

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*,
    317 F.R.D. 374 (S.D.N.Y. 2016) ........................................................................................ 8

*Goldwater v. Alston & Bird*,
    116 F.R.D. 342 (S.D. Ill. 1987) ......................................................................................... 3

*Gomez v. St. Vincent Health, Inc.*,
    649 F.3d 583 (7th Cir. 2011) ............................................................................................. 4

*In re Fluidmaster, Inc., Water Connector Components Prods. Liab. Litig.*,
    No. 14-cv-5696, 2017 WL 1196990 (N.D. Ill. Mar. 31, 2017) .......................................... 7

*In re IKO Roofing Shingle Prods. Liab. Litig.*,
    757 F.3d 599, 603 (7th Cir. 2014) ................................................................................... 12

*In re Neopharm, Inc. Sec. Litig.*,
    225 F.R.D. 563 (N.D. Ill. 2004)........................................................................................ 3

*Lemon v. Int'l Union of Operating Eng'rs*,
    216 F.3d 577 (7th Cir. 2000) ............................................................................................. 5

*McMahon v. LVNV Funding, LLC*,
    807 F.3d 872 (7th Cir. 2015) ........................................................................................... 11

*McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    672 F.3d 482 (7th Cir. 2012) ........................................................................................... 13

*Mednick v. Precor, Inc.*,
    320 F.R.D. 140 (N.D. Ill. 2017)........................................................................................ 8

*Messner v. Northshore Univ. HealthSystem*,
    669 F.3d 802 (7th Cir. 2012) ............................................................................................. 2

*Mullins v. Direct Digital, LLC*,
    795 F.3d 654 (7th Cir. 2015) ........................................................................................... 11

*Orr v. Shicker*,
    953 F.3d 490 (7th Cir. 2020) ............................................................................................. 5

*Owner-Operator Indep. Drivers Ass'n, Inc. v. Allied Van Lines, Inc.*,
    231 F.R.D. 280 (N.D. Ill. 2005)........................................................................................ 3

*P.J.'s Concrete Pumping Serv., Inc. v. Nextel W. Corp.*,
    345 Ill. App. 3d 992 (2004) ............................................................................................... 6

*Pella Corp. v. Saltzman*,
    606 F.3d 391 (7th Cir.2010) ........................................................................................... 12

iv

*Ploss as Tr. for Harry Ploss Tr. DTD 8/16/1993 v. Kraft Foods Grp., Inc.*,
  431 F. Supp. 3d 1003 (N.D. Ill. 2020)......................................................................... 7

*Randolph v. Crown Asset Mgmt., LLC*,
  254 F.R.D. 513 (N.D. Ill. 2008)................................................................................. 6

*Rosario v. Livaditis*,
  963 F.2d 1013 (7th Cir. 1992) .................................................................................. 2

*Simpson v. Dart*,
  23 F.4th 706 (7th Cir. 2022) .................................................................................... 12

*Smith v. Nike Retail Services, Inc.*,
  234 F.R.D. 648 (N.D. Ill. 2006)................................................................................ 3

*Stewart v. Winter*,
  669 F.2d 328 (5th Cir. 1982) .................................................................................... 3

*Suchanek v. Sturm Foods, Inc.*,
  764 F.3d 750 (7th Cir. 2014) ................................................................................. 3, 5

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011)............................................................................................... 5, 6

*Werdebaugh v. Blue Diamond Growers*,
  No. 12-cv-2724, 2014 WL 2191901 (N.D. Cal. May 23, 2014) ........................... 9

**Statutes**

815 ILCS 505/1, *et seq.*........................................................................................... 1, 2, 12

**Rules**

Fed. R. Civ. P. 23 ...................................................................................................... 5, 11

Fed. R. Civ. P. 23(a) ............................................................................................... 2, 3, 5

Fed. R. Civ. P. 23(a)(1) ............................................................................................ 4

Fed. R. Civ. P. 23(a)(2) ............................................................................................ 2

Fed. R. Civ. P. 23(a)(3) ............................................................................................ 3

Fed. R. Civ. P. 23(a)(4) ............................................................................................ 4

Fed. R. Civ. P. 23(b) ............................................................................................... 2, 5

Fed. R. Civ. P. 23(b)(3)........................................................................................ 2, 5, 9, 10

Fed. R. Civ. P. 23(c) ................................................................................................ 12

Fed. R. Civ. P. 23(c)(4)....................................................................................... 11, 12, 13

## INTRODUCTION

Plaintiff Kenneth Crawford ("Plaintiff") will move this Court, before the Honorable David

W. Dugan, at the Southern District of Illinois Courthouse, 750 Missouri Ave, East Saint Louis IL

62201, on a date and time that the Court will determine, for an Order certifying a class of Illinois

purchasers ("Illinois Class") of the combination of iced tea and lemonade, known as an "Arnold

Palmer," represented as "Lite" (the "Product"), sold by Arizona Beverages USA LLC

("Defendant" or "ABU") under the Arizona brand.[1]

## FACTUAL BACKGROUND

Plaintiff filed this action on February 6, 2022, alleging that the representation "Lite" was

(1) "misleading with respect to the Product's sugar content," because "sugar is the second most

predominant ingredient in the Product by weight," and (2) "misleading with respect to the

Product's calorie content," because the Product "is not low in calories" and "it does not identify

any other food" as a "reference food" to provide "the consumer [with] context for [this] claim."

Complaint, ECF No. 1 at ¶ II(A), 19, II(B), 35-37.

Following Defendant's Motion seeking dismissal, filed on April 29, 2022, the Court

permitted Plaintiff's consumer fraud claims, arising under the Illinois Consumer Fraud and

Deceptive Practices Act ("ICFA"), to proceed because "the Court cannot say that as a matter of

law that significant portion of reasonable consumers are not deceived by the 'Lite' claim made by

Defendant in its labeling." *Crawford v. AriZona Beverages USA LLC*, No. 22-cv-220, 2023 WL

1100260, at *5 (S.D. Ill. Jan. 30, 2023).

The Court also denied dismissal of the unjust enrichment claim, "based on [it's]

---

[1] Plaintiff chooses to waive multi-state claims arising under the state consumer fraud acts of Alabama,
Arkansas, Georgia, Indiana, Iowa, Louisiana, Michigan, Montana, Nebraska, Ohio, Oklahoma, Texas,
Virginia, and West Virginia.

determination that Plaintiff has stated a colorable ICFA claim." *Crawford*, 2023 WL 1100260, at *9.

In addition, Plaintiff's claims for injunctive relief, breach of contract, breach of warranties, common law fraud and negligent misrepresentation were dismissed.

## LEGAL STANDARDS

To certify a class, Plaintiff is required to "satisfy the requirements of Fed. R. Civ. P. 23(a) and fall within at least one of the categories identified in Rule 23(b)." *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008). Rule 23(a) sets forth the prerequisites for class certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy for maintaining a class. *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). As will be demonstrated below, the proposed Class meets the requirements of Rule 23(a) and 23(b)(3), and should therefore be certified.

## ARGUMENT

## I.     REQUIREMENTS OF RULE 23(A) ARE SATISFIED

### A.     Common Questions Exist Because "Lite" was on All Products

Rule 23(a)(2) requires Plaintiff to "show that there is at least one question of law or fact common to the class to satisfy the commonality requirement." *Arenson v. Whitehall Convalescent and Nursing Home, Inc.*, 164 F.R.D. 659, 663 (N.D. Ill. 1996).

Here, commonality is satisfied because whether Defendant's description of its iced tea lemonade, known as an "Arnold Palmer," as "Lite" was misleading and contrary to the ICFA is a class grievance derived from a "common nucleus of operative fact[s]." *Rosario v. Livaditis*, 963 F.2d 1013, 1017-1018 (7th Cir. 1992).

Further, it is not necessary for Plaintiff to prove that every class member was motivated to purchase the Product based on Defendant's "Lite" misrepresentation because "a rule requiring

100% commonality would eviscerate consumer-fraud class actions." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 759-60 (7th Cir. 2014).

Rule 23(a) only requires "at least one issue whose resolution will affect all or a significant number of the putative class members." *Goldwater v. Alston & Bird*, 116 F.R.D. 342, 347 (S.D. Ill. 1987) (citing *Stewart v. Winter*, 669 F.2d 328, 335 (5th Cir. 1982)).

B.    Plaintiff's Claims are Typical to Those of Other Class Members

The typicality requirement is satisfied because "the claims or defenses of [Plaintiff] are typical of the claims or defenses of the class." *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (quoting Fed. R. Civ. P. 23(a)(3)). Furthermore, "[t]ypical does not mean identical and the typicality requirement is liberally construed." *In re Neopharm, Inc. Sec. Litig.*, 225 F.R.D. 563, 566 (N.D. Ill. 2004).

In addition, typicality "requires neither complete coextensivity nor even substantial identity of claims." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Allied Van Lines, Inc.*, 231 F.R.D. 280, 282 (N.D. Ill. 2005). Therefore, "individual claims may feature some factual variations as long as they 'have the same essential characteristics.'" *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1026 (7th Cir. 2018); *De La Fuente*, 713 F.2d at 232; *Smith v. Nike Retail Services, Inc.*, 234 F.R.D. 648, 660 (N.D. Ill. 2006).

Plaintiff's claims are typical of all other class members' claims because all Products were labeled "Lite." Even if there are minor differences in the specific purchase experience of Plaintiff and class members, these would not defeat typicality.

Typicality is met as Plaintiff and the proposed class assert exactly the same consumer fraud claim which arises from the same course of conduct, the statement "Lite" on every form of its iced tea lemonade, known as an "Arnold Palmer," represented as lite. This led to Plaintiff's and each

3

class member's purchase and subsequent economic injury.

As Plaintiff stated in his deposition, "[t]hat [the Product] says lite [] gives false hope [. . .] that it's a healthier product." Exhibit A, Deposition Transcript of Plaintiff ("Crawford Tr."), 74:17-18. Because the Product said "Arnold Palmer Lite, [that] gave [him] the idea that it was [. . .] a healthier alternative" to other beverages, such as soda. Crawford Tr., 77:14-16.

C.    <u>Plaintiff and Plaintiff's Counsel Will Adequately Represent the Class Members</u>

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." *See also Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). This is satisfied because Plaintiff and class members have a common interest in establishing Defendant's claim of "Lite" is deceptive and that they were similarly injured by paying more than they otherwise would have.

Plaintiff has retained counsel highly experienced in class-action litigation to prosecute his claims and those of the class, committed to this litigation. Exhibit B, Resume of Plaintiff's Counsel.

Plaintiff and Plaintiff's Counsel have no interest antagonistic to the vigorous pursuit of the class's claims against Defendant, as each class member's claims arise under the same legal theories, each was harmed in the same way, and each seeks the same recovery.

As Plaintiff has previously stated, he seeks to be the class representative to "testify [. . . his] stance on the label being false or giving false hope." Crawford Tr., 101:8-10. Furthermore, Plaintiff does not put himself above anyone else and does not "want anything from this case more than everybody else from the class gets." Crawford Tr., 105:15-18.

D.    <u>The Proposed Class is Sufficiently Numerous</u>

Rule 23(a)(1) requires the class to be so numerous that joinder of individual class members

4

is impracticable. A plaintiff need not show the precise number of class members, and as few as 40 members render joinder impracticable. *See Orr v. Shicker*, 953 F.3d 490, 498 (7th Cir. 2020).

It is not disputed that ABU sold thousands of units during the class period through third-parties including grocery stores, dollar stores, warehouse club stores, drug stores, convenience stores, big box stores and online retailers in Illinois.

## II.    REQUIREMENTS OF RULE 23(B)(3) ARE SATISFIED

### A.    Common Questions Predominate

The "predominance criterion" of Rule 23(b) is "even more demanding than Rule 23(a)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013). Pursuant to Rule 23(b)(3), "the questions of law or fact common to class members [must] predominate over any questions affecting only individual members."

However, "[n]either Rule 23 nor any gloss that decided cases have added to it requires that *every* question be common [because] [i]t is routine in class actions to have a final phase in which individualized proof must be submitted." *Suchanek*, 764 F.3d at 756 (emphasis in original).

Furthermore, "[t]he Supreme Court has explained that 'for purposes of Rule 23(a)(2) even a single common question will do.'" *Suchanek*, 764 F.3d at 755 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011)).

For common questions to predominate and satisfy the Rule 23(b) requirement, "each class member must share common questions of law or fact with the rest of the class, therefore making class-wide adjudication of the common questions efficient compared to the repetitive individual litigation of the same question." *Lemon v. Int'l Union of Operating Eng'rs*, 216 F.3d 577, 581 (7th Cir. 2000).

As such, "where a defendant is alleged to have acted wrongfully in the same basic manner

5

towards an entire class," predominance is satisfied. *Randolph v. Crown Asset Mgmt., LLC*, 254 F.R.D. 513, 520 (N.D. Ill. 2008) (citing *P.J.'s Concrete Pumping Serv., Inc. v. Nextel W. Corp.*, 345 Ill. App. 3d 992, 1003 (2004)). Further, "[t]he fact that the plaintiff[] might require individualized relief or not share all questions in common does not preclude certification of a class" *Bell v. PNC Bank Nat'l Ass'n*, 800 F.3d 360, 379 (7th Cir. 2015).

While a plaintiff must establish that "questions of law or fact common to class members predominate over any questions affecting only individual members," the rule "does not require a plaintiff seeking class certification to prove that each 'elemen[t] of [his] claim [is] susceptible to classwide proof.'" *Amgen Inc. v. Conn. Ret. Plans & Trust Fund*, 568 U.S. 455, 459, 467-68 (2013). In part for this reason, "predominance is a test readily met in certain cases alleging consumer [] fraud." *Amchem Prod., Inc. v. Windsor,* 521 U.S. 591, 625 (1997).

Common questions predominate because "a class-wide proceeding [will] generate common *answers* apt to drive the resolution of the litigation" about whether "Lite" was deceptive and whether reasonable consumers were misled. *See Wal-Mart*, 564 U.S. at 350 (emphasis in original).

If each class member were to pursue his or her claim individually, the evidence to support those individual claims would be identical. No individualized issues will defeat predominance because all members of the Class need not have been exposed to each and every representation. No such inquiry is warranted here, as ABU communicated the same statement, "Lite," to all class members, at all times, on the Product.

The "single, central, common issue of liability [is] whether ['Lite' was deceptive and misleading]." *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013). Plaintiff will show that describing the Product as "Lite" is material to the "reasonable consumer," even though

"[a] plaintiff is not required [] 'to prove materiality at the class certification stage.'" *Ploss as Tr. for Harry Ploss Tr. DTD 8/16/1993 v. Kraft Foods Grp., Inc.*, 431 F. Supp. 3d 1003, 1013 (N.D. Ill. 2020) (citing *Amgen*, 568 U.S. at 468).

This also means that Plaintiff "need not, at that threshold, prove that the predominating question will be answered in [his] favor." *Ploss*, 431 F. Supp. 3d at 1013. Furthermore, "[b]ecause materiality is judged according to an objective standard, the materiality of [Defendant's] alleged misrepresentations and omissions is a question common to all members of the class [Plainitff] would represent." *Amgen*, 568 U.S. at 459.

The annexed Expert Report concluded that "over 70% of consumers overall and past purchasers of Arizona products would rather purchase lite iced tea lemonade that is low calorie and low sugar compared to a product that contains 80 calories and 18 grams of added sugar." Exhibit C, Declaration of Andrea Lynn Matthews ("Matthews Decl."), ¶ 177.

B.    <u>Damages Can Be Established</u>

"[P]rice-premium damages calculations based on conjoint analysis designed to isolate the portion of the payment attributable to a misrepresented product feature have been accepted by several courts" in this Circuit. *Benson v. Newell Brands, Inc.*, No. 19-cv-6836, 2021 WL 5321510, at *5 (N.D. Ill. Nov. 16, 2021).

Furthermore, "[a] damages calculation that reflects the difference between the market price of the product as represented and as delivered is neither novel nor problematic from a class certification perspective." *In re Fluidmaster, Inc., Water Connector Components Prods. Liab. Litig.*, No. 14-cv-5696, 2017 WL 1196990, at *57 (N.D. Ill. Mar. 31, 2017).

Though Defendant may argue that "[q]uestions of individual damage calculations will inevitably overwhelm questions common to the class," Plaintiff has described how "to measure

the amount that consumers would be willing to pay for lite iced tea lemonade that they believed to

contain different amounts of calories and added sugar." *Comcast*, 569 U.S. at 34; Matthews Decl.

at ¶¶ 179-203.

 Nevertheless, "the fact that damages may be individualized in this case would not preclude

certification." *Chicago Tchrs. Union, Loc. No. 1 v. Bd. of Educ. of City of Chicago*, 797 F.3d 426,

444 (7th Cir. 2015) (citing *Butler*, 727 F.3d at 801).

 The measure of each class member's damages is the amount of "price premium" inherent

in the lite iced tea lemonade that class members purchased that corresponds to Defendant's "Lite"

marketing claim.

 Consumers are unable to individually negotiate the price they paid to purchase lite iced tea

lemonade from retailers. The price of lite iced tea lemonade is determined collectively in the

marketplace, and not by any one individual class member. Therefore, class members cannot

discount the amounts attributable to the "Lite" claim, and all consumers pay the same amount for

the attribute, regardless of how they value the attribute.

 Even though retail prices of lite iced tea lemonade varied during the course of the class

period, certification of a damages class is still appropriate because "[c]alculating a price premium

can be as simple as computing the difference between the cost of the second best product in the

product class (without a deceiving label) and the cost of the [P]roduct at issue (with the

[challenged] label)."*Mednick v. Precor, Inc.*, 320 F.R.D. 140, 156 (N.D. Ill. 2017)  citing

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 317 F.R.D. 374, 394 (S.D.N.Y.

2016)). As such, "[t]he Price Premium 'measures the extent to which all Class Members overpaid

because of the extent to which Defendant[] could inflate [its] market price due to the Challenged

Claims.'" *Benson*, 2021 WL 5321510, at *4.

8

Plaintiff's Expert Report identified "conjoint analysis" and "hedonic pricing" as tools capable of measuring the value of the "Lite" marketing attribute as a part of the total retail price of the Product. Matthews Decl. at ¶¶ 179-203.

Common sense, confirmed by the Expert Report, shows that "about half of the target market for Defendant's Product believes that the product contains fewer than 80 calories, and that 70% or more of the target marketing for Defendant's Product believes that the product contains less than 18 grams of added sugar." Matthews Decl. at ¶ 174.

Demonstrating the existence of a viable damages model that makes use of common, class-wide evidence is all that is required, because "[w]hether the damages model is accurate [. . .] is a question that will be determined by a finder of fact." *Eike v. Allergan, Inc.*, No. 12-cv-1141, 2016 WL 4272127, at *6 (S.D. Ill. Aug. 15, 2016), *vacated and remanded,* 850 F.3d 315 (7th Cir. 2017).[2]

These techniques do not require any individual inquiry and can produce class-wide results using common evidence. Indeed, regression analysis has been found sufficient to satisfy Rule 23(b)(3) and *Comcast* in other cases involving false and deceptive claims. *See Brazil v. Dole Packaged Foods, LLC*, No. 12-cv-1831, 2014 WL 2466559, at *17 (N.D. Cal. May 30, 2014) (finding that the "Regression Model isolates the effect of the alleged misrepresentation by controlling for all other factors that may affect the price" and thus satisfies *Comcast*); *Werdebaugh v. Blue Diamond Growers*, No. 12-cv-2724, 2014 WL 2191901, at *26 (N.D. Cal. May 23, 2014) (finding that a regression model is "sufficient under *Comcast*" because it is a "means of showing damages on a classwide basis," even if it may be subject to attack at trial).

---

[2] *Eike v. Allergan, Inc.* was vacated and remanded because class members had no standing to sue, given the lack of an actionable injury.

9

A regression model satisfies *Comcast* because "[it] ensures that factors like brand loyalty and product quality remain constant. It also controls for variables such as [Defendant]'s advertising expenditures, the prices of competing and complementary products, the disposable income of consumers, and population." *Brazil*, 2014 WL 2466559, at *17.

Plaintiff's retained expert can rely on sales and pricing figures in possession of ABU to capably demonstrate damages and restitution. Plaintiff seeks to recover the price overpaid for nonexistent product attributes, that the lite iced tea lemonade contained less sugar and fewer calories.

The aggregate damages may be distributed to individual class members in a post-judgment claims process using a notice and claim process designed to reach the majority of class members.

2.    **Class Treatment is Superior and Manageable**

Rule 23(b)(3) also considers whether "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The four factors considered are: "(a) the class members' interests in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already begun by or against class members; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the likely difficulties in managing a class action." *Id.*

A class action is the superior method to fairly and efficiently adjudicate a controversy, as it will "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521 U.S. at 617. Here, Rule 23(b)(3) "superiority" considerations weigh heavily in favor of class certification.

First, class members would have no interest in pursuing individual actions. In fact, few

10

class members would have any reason to know that Defendant's "Lite" representation is false or deceptive. Matthews Decl. at ¶ 174.

Indeed, it would be neither economically feasible, nor judicially efficient, for thousands of class members to pursue their claims on an individual basis because the monetary recovery for the majority is relatively small. This fact, coupled with the cost of litigation, makes vindication of class members' rights extremely difficult, if not impossible. Allowing consumers to proceed as a class affords them their only likely chance of recovery.

Finally, this case is manageable as a class action because liability will be established through common evidence that "Lite" was misleading, and damages can be calculated without the need for individualized inquiries to determine class members' entitlement to relief or the amount of that relief. *See Mullins v. Direct Digital, LLC*, 795 F.3d 654 (7th Cir. 2015) (limiting ascertainability to its traditional scope).

As the Supreme Court explained in drafting Rule 23, "the Advisory Committee had dominantly in mind vindication of 'the rights of groups of people who individually would be without effective strength to bring their opponents into court at all.'" *Amchem*, 521 U.S. at 617.

## III. REQUIREMENTS OF RULE 23(C)(4) ARE SATISFIED

Although Plaintiff has met the requirements for class certification of the class under Rules 23(a) and (b), the Seventh Circuit has encouraged district courts to employ Rule 23(c)(4) to identify "common issue[s] that [are] central to each class member's claim[s] [to] be certified and resolved in a class-wide proceeding." *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 875-76 (7th Cir. 2015).

Here, certification is warranted pursuant to Fed. R. Civ. P. 23(c)(4) "with respect to particular issues," such as Defendant's allegedly deceptive conduct, which caused consumers to

"expect[] [the Product] was low in sugar and calories, and lower in sugar and calories than comparable beverages." Compl. ¶ 75.

The Seventh Circuit recognizes that "[i]t is not hard to frame liability issues suited to class-wide resolution," such as "whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages" under the ICFA. *In re IKO Roofing Shingle Prods. Liab. Litig.*, 757 F.3d 599, 603 (7th Cir. 2014) (referencing Fed. R. Civ. P. 23(c) and citing *Butler*, 727 F.3d at 800 and *Pella Corp. v. Saltzman*, 606 F.3d 391, 393-94 (7th Cir.2010)); Compl. ¶ 85.

A.     Rule 23(c) Authorizes Certification if Other Aspects are Not Satisfied

Should the requirements under Rule 23(b) "be satisfied as to some of [Plaintiff's] claims but not others," Rule 23(c) allows the Court to certify classes "with respect to particular issues" because "class certification is not an all-or-nothing proposition." *Simpson v. Dart*, 23 F.4th 706, 713 (7th Cir. 2022) (citing Fed. R. Civ. P. 23(c)(4)).

Though Plaintiff's expectation of less sugar and fewer calories was typical and weighs in favor of class resolution, even if "[he] might require individualized relief or not share all questions in common does not preclude certification." *Bell*, 800 F.3d at 379.

By certifying the class under Rule 23(c)(4), "[c]lass members would receive the benefit of a declaratory judgment (if the class prevails) on the issue [of whether the labeling was misleading] but would need to proceed in individual suits to seek damages." *Bennett v. Dart*, 53 F.4th 419, 420 (7th Cir. 2022).

B.     Rule 23(c) Allows Certification Where Damages are Uncertain

That "separate proceedings of some character [could] be required to determine the entitlements of the individual class members to relief" was the reason for Rule 23(c)(4). *Carnegie*

12

*v. Household Int'l*, 376 F.3d 656, 661 (7th Cir. 2004) (citing Fed. R. Civ. P. 23(c)(4)).

Since "there are [] issues identical across all the claimants," "because all were subjected to the same unfair and deceptive representations" with respect to the sugar and calorie content, "it makes good sense, especially [because] the class is large, to resolve those issues in one fell swoop while leaving the remaining, claimant-specific issues to individual follow-on proceedings." *McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 672 F.3d 482, 491 (7th Cir. 2012) (endorsing "issue classes" under Rule 23(c)(4) even if this would necessitate "hundreds of separate trials . . . to determine which class members were actually adversely affected by one or both of the practices and if so what loss [was] sustained");

Should the Court "determin[e] liability on a class-wide basis," "separate hearings to determine" damages for class members under "Rule 23(c)(4) [] will often be the sensible way to proceed." *Butler*, 727 F.3d at 801.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion for Class Certification.

Dated:        June 13, 2023

Respectfully submitted,

/s/Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 409
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com

13

**Certificate of Service**

I certify that on June 13, 2023, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☐ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☒ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan