# EXHIBIT A

Page 1

1  UNITED STATES DISTRICT COURT
2  SOUTHERN DISTRICT OF ILLINOIS
3  EAST ST. LOUIS DIVISION
4  KENNETH CRAWFORD, individually
5  and on behalf of all others similarly
6  situated,
7          Plaintiff,
8
9  VS.              Cause No.  3:22-cv-00220-DWD
10
11 ARIZONA BEVERAGES USA, LLC
12         Defendant.
13 _____
14         VIDEOTAPE DEPOSITION OF
15            KENNETH CRAWFORD
16
17          February 13, 2023
18             10:00 a.m.
19
20             Taken at:
21        Gausnell, O'Keefe & Thomas
22            1717 Park Avenue
23           St. Louis, Missouri
24 Nancy Prange, CCR, CSR

Page 2

```
 1              UNITED STATES DISTRICT COURT
 2              SOUTHERN DISTRICT OF ILLINOIS
 3                 EAST ST. LOUIS DIVISION
 4
 5    KENNETH CRAWFORD, individually
 6    and on behalf of all others similarly
 7    situated,
 8
 9              Plaintiff,
10
11    VS.                    Cause No.  3:22-cv-00220-DWD
12
13    ARIZONA BEVERAGES USA, LLC
14
15              Defendant.
16
17        Videotape Deposition of KENNETH CRAWFORD,
18    taken on behalf of the Defendant, at the offices of
19    Gausnell, O'Keefe & Thomas, LLC, 1717 Park Avenue,
20    in the City of St. Louis, State of Missouri, on the
21    13th day of February, 2023, before Nancy Prange, CCR
22    MO #778, CSR IL #084-004426, and Notary Public.
23
24
```

                                                            Page 3

 1      APPEARANCES OF COUNSEL:
 2
 3       FOR THE PLAINTIFF:
 4          Mr. Spencer Sheehan
 5          Sheehan & Associates, PC
 6          60 Cuttermill Road, Suite 409
 7          Great Neck, NY  11021-3104
 8          (516) 268-7080
 9          Spencer@spencersheehan.com
10
11      FOR THE DEFENDANT:
12          Mr. Robert P. Donovan
13          Stevens & Lee
14          669 River Drive, Suite 201
15          Elmwood Park, NJ  07407
16          (201) 857-6778
17          robert.donovan@stevenslee.com
18
19       THE VIDEOGRAPHER:
20          Mr. Timothy Perry
21          Veritext Legal Solutions
22          701 Market Street, Suite 310
23          St. Louis, MO  63101
24          (314) 241-6750

```
                                                           Page 4
 1                              INDEX
 2                                                          PAGE
 3    Examination by Mr. Donovan                              6
 4    Examination by Mr. Sheehan                            112
 5
 6                            EXHIBITS
 7
 8    Ex. P-1 Bankruptcy Petition                            36
 9    Ex. P-2  Attorney Retainer Agreement                   45
10    Ex. P-3 Responses and Objections to Requests
11            For Admissions                                 54
12    Ex. P-4 Answers to Interrogatories                     58
13    Ex. P-5  Arnold Palmer 32 oz. Lite Can                 67
14    Ex. P-6 Decision by Court                              69
15    Ex. P-7 Arnold Palmer not labeled Lite                 79
16    Ex. P-8 Arnold Palmer 20 oz. (Golf Ball)
17            Lite Bottle                                    83
18    Ex. P-9 Arnold Palmer Gallon Jug                       88
19    Ex. P-10 The Complaint                                 91
20    Ex. P-11 Photo of Arnold Palmer 20 oz.
21            Lite Label                                     93
22    Ex. P-12 Arnold Palmer 20 oz. Lite Bottle              98
23
24
```

Page 5

1       THE VIDEOGRAPHER:  Good morning.  We are on
2    the record at 10:11 on February 13, 2023.  This
3    is media unit one of the Video Recorded
4    Deposition of Kenneth Crawford being taken by
5    counsel for defendants in the matter of Kenneth
6    Crawford versus Arizona Beverages USA, LLC,
7    pending in the cause -- I'm sorry, pending in
8    the United States District Court, Southern
9    District of Illinois, East St. Louis Division,
10   Case Number 3:22-cv-00220.  This deposition is
11   being held at Gausnell, O'Keefe & Thomas
12   located at 1717 Park Avenue in St. Louis,
13   Missouri.  And my name is Tim Perry, Certified
14   Legal Video Specialist, our court reporter is
15   Nancy Prange, we're with Veritext Legal
16   Solutions.  Counsel, will you identify
17   yourselves for the record, please?
18       MR. SHEEHAN:  For the Plaintiff, Spencer
19   Sheehan.
20       MR. DONOVAN:  For the Defendant Robert
21   Donovan.
22       THE VIDEOGRAPHER:  Thank you, both.  Nancy,
23   please swear in the witness.
24                KENNETH CRAWFORD,

1  of lawful age, having been first duly sworn to
2  testify the truth, the whole truth, and nothing but
3  the truth in the case aforesaid, deposes and says in
4  reply to oral interrogatories propounded as follows,
5  to-wit:
6                      EXAMINATION
7   QUESTIONS BY MR. DONOVAN:
8       Q    (By Mr. Donovan) Good morning,
9  Mr. Crawford.
10      A    Good morning.
11      Q    My name is Bob Donovan.  I'm an attorney for
12  the Defendant in this case, and your deposition is
13  proceeding that we're going to be addressing today
14  and I want to give you some basic instructions before
15  we start the questions.  Okay?
16      A    Okay.
17      Q    First of all, is there anything, are you
18  under any medication that would inhibit your ability
19  to answer any questions?
20      A    No.
21      Q    So here are some just basic ground rules.
22  Even though we're in a law office, your testimony
23  would have the same and will have the same
24  evidentiary value as if you were in a court.  So it's

Page 74

1    Q    Were you ever with anybody when you purchased
2    the Arnold Palmer product?
3    A    I don't recall.
4    Q    Do you know if anybody ever witnessed you
5    purchase the Arnold Palmer product that you know by
6    name?
7    A    No. I mean, I don't know the store clerk by
8    name.
9    Q    Other than the store clerk?
10   A    No.
11   Q    Now, you mentioned earlier before we broke
12   for lunch that you thought the Arnold Palmer label
13   was false.  Do you remember that testimony?
14   A    Yes.  Well, misleading, yeah.
15   Q    Misleading.  What did you find misleading
16   about the product?
17   A    That it says lite which gives false hope
18   that it has -- that it's a healthier product.
19   Q    Any other reason why the label is misleading?
20   A    No.  Just pretty much being that it's lite.
21   Q    And when did you first notice the lite label?
22   A    So actually I've always noticed it.
23   Q    So from the very first time?
24   A    Yes.  No.  Correction. Probably the second

```
                                                      Page 77
 1    drinking soda.  I was, you know, tea, lemonade,
 2    water.
 3        Q   So you're looking at the product, when you
 4    resumed purchasing the product you knew it was
 5    labeled lite and you saw it as a healthier
 6    alternative to soda, is that correct?
 7        A   That is correct.
 8        Q   Any other reason why you resumed?
 9        A   Well, also because even while drinking tea
10    and lemonade I was trying to, you know, drinking
11    healthier options on it.  So tea without -- so
12    rather than getting sweet tea I would opt to get the
13    unsweet tea and maybe add lemon to it -- or not
14    maybe but definitely add lemon to it.  So the Arnold
15    Palmer Lite, you know, gave me the idea that it was,
16    you know, a healthier alternative.
17        Q   Healthier in what way?
18        A   That it wouldn't have as many calories.
19        Q   Healthier in any other way other than
20    calories?
21        A   No.  I wasn't looking for any kind of
22    miracle medicine from it.
23        Q   Now, you mentioned earlier in the deposition
24    when I showed you P-5 you said that the Arnold Palmer
```

Page 101

1   understand this is a proposed class action, you know
2   that, right?
3       A    That is correct.
4       Q    And do you understand that you have some
5   duties as a class representative?
6       A    Sure.
7       Q    What are they?
8       A    To -- oh, man.  Pretty much to just testify,
9   you know, my stance on the label being false or
10  giving false hope.
11      Q    Do you think you have an obligation to be
12  aware of the proceedings in the case?
13      A    Can you explain that little more?
14      Q    The decisions that courts makes.
15      A    After -- I mean.  I'm sorry.  I'm trying
16  to --
17      Q    I'll withdraw the question.
18           Other than testifying is there anything
19  else you can think of that you have a duty to tend
20  to as class representative?
21      A    Not necessarily.
22           MR. DONOVAN:  I have nothing further, sir.
23      Thank you very much for your time.  And again I
24        thank you for agreeing to appear in person.

1   are different, December of 2021 and February of
2   2020, can both of those things be true or --
3           MR. DONOVAN:  Objection.  Form.
4       A   Yes.  They are true.
5       Q   (By Mr. Sheehan) Okay.  Is it possible that
6   this February 2020 was a typographical error because
7   this complaint was filed in February of 2022?
8           MR. DONOVAN:  Objection to form.
9       A   Yes.
10      Q   (By Mr. Sheehan) Okay.  Is one of your
11  goals in this case to try to prevent misleading
12  labeling?
13      A   Yes.
14          MR. DONOVAN:  Objection to form.
15      Q   (By Mr. Sheehan) Do you want anything from
16  this case more than everybody else from the class
17  gets?
18      A   No.
19      Q   Okay.  Do you believe you have the honesty to
20  represent other purchasers of this product?
21      A   I'm sorry.  Can you repeat that?
22      Q   Do you believe you have the honesty and
23  integrity to represent other purchasers?
24      A   Yes.

```
 1    State of Illinois
 2                        SS.
 3    County of Macoupin
 4         I, Nancy Prange, a Notary Public in and for
 5    the State of Illinois, duly commissioned, qualified
 6    and authorized to administer oaths and to certify to
 7    depositions, do hereby certify that pursuant to
 8    Notice in the civil cause now pending and
 9    undetermined In The United States District Court,
10    Southern District of Illinois, East St. Louis
11    Division, to be used in the trial of said cause in
12    said court, I was attended at the offices of
13    Gausnell, O'Keefe & Thomas, LLC, 1717 Park Avenue,
14    in the City of St. Louis, State of Missouri, by the
15    aforesaid attorneys; on the 13th day of February,
16    2023.
17         The said witness, being of sound mind and
18    being by me first carefully examined and duly
19    cautioned and sworn to testify the truth, the whole
20    truth, and nothing but the truth in the case
21    aforesaid, thereupon testified as is shown in the
22    foregoing transcript, said testimony being by me
23    reported in shorthand and caused to be transcribed
24    into typewriting, and that the foregoing pages
```

1  correctly set forth the testimony of the
2  aforementioned witness, together with the questions
3  propounded by counsel and remarks and objections of
4  counsel thereto, and is in all respects a full,
5  true, correct and complete transcript of the
6  questions propounded to and the answers given by
7  said witness; that signature of the deponent was not
8  waived by agreement of counsel.
9       I further certify that I am not of counsel or
10 attorney for either of the parties to said suit, not
11 related to nor interested in any of the parties or
12 their attorneys.
13      Witness my hand and notarial seal at New
14 Douglas, Illinois, this 27th day of February, 2023.
15  My Commission expires May 11, 2024.
16      *[signature: Nancy Meyerkorp Brarge]*
17      ---------------------------------------
18            Notary Public in and for the
19                  State of Illinois
20
21
22
23
24

VERITEXT LEGAL SOLUTIONS
COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.