UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

EAST ST. LOUIS DIVISION

| | |
|---|---|
| Kenneth Crawford, individually and on behalf of all others similarly situated, | 3:22-cv-220-DWD |
| Plaintiff, | |
| - against - | |
| Arizona Beverages USA LLC, | |
| Defendant | |

Plaintiff's Memorandum of Law in Opposition to
Defendant's Motion for Summary Judgment

# TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................................... ii

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ..................................................................................................................... 1

FACTUAL BACKGROUND .................................................................................................... 1

LEGAL STANDARDS ............................................................................................................. 2

ARGUMENT ............................................................................................................................. 2

I.     SUMMARY JUDGMENT IS NOT WARRANTED ON THE ICFA CLAIM ................. 2

     A.    Plaintiff Has Seen and Purchased the Product with the Misleading Label ........................................................................................................................ 3

     B.    Plaintiff's Awareness of Calories and Sugar Content Lack Relevance to Relative Claim of "Lite" ....................................................................................... 6

     C.    Plaintiff's Opinion Testimony as a Lay Witness Irrelevant as to Legal Issue ........................................................................................................................ 8

II.    SUMMARY JUDGMENT IS NOT WARRANTED ON THE UNJUST ENRICHMENT CLAIM ..................................................................................................... 9

III.   SUMMARY JUDGMENT IS UNECESSARY ON THE MULTI-STATE CLAIMS ............................................................................................................................. 9

CONCLUSION .......................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Abdullahi v. City of Madison*,
   423 F.3d 763 (7th Cir. 2005) ............................................................................................... 2

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................................. 2

*Bob-Maunuel v. Chipotle Mexican Grill, Inc.*,
   10 F. Supp. 3d 854 (N.D. Ill. 2014) ..................................................................................... 3

*Crawford v. AriZona Beverages USA LLC*,
   No. 22-cv-220, 2023 WL 1100260 (S.D. Ill. Jan. 30, 2023) ................................................ 2

*First Nat. Bank of Ariz. v. Cities Serv. Co.*,
   391 U.S. 253 (1968) ............................................................................................................. 2

*Metro. Cas. Ins. Co. v. Donnelly*,
   158 F. Supp. 3d 734 (S.D. Ill. 2016) .................................................................................... 2

*Oliveira v. Amoco Oil Co.*,
   201 Ill.2d 134, 776 N.E.2d 151 (2002) ................................................................................ 8

*Parker v. Brooks Life Sci., Inc.*,
   39 F.4th 931 (7th Cir. 2022) ................................................................................................. 2

*Reid v. Neighborhood Assistance Corp. of Am.*,
   749 F.3d 581 (7th Cir. 2014) ............................................................................................... 2

*Smith on Behalf of Smith v. Severn*,
   129 F.3d 419 (7th Cir. 1997) ............................................................................................... 3

*U.S. v. Noel*,
   581 F.3d 490 (7th Cir. 2009) ............................................................................................... 8

*U.S. v. Van Eyl*,
   468 F.3d 428 (7th Cir. 2006) ............................................................................................... 9

**Statutes**

815 ILCS 505/1 ............................................................................................................................ 1

815 ILCS 505/10a(a) .................................................................................................................... 9

**Regulations**

21 C.F.R. § 101.56 ....................................................................................................................... 7

21 C.F.R. § 101.60(b)(4) ............................................................................................................ 7

**Rules**

Fed. R. Civ. P. 56(a) .................................................................................................................. 2

Fed. R. Evid. 701 ...................................................................................................................... 9

Fed. R. Evid. 704(a) ................................................................................................................ 10


21 C.F.R. § 101.60(b)(4) ............................................................................................................ 7

**Rules**

Fed. R. Civ. P. 56(a) .................................................................................................................. 2

Fed. R. Evid. 701 ...................................................................................................................... 9

Fed. R. Evid. 704(a) ................................................................................................................ 10

# INTRODUCTION

Plaintiff Kenneth Crawford ("Plaintiff") submits this Memorandum of Law in Opposition to the Motion by Arizona Beverages USA LLC ("Defendant") for Summary Judgment. ECF No. 33, Defendant's Motion for Summary Judgment and Memorandum of Law in Support ("Def. Mem.").

Defendant relies on a selective reading of Plaintiff's deposition testimony and the challenged claims to assert its right to summary judgment. Def. Mem. at 1-2. For multiple reasons, its Motion should be denied.

# FACTUAL BACKGROUND

Defendant sells a combination of iced tea and lemonade, known as an "Arnold Palmer," represented as "Lite," under the Arizona brand (the "Product"). Complaint ("Compl.") ¶ 1.[1]

Plaintiff filed this action on February 6, 2022, asserting statutory and common law claims, on behalf of Illinois, Alabama, Arkansas, Georgia, Indiana, Iowa, Louisiana, Michigan, Montana, Nebraska, Ohio, Oklahoma, Texas, Virginia, and West Virginia consumers who were misled by Defendant's "Lite" representations. Compl. ¶ 84.[2]

On April 29, 2022, Defendant filed a Motion to Dismiss all of Plaintiff's claims, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF No. 14.

On January 30, 2023, the Court permitted Plaintiff's claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* ("ICFA"), and unjust enrichment to proceed because it "c[ould] not say that as a matter of law that significant portion

---

[1] Plaintiff withdrawals all claims in regards to any label statement other than "Lite."
[2] In his Motion for Class Certification, Plaintiff chose to waive multi-state claims arising under the state consumer fraud acts of Alabama, Arkansas, Georgia, Indiana, Iowa, Louisiana, Michigan, Montana, Nebraska, Ohio, Oklahoma, Texas, Virginia, and West Virginia. ECF No. 32, at 1.

of reasonable consumers are not deceived by the 'Lite' claim made by Defendant." *Crawford v. AriZona Beverages USA LLC*, No. 22-cv-220, 2023 WL 1100260, at *9 (S.D. Ill. Jan. 30, 2023).

Discovery and Plaintiff's Motion for Class Certification followed, with Defendant's Opposition due on November 14, 2023. ECF No. 35.

## LEGAL STANDARDS

A court should only grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).

This standard requires a court "to view the facts and draw reasonable inferences in the light most favorable to the non-moving party." *Parker v. Brooks Life Sci., Inc.*, 39 F.4th 931, 936 (7th Cir. 2022).

On summary judgment, a "court may not assess the credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence." *Reid v. Neighborhood Assistance Corp. of Am.*, 749 F.3d 581, 586 (7th Cir. 2014) (quoting *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005)).

## ARGUMENT

### I. SUMMARY JUDGMENT IS NOT WARRANTED ON THE ICFA CLAIM

To obtain summary judgment, "the admissible evidence considered as a whole [must] show[] there is no genuine issue as to any material fact and the movant is entitled judgment as a matter of law." *Metro. Cas. Ins. Co. v. Donnelly*, 158 F. Supp. 3d 734, 736 (S.D. Ill. 2016). Therefore, Plaintiff "must[, and will,] make a showing sufficient to establish any essential element

of [his] cause of action for which [he] will bear the burden of persuasion at trial." *Bob-Maunuel v. Chipotle Mexican Grill, Inc.*, 10 F. Supp. 3d 854, 873 (N.D. Ill. 2014) (quoting *Smith on Behalf of Smith v. Severn*, 129 F.3d 419, 425 (7th Cir. 1997)).

    A.    <u>Plaintiff Has Seen and Purchased the Product with the Misleading Label</u>

Defendant's contention, that "Plaintiff's failure to know whether he purchased the 20-Ounce Product, that has the label statements claimed to be misleading, is fatal to his ICFA claim," is refuted by testimony. Def. Mem. at 10, 13.

Plaintiff stated numerous times that any "uncertainty" lies with exactly how many ounces the bottle he purchased contained, not with the label itself. When presented with the 20 ounce-bottle's label, and asked how many times he purchased "the product bearing the label on P-11," Plaintiff stated that he purchased it "[a]t least once a week […] [f]or a few years." Exhibit A, Deposition Transcript of Plaintiff ("Crawford Tr."), 94:11-15.

Though Defendant describes this as Plaintiff's failure to know what the challenged label statements were, this was only in context of the ounces listed on the label:

> Q    And are you saying that you purchased P-11, the 20 ounce -- it's 20 ounces, right?
>
> A    Yes.
>
> Q    Are you saying you purchased the 20 ounce once a week or you purchased the can once a week?
>
> A    So I purchased the can at least once a week.
>
> Q    So that's 20 ounces on P-11, right?
>
> A    Yes.
>
> **Q    Did you ever purchase a product bearing that label?**
>
> **A    When you break it down to the ounces I cannot confirm that.**

3

> **Q    So do you know?**
>
> **A    No.**

Crawford Tr., 97:7-20 (emphasis added).

Even while unsure about the exact number of ounces, Plaintiff denied and refuted Defendant's interpretation that his uncertainty meant he only purchased the gallon containers and 23-ounce cans:

> **Q    So is it fair to say the only products that you know for sure that you purchased were the gallon container, the P-9, and the 23 ounce P-5, is that fair to say?**
>
> **A    No. That's not fair to say.**
>
> Q    Okay. What other containers do you remember purchasing?
>
> **A    Again, there's a bottle that's labeled $1.00 that's just a little larger than this water bottle sitting in front of me.**
>
> Q    And you don't know whether or not it was 20 ounces?
>
> **A    I think water bottles are, what, something like 16? It probably was 20 ounces.**
>
> Q    Sorry?
>
> **A    It could have easily been a 20 ounce bottle.**
>
> Q    You don't know?
>
> A    No.

Crawford Tr., 97:21-24; 98:1-14 (emphasis added).

Furthermore, Plaintiff looked at the size of the water bottle in front of him at the deposition and determined that the Product he purchased "was probably" and "could have easily been a 20 ounce bottle," given that it was "just a little larger than [the 'something like 16' ounce] water bottle sitting in front of him." Crawford Tr., 98:4-12.

In addition, Plaintiff made it clear throughout his testimony that he is not certain about the

4

specific ounces of any of the Product's packaging:

> Q   When you say large version of the product, what do you mean?
>
> A   **It's a large can. I'm not sure of the ounces.**
>
> Q   It was a can?
>
> A   Large can, yes.
>
> Q   Not a bottle, a can?
>
> A   Correct.
>
> Q   **Can you approximate the ounces?**
>
> A   **That's what I was trying to remember. Is it 32 maybe? No. I can't recall.**
>
> Q   **You don't remember?**
>
> A   **Not off the top of my head, no.**

Crawford Tr., 60:5-17 (emphasis added).

> \*\*\*
>
> Q   Did you ever purchase the product, we're talking about the Arnold Palmer Lite now, in a container other than in a can?
>
> A   **I know it comes in bottle form, even large, I want to say like a gallon size.**

Crawford Tr., 60:22-24; 61:1-4 (emphasis added).

> \*\*\*
>
> Q   Other than the cans and the gallons, are there any other containers that you bought of the Lite product?
>
> A   Yes. Well, sometimes in the smaller bottle.
>
> Q   **Can you tell me what size the smaller bottle is?**
>
> A   **I am not sure.**

Crawford Tr., 62:7-13 (emphasis added).

5

Although uncertain about their volumes, given that the exact number of ounces was seemingly not a point of interest for him or something worth remembering, Plaintiff was clear throughout his deposition about his purchase history of the Product in cans, gallons, and smaller bottles. Hence, for Defendant to say Plaintiff "never saw" the label of the 20-ounce Product is a gross exaggeration and misconstruction of Plaintiff's testimony. Def. Mem. at 13.

Since the key deceptive statement of the misleading relative claim of "Lite" was present on all versions of the Product's packaging, it is false to state "Plaintiff could not have been misled by a label on the 20 Ounce Product that he never saw." Def. Mem. at 13.

### B. Plaintiff's Awareness of Calories and Sugar Content Lack Relevance to Relative Claim of "Lite"

Defendant's assertion that Plaintiff's purchase of the Product after becoming aware of its sugar and calorie content means he could not have been injured disregards he did so "because [he] thought it was a healthier alternative." Def. Mem. at 13, 16; Crawford Tr., 76:2-5; 86:1.

This testimony was consistent with the Complaint's allegations that "Lite" was "a relative statement, comparing one thing to another." Compl. ¶ 11. According to dictionary definitions, it refers to "a commercial product that is low in calories or low in any substance considered undesirable, as compared with a product of the same type." Compl ¶¶ 9-10 (citing definitions from Dictionary.com and Oxford Dictionary).

Based on identical federal and state requirements for this term, "'Lite' t[old] consumers that consumption of the Product, when compared to other foods in its class, will contribute substantially to the reduction of calories in their diets," which is what Plaintiff's testimony confirms. Compl. ¶¶ 29-30 citing 21 C.F.R. § 101.56 and 21 C.F.R. § 101.60(b)(4).

Plaintiff "knew that it was lite according to the label[,] so that's what made [him] go to

6

drinking them[,] thinking [he] was picking a healthier drink." Crawford Tr., 76:18-22; 88:6-7. His understanding of "a healthier alternative" and "healthier drink" meant he expected the Product "wouldn't have as many calories," "would not have as much sugar," and "would just be all around healthier." Crawford Tr., 77:18; 78:10-11.

To the extent Plaintiff was aware of the absolute number of calories and amount of sugar and continued to purchase the Product, he was not aware it was not "Lite," which is defined by the Collins Dictionary as "used to describe foods or drinks that contain few calories or low amounts of sugar," Dictionary.com and the Oxford Dictionary "as relating to low-fat or low-sugar versions of manufactured food or drink products." Compl ¶ 8-10.

Plaintiff understood "Lite" to mean the Product was "a healthier drink" compared to "regular tea or soda" and "was the healthier choice outside of water." Crawford Tr., 77:21-22: 81:22-24, 82:1; 84:20-21. This meant that he believed the Product "wouldn't have as many calories," "would not have as much sugar," and "would just be all around healthier." Crawford Tr., 77:18; 78:10-1; 88:8-13.

Finally, Plaintiff's testimony demonstrates that the relative claim of "lite" was the "predominant factor" motivating his purchases.

> Q  Now, with respect to the lite thirst, flavor, value, is there any one of those that was a determ[in]ative factor for the purchase?
>
> A  When I most recently was purchasing it was because of the lite label. It was because of taking health, you know, more serious.
>
> **Q  So the lite label took a predominant factor over the other ones that you have said?**
>
> A  Yes.
>
> Q  **And when did that happen, 2018, 2019?**

7

   **A**  **Approximately around that time all the way up until the last purchase.**

Crawford Tr., 88:2-13 (emphasis added).

  C.  <u>Plaintiff's Opinion Testimony as a Lay Witness Irrelevant as to Legal Issue</u>

Defendant's attempt to show the absence of any legal injury based on Plaintiff's testimony that the Product's "value was great," "one of the best, values" and a "fair price" disregards that a lay witnesses' testimony is "limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

Defendant's Counsel appeared to recognize this point, making an "Objection to form. No foundation. Expert opinion" objection when Plaintiff's Counsel asked Plaintiff whether "is it possible that maybe it cost more, you know, a small fraction because of, you know, what you described as not being misleading?" Crawford Tr., 63:16-21, 86:4-17, 86: 18-21, 106:16-20.

Plaintiff's Counsel responded that "That's fair" because "lay testimony offering a legal conclusion is inadmissible because it is not helpful to the jury, as required by Rule 701(b)." *U.S. v. Noel*, 581 F.3d 490, 496 (7th Cir. 2009).

Under the ICFA, "[a]ny person who suffers actual damage as a result of a violation of [the] Act" may bring a cause of action for consumer fraud" "in order to recover for his injury." *Oliveira v. Amoco Oil Co.*, 201 Ill.2d 134, 776 N.E.2d 151, 160 (2002) citing 815 ILCS 505/10a(a).

Plaintiff's responses to questions about how he "valued" the Product was a "legal conclusion" that "w[as] inherently unhelpful," because the Court will instruct the jury as to how

8

to determine economic injury pursuant to the ICFA. *U.S. v. Van Eyl*, 468 F.3d 428, 432-33 (7th Cir. 2006) citing Fed. R. Evid. 704(a).

## II. SUMMARY JUDGMENT IS NOT WARRANTED ON THE UNJUST ENRICHMENT CLAIM

Defendant claims that "Plaintiff cannot prove causation, deception or damages under ICFA, [and so] the unjust enrichment cause of action, which is entirely dependent upon the ICFA claim, necessarily fails." Def. Mem. at 19. However, because Plaintiff can prove each of those ICFA elements, there is an insufficient basis to dismiss the unjust enrichment claim.

## III. SUMMARY JUDGMENT IS UNECESSARY ON THE MULTI-STATE CLAIMS

Defendant believes it is entitled to summary judgment of the Multi-State claims. However, Plaintiff chose to waive all multi-state claims arising under the state consumer fraud acts of Alabama, Arkansas, Georgia, Indiana, Iowa, Louisiana, Michigan, Montana, Nebraska, Ohio, Oklahoma, Texas, Virginia, and West Virginia in his Motion for Class Certification. ECF No. 32, at 1. Therefore, it is no longer relevant for the Court to consider this issue.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion, and grant such other further relief as it deems just and proper.

Dated:     July 27, 2023

Respectfully submitted,

/s/Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 409
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com

**Certificate of Service**

I certify that on July 27, 2023, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☐ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☒ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan