UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH CRAWFORD,                  )
individually and on behalf of      )
all others similarly situated,     )
                                   )        Civil Action No. 3:22-cv-00220
            Plaintiff,             )
                                   )        Judge David W. Dugan
      vs.                          )
                                   )
ARIZONA BEVERAGES USA LLC,         )
                                   )
            Defendant.             )

DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT

STEVENS & LEE, P.C.
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone: (201) 857-6778
Robert P. Donovan, Esq. (Admitted *Pro Hac Vice*)
*Robert.donovan@stevenslee.com*

-and-

SAUL EWING ARNSTEIN & LEHR LLP
161 North Clark Street, Suite 4200
Chicago, Illinois 60514
Telephone: (312) 351-3292
Casey T. Grabenstein, Esq. (6289606)
*Casey.grabenstein@saul.com*

*Attorneys for Defendant,*
*Arizona Beverages USA LLC*

## Introduction

Defendant, Arizona Beverages USA LLC ("Defendant"), respectfully submits this reply brief, in further support of its motion for summary judgment, pursuant to Local Rule 7.1(c), which states that such replies are permitted only in exceptional circumstances. *See Bradley v. Hertz Corporation*, 3:15-CV-652-NJR-RJD, 2019 WL 3975177, at *2 (S.D. Ill., Aug. 22, 2019). Exceptional, if not extraordinary, circumstances exist here because: (1) Plaintiff attempts to change the scope of his claims drastically by a "withdrawal" and waiver, and by referring to purchases of products, in container sizes and in unidentified labels, other than the one label on the only container size claimed actionable; and (2) Plaintiff skews the record evidence and makes statements that have no evidentiary support. A reply brief is therefore necessary to address Plaintiff's procedural gamesmanship and the true evidentiary record.

## Statement in Reply

I. **Defendant is Entitled to Summary Judgment Due to the "Withdrawal" and "Waiver" of Claims.**

In his opposition, "Plaintiff withdrawals [sic] all claims in regards to any label statement other than 'Lite.'" (ECF. No. 36 at p. 1, fn. 1). Plaintiff also "waives" his "multi-state claims arising under state consumer fraud acts of Alabama, Arkansas, Georgia, Indiana, Iowa, Louisiana, Michigan, Montana, Nebraska, Ohio, Oklahoma, Texas, Virginia, and West Virginia." (*Id.* at p. 9). The time for voluntary dismissal has passed. In opposing a summary judgment motion, Plaintiff's burden is to come forward to "set forth specific facts showing that there is a genuine issue for trial." *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). Plaintiff fails to do so.

Plaintiff's "withdrawal" of claims concerning all label statements, except "Lite," effectively means that there is no opposition to summary judgment regarding claims about: (1) sugar content and calorie content; (2) the dual column nutrition statement; (3) the lack of an

identified reference food; and (4) the "American Company-Family Owned & Operated" statement, appearing on the one label of the only container size that is the subject of this action (i.e. the 20-ounce Arnold Palmer Lite Half Iced Tea & Half Lemonade product, referred to as "the 20-Ounce Product"). Those are the only four grounds upon which the entire claim of deception is based. (ECF No. 1 ¶¶ 15-51; ECF No. 26 at p. 2-3).

Because Plaintiff admits that he continued to buy other container sizes of the Arnold Palmer Lite Half Iced Tea & Half Lemonade product (referred to generally as "Arnold Palmer Lite Product"), with full knowledge of its sugar and calorie content (see Point III herein), there is no evidence supporting a claim that the term "Lite," standing alone, caused injury. Also, by waiving the multi-state consumer fraud claims, Plaintiff does not oppose summary judgment on those claims either. Based upon the withdrawal and waiver, Defendant is entitled to summary judgment on all claims.

**II.     Plaintiff's Argument That He Saw And Purchased the 20-Ounce Product With the Misleading Label Is Not Supported By Any Evidence.**

Plaintiff argues that "Plaintiff Has Seen and Purchased the Product with the Misleading Label." (ECF No. 36, Point A, p. 3). This statement, however, *is not supported by any evidence*. The cherry-picked testimony the opposition cites, about buying the 20-Ounce Product (ECF No. 36 at p. 3), was corrected by Plaintiff when he testified, when shown the label on the 20-Ounce Product claimed to be actionable, that he did not know whether he ever purchased that product with that label. (ECF No. 33 at p. 10-13). Further, Plaintiff also specified that his once a week purchases referenced the 23-ounce can. (*Id.*, p. 12). Contrary to Plaintiff's argument, Defendant did not "exaggerate" his testimony and, instead, quoted, verbatim, his testimony that he did not know whether he ever bought the 20-Ounce Product bearing the only label claimed actionable. (*Id.*, p. 11-13). Plaintiff cites to this same testimony which demonstrates that, when shown the label on

the 20-Ounce Product claimed to be actionable, Plaintiff admitted that he did not know whether he purchased that product with that label. (ECF No. 36 at p. 3-5). There can be no genuine dispute as to this material fact given this testimony.

In addition, the transcript excerpts cited by Plaintiff only reflect his utter confusion as to what products he purchased. He cites to disjointed testimony stating that he purchased Arnold Palmer Lite Products in smaller bottles but is unsure whether the bottles were 20 ounces. (*Id.* at p. 5). Because Plaintiff does not know whether he ever bought the product in a 20-ounce bottle, he certainly cannot prove he bought the 20-Ounce Product bearing the label at issue.

Plaintiff argues that his lack of knowledge about purchasing the 20-Ounce Product, with the only label claimed to be deceptive, does not matter because he bought Defendant's other Arnold Palmer Lite Products in cans, gallons and smaller bottles that had the "Lite" label. (*Id.* at p. 6). However, Plaintiff offers no evidence to show what these other labels stated in terms of the sugar and calorie content, a dual column nutrition statement, a reference food statement and whether there was any statement about an "American Company-Family Owned & Operated American Owned Company." Plaintiff also argues that the "relative claim of 'Lite' was present on all versions of these" other product's packaging. (*Id.* at p. 6). However, Plaintiff presents no evidence to support that assertion either. There is no proof that purchases of other sized containers of Arnold Palmer Products are in any way material to opposing summary judgment.

Additionally, Plaintiff's purchases of other Arnold Palmer Lite Products, other than the 20-Ounce Product, is immaterial because Plaintiff's claim concerns one label on the 20-Ounce Product. (ECF No. 26 at p. 2) (depicting label of product at issue and identifying "Product" at issue as the "20 oz Lite Arnold Palmer beverage"); (ECF No. 1 ¶¶ 1, 7, 19, 20, 44, 51). His testimony about purchasing other sized containers is irrelevant and does not preclude entry of

summary judgment. *See Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) ("Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute.").

**III.    Based Upon the Undisputed Fact that Plaintiff Continued To Buy The Arnold Palmer Lite Product, After Learning of its Sugar and Calorie Content, He Cannot Prove that the Lite Label was Material Or Caused Damage Under the Standards of *Siegel.***

Plaintiff does not dispute that he first came to know the actual sugar and calorie content of the Arnold Palmer Lite Product in 2018 or 2019 and that he first came to believe he was deceived in February 2020. (ECF No. 33 at p. 14) (citing testimony). Plaintiff also admits that he continued to buy the Arnold Palmer Lite Product in 2020, and between 2021 and January 2022. (*Id.*). He further admits that he continued to buy that product after learning of its sugar and calorie content, believing that the product remained a healthier choice outside of water. (*Id.*). He also does not dispute the additional reasons he purchased the Arnold Palmer Lite Product included, taste, value, quenching thirst and brand familiarity. (*Id.*, at p. 7, ¶ 33) (citing testimony). All these facts are to be deemed undisputed. *See* Rule 56(e)(2); *see also Wallace v. Jeffreys*, No. 17-CV-576-DWD, 2023 WL 2142692, at *4 (S.D. Ill. Feb. 21, 2023).

Plaintiff absurdly responds that his continued purchases do not matter because he continued to buy the Arnold Palmer Lite Product because "he was not aware it was not 'Lite'." (ECF No. 36 at p. 7). That assertion makes no sense and does not raise any material factual dispute. The claim that the "Lite" label is misleading is premised upon the assertion that "Lite" means lower sugar and calorie content. (ECF No. 33 at p. 14) (citing Plaintiff's testimony); (ECF No. 1 ¶¶ 15, 37). Plaintiff's admission that he continued purchasing the Arnold Palmer Lite Product, notwithstanding his knowledge of its sugar and calorie contents, retaining the belief that the product remained healthy, means that that the claimed misrepresentations about sugar and calorie content cannot be proven to be material and/or to have caused injury. *See Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010). Plaintiff does not even address *Siegel,* and does not dispute the

additional reasons for his purchases.  Plaintiff thereby concedes *Siegel* governs the proofs on

materiality and causation.  *See Otey v. City of Fairview Heights*, 125 F. Supp. 3d 874, 881 (S.D.

Ill. 2015) ("When a party fails to address an argument in his summary judgment response, it is

deemed a waiver.").  No such evidence has been cited in the opposition.

### IV.    Plaintiff Offers No Evidence to Dispute the Lack of Damages.

Incredibly, Plaintiff argues that the Court should disregard *his own testimony* regarding

how the Arnold Palmer Lite Product is fairly priced and provides great value.  (ECF No. 36 at p.

8).  Plaintiff relies on two criminal cases discussing whether law enforcement or government

witnesses may testify as to whether a defendant's actions are unlawful.  *See United States v. Van*

*Eyl*, 468 F.3d 428, 432–33 (7th Cir. 2006); *United States v. Noel*, 581 F.3d 490, 496 (7th Cir.

2009).  Neither decision addresses whether a plaintiff, bringing an ICFA claim, may offer

testimony as to how, if at all, he was damaged.  The third decision, *Oliveira v. Amoco Oil Co.*, 201

Ill. 2d 134, 148, 776 N.E.2d 151, 160 (2002), is a state court case that has nothing to do with how

a federal court should resolve evidentiary issues on summary judgment.

Plaintiff does not dispute that the price he paid for the product was fair and at one of the

best values.  (ECF No. 33 at p.7, ¶¶ 35, 36).  He does not address how he can prove damages given

these facts.  He also disregards the law supporting the argument that he cannot demonstrate that

the claimed deception caused him to pay more than actual value for the Arnold Palmer Lite

Product.  Plaintiff's opposition fails to point to any evidence that proves damages.

In conclusion, given Plaintiff's withdrawal/waiver of claims, failure to produce evidence

that presents any genuine dispute as to any material fact, and disregard of arguments and law cited

in the motion, Defendant respectfully submits that it is entitled to summary judgment.

Dated:  August 9, 2023                      /s/ Robert P. Donovan
                                            Robert P. Donovan, Esq. (admitted *Pro Hac Vice*)

STEVENS & LEE, P.C.
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone:  (201) 857-6778
Robert P. Donovan, Esq. (Admitted *Pro Hac Vice*)
*Robert.donovan@stevenslee.com*

-and-

SAUL EWING ARNSTEIN & LEHR LLP
161 North Clark Street, Suite 4200
Chicago, Illinois 60514
Telephone:  (312) 351-3292
Casey T. Grabenstein, Esq. (6289606)
*Casey.grabenstein@saul.com*

*Attorneys for Defendant,*
*Arizona Beverages USA LLC*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on August 9, 2023, he caused Defendant's within Reply in Response to Plaintiff's Opposition to Summary Judgment to be filed electronically with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which sent electronic notification to all parties who have appeared and are registered as CM/ECF participants in this matter.

*/s/ Robert P. Donovan*