IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH CRAWFORD, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 22-cv-220-DWD |
| ARIZONA BEVERAGES USA LLC, ) ) ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Kenneth Crawford[1] brings this putative class action against Defendant AriZona Beverages USA, LLC[2] for the alleged deceptive and misleading labeling of its 20oz "Lite Arnold Palmer" beverage. Plaintiff seeks monetary damages and injunctive relief for unfair business practices and deceptive advertising in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. Ann. 505/1, *et seq.* ("ICFA") and unjust enrichment.[3] Now before the Court is Defendant's Motion for Summary Judgment (Doc. 33). Plaintiff opposes the Motion (Doc. 36).

### I. BACKGROUND

---

[1] Plaintiff is a citizen of Illinois (Doc. 1, ¶ 60).

[2] Defendant is a limited liability company organized under the laws of the State of New York with a principal place of business located in Woodbury, New York, and with at least one member having a different citizenship from Plaintiff (Doc. 1, ¶ 62). Accordingly, Defendant is a citizen of New York for purposes of determining CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(2).

[3] This Court granted, in part, Defendant's Motion to Dismiss (Doc. 14) thereby leaving only the claims for consumer fraud and unjust enrichment (Doc. 26).

Plaintiff alleges the following facts. Defendant manufacturers the 20oz Lite Arnold Palmer" beverage (the "Product"). Between January 2021 and January 2022, Plaintiff purchased the Product from a third-party on one or more occasions in Caseyville, Illinois (Doc. 1, ¶¶ 66-73). Below is an image of the Product label:



(Doc. 14-3, p. 2).

Plaintiff claims in his Complaint that the label contains at least four false or misleading representations (Doc. 1, pp. 2-9). The first two representations concern Defendant's use of the word "Lite" (Doc. 1, pp. 3-7). Plaintiff claims the use of the word "Lite" is misleading because the reasonable consumer would understand the term to mean that the Product is low in both sugar and calories, or lower in sugar and calories than other products (Doc. 1, p. 3). However, Plaintiff alleges that the Product is neither low in sugar or calories, but instead would qualify as a "high" sugar product under comparable FDA regulations and contains a similar number of high calories to that of a can of soda (Doc. 1, pp. 5-6). Plaintiff also complains that the label fails to identify a "reference food" so that consumers can compare the Product's "lite" claim to that of

another representative product with higher nutrient values in accordance with FDA regulations (Doc. 1, pp. 6-7).

Next, Plaintiff claims that the Product's use of a "dual column" nutrition facts panel to show a serving size of 12 ounces is misleading because the entire 20-ounce bottle meets the regulatory definition for a single-serve container (Doc. 1, p. 7). Plaintiff argues that the dual column format of the label is inconsistent with the "information required to maintain healthy dietary practices", and thus misleading, because it implies that a consumer will consume less than the entire container when they would instead consume the entire bottle (Doc. 1, p. 8). Finally, Plaintiff contends that the Product falsely claims to be made in the United States because the label depicts a map of the United States covered in the image of the American flag and surrounded by the words "An American Company – Family Owned and Operated" (Doc. 1, ¶¶ 49-51). However, elsewhere on the label – just below the barcode – the label states that the Product is a "Product of Canada" (*Id.*; Doc. 14-2, p. 2).

Plaintiff alleges that he was damaged when he paid a premium for the Product, believing it to be low in sugar and calories, and lower in sugar and calories than comparable beverages (Doc. 1, ¶ 77). Plaintiff claims he would not have purchased the Product if he knew the representations and omissions were false and misleading (Doc. 1, ¶ 79). Alternatively, he would have paid less for it (Doc. 1, ¶ 81).

Defendant seeks summary judgment in its favor pursuant to Rule 56 (Doc. 33, p. 1). Defendant claims in support that Plaintiff cannot prove causation, deception or damage under ICFA for four reasons: First, Plaintiff could not confirm at deposition that

3

he purchased the product with the label identified in the Complaint; Second, that Plaintiff continued to purchase the product even after forming the belief that he had been deceived; Third, he preferred purchasing the 23 ounce cans of the product over the 20 ounce cans at issue here and would only purchase the latter when the former was not available; and fourth, that no damages can be proven because Plaintiff testified that the product was the best product, was the best value and was sold at a fair price (Doc. 33, p. 2).

In response, Plaintiff mounts a retreat. In a footnote, he states: "Plaintiff withdrawals [sic] all claims in regards to any label statement other than "Lite"." (Doc. 36, p. 5 n.1). And, in a following footnote references his Motion for Class Certification (Doc. 32, p. 1) where he "chose to waive multi-state claims arising under consumer fraud acts of "all states but Illinois (Doc. 36, p. 5 n.2). Consequently, Plaintiff does not address much of the argument Defendant makes for summary judgment in its favor. Rather, Plaintiff focuses on his testimony regarding his purchases of the product for the proposition that he was mislead by the label indicating that it is "Lite".

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper where the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A genuine issue of triable fact exists only if, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City Of Attica, Indiana*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

4

Defendant, as the movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997) (citing *Celotex Corp.*, 477 U.S. at 323). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see also Celotex Corp.*, 477 U.S. at 323. The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts," to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

A party will successfully oppose summary judgment only if it presents, "definite, competent evidence to rebut the motion." *E.E.O.C. v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000) (quoting *Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997)). In reviewing the record, disputed facts are viewed in a light most favorable to the nonmoving party; however, this treatment does not extend to inferences supported by only speculation or conjecture. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017); *Coleman v. City of Peoria, Ill.*, 925 F.3d 336, 345 (7th Cir. 2019); *see also Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996) (during summary judgment, a court accepts the nonmoving party's version of any disputed fact only if supported by relevant, admissible evidence.).

## Discussion

**A. The ICFA Claims**

Plaintiff's primary consumer fraud claims arise under the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"). The ICFA "protect[s] consumers … against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) (quoting *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 266 Ill.Dec. 879, 775 N.E.2d 951, 960 (2002)). Deceptive or unfair practices include any misrepresentation or the concealment, suppression or omission of any material fact. 815 Ill. Comp. Stat. Ann. 505/2; *see also Vanzant*, 934 F.3d at 736.

To make a claim under the ICFA, Plaintiff must show: "(1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010) (citing *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417 (2002)).

As noted, Plaintiff alleges in his Complaint that the label in question is deceptive and unfair because the use of the term "Lite" indicates that the Product is low in sugar and calories (Doc. 1, pp. 2-3). Defendant asserts that the label referenced in the Complaint clearly indicates that the volume of the Product in question is "20 ounces" and that Plaintiff's own testimony suggests that he did not know whether he purchased the Product with that label (Doc. 37, p. 3). Defendant goes on to argue that Plaintiff's assertion that he "has [s]een and [p]urchased the Product with the [m]isleading [l]abel … *is not supported by any evidence*" (*Id.*) (emphasis in original). Of course, Plaintiff disputes this testimony suggesting that Defendant took selective portions of the testimony to support

6

its motion for summary judgement (Doc. 36, p. 5). Plaintiff also suggests that the reference to "Lite" "was present on all versions of the Product's packaging" (Doc. 36, p. 10).

A review of Plaintiff's testimony reveals that he experienced some level of confusion regarding a number of topics. Initially, he clearly testified to seeing and purchasing at least weekly Defendant's product bearing document P-11, which is the only label identified in his Complaint. (Doc. 33-2, pp. 95-96) He was unclear in his testimony about the length of time he made such purchases. But Defense Counsel brought to Plaintiff's attention that Document P-11 actually references a 20 ounce product:

> Q. Did you ever purchase a product bearing that label?
> A. When you break it down to the ounces I cannot confirm that.
> Q. So, do you know?
> A. No.
> Q. So is it fair to say the only products that you know for sure you purchased were the gallon container, the P-9, and the 23 ounce P-5, is that fair to say?
> A. No. That's not fair to say.
> Q. Okay. What other containers do you remember purchasing?
> A. Again, there a bottle that's labeled $1.00 that's just a little larger than this water bottle sitting in front of me.
> Q. And you don't know whether or not it was 20 ounces?
> A. I think water bottles are, what, something like 16? It probably was 20 ounces.
> Q. Sorry?
> A. It could have easily been a 20 ounce bottle.
> Q. You don't know?
> A. No.

(Doc. 33-2, pp. 98-99).

Defendant also draws attention to Plaintiff's Interrogatory Responses in which he indicates that "Plaintiff purchased a large sized version of the product weekly . . . at a price between $1-$2.50." (Doc. 33-3, pp. 2-3) At his deposition, Plaintiff indicated that the product he was referring to in his Interrogatory Response was a 23 ounce can of the "Lite Product" identified as Exhibit P-5. (Docs. 33-2, pp. 67-69; 33-4). He said that he purchased the 23 ounce can because "[t]hey are larger" and a better value (Doc. 33-2, p. 64). However, it appears undisputed that the 23 ounce can is not the subject of the Complaint.

Plaintiff was then shown another 20 ounce Arnold Palmer Lite Product (Exhibit P-12) and he indicated that he would buy that product only when the cans were not available (Docs. 33-2, p. 101; 33-7). Exhibit P-12 also depicts a 20 ounce plastic bottle and is clearly dissimilar to the Exhibit P-11, which is the subject of the Complaint. Defendant claims this is critical in that P-12 does not have the dual column serving size format, the statement about calorie content, or the sugar statement claimed actionable (Doc. 33, p. 22).

All of this confusion, Plaintiff claims, is not important, and that what is really important is the allegedly "deceptive statement of the misleading relative claim of 'Lite' was present on all versions of the Product's packaging" (Doc. 36, p. 10). The problem with that argument is that Plaintiff offers no evidence the Products he purchased in each different sized container claiming the contents to be "Lite" is the same in caloric value, sugar content, or serving size as reflected by the label identified in the Complaint. Here, Plaintiff chose to base his claim on the single Product label identified in his Complaint, and there is no real indication that he ever saw the very label by which he now claims to

8

have been misled. *See De Bouse v. Bayer*, 235 Ill.2d 544, 554 (Ill.,2009) ("The basic principle in each of the foregoing cases is that to maintain an action under the Act, the plaintiff must actually be deceived by a statement or omission that is made by the defendant. If a consumer has neither seen nor heard any such statement, then she cannot have relied on the statement and, consequently, cannot prove proximate cause."). Given this absence of evidence to support Plaintiff's ICFA claim, the inquiry could stop at this point. However, there is additional evidence to suggest that his claim cannot survive even the low hurdle of avoiding summary judgment.

Plaintiff testified that the only reason he found any label on any of the products he purchased to be misleading is that "it says lite which gives the false hope that it has - - that it's a healthier product" (Doc. 33-2, p. 75). He purchased the product at some point earlier, then went to consuming soda but resumed purchasing Defendant's product because it was labeled "lite" and because he "saw it as a healthier alternative to soda" and "wouldn't have as many calories" (Doc. 33-2, p. 78). Plaintiff became aware of the sugar content and caloric content of the product in 2018 or 2019 by looking at the label (Doc. 33-2, pp. 84-85). Significantly, Plaintiff continued to purchase the product even after discovering the sugar and caloric content. (Doc. 33-2, pp. 85-86). He continued to purchase the product for the reasons that it was a great value, quenched his thirst, and had a pleasing taste (Doc. 33-2, p. 88). In response to his attorney's question asking whether "he believe[d] that because of the label on the product that says lite you paid more for the product or less," Plaintiff answered: "No, I think it was a fair price" (Doc. 33-3, p. 107).

Although ICFA does not require reliance, it does require materiality. *Avon Hardware Co. v. Ace Hardware Corp.* 2013 IL App (1st) 130750, ¶ 23; *see also White v. DaimlerChrysler Corp.*, 368 Ill.App.3d 278, 283, 305 Ill.Dec. 737, 856 N.E.2d 542 (2006) ("[P]laintiff's reliance is not an element of statutory consumer fraud."). "A material fact exists where a buyer would have acted differently knowing the information, or if it concerned the type of information upon which a buyer would be expected to rely in making a decision whether to purchase." *White*, 368 Ill.App.3d at 286 (quoting *Connick*, 174 Ill.2d at 505, 221 Ill.Dec. 389, 675 N.E.2d 584).

While Plaintiff claims he was misled by the use of the term "Lite" in the period of his use of the product before 2018 or 2019, he nevertheless continued to purchase the same product after learning he had been deceived. Assuming for the moment the "Lite" representation was and is deceptive, and actually deceived Plaintiff before 2018 or 2019, it was not a material misrepresentation to him because he did not act differently once he learned the truth. Put another way, his decision whether to purchase the product after learning of its sugar and caloric content was not determined by the alleged misrepresentation: the "Lite" reference.

ICFA also requires a showing of actual damage proximately caused by the deception. *See Avery v. State Farm Mut. Auto. Ins. Co.* 216 Ill. 2d 100, 180 (2005). Here, Plaintiff's own testimony belies his claim of being caused to suffer damage resulting from the representation complained of. He believes the product he purchased to be offered at a fair price and that he would have paid (and did, in fact, pay) that same price even

10

knowing the actual sugar and caloric content (Doc. 33-3, p. 107). Without at least some evidence of actual damage, Plaintiff's action cannot proceed. Plaintiff offers none.

Accordingly, Defendant's Motion for Summary Judgement should be granted.

### B. **Plaintiff's Withdrawal of Claims**

In a footnote to his Memorandum of Law in Opposition, Plaintiff states: "Plaintiff withdrawals (sic) all claims in regards to any label other than 'Lite'" (Doc. 36, p. 5 n.1). And, in the following footnote, Plaintiff states: "In his Motion for Class Certification, Plaintiff Chose to waive multi-state claims arising under state consumer fraud acts of Alabama, Arkansas, Georgia, Indiana, Iowa, Louisiana, Michigan, Montana, Nebraska, Ohio, Oklahoma, Texas, Virginia and West Virginia. (Doc. 36, p. 5 n.2)." Indeed, Plaintiff did waive his multi-state claims at the time he filed his Motion for Class Certification, which occurred before Defendant filed its motion for summary judgment (Doc. 32, p. 7). No motion or other request was made of the Court by Plaintiff to permit by withdrawal or amendment any such changes.

Rule 15(a) provides that after a responsive pleading has been served a "party may amend the party's pleading only by leave of court, or by written consent of the adverse party; and leave shall be freely given when justice so requires." *See* Fed. R. Civ. P. 15(a). The Seventh Circuit has made clear that the proper vehicle for adding or dropping individual parties or claims is a motion for leave to amend the complaint under Federal Rule of Civil Procedure 15(a). *See Taylor v. Brown*, 787 F.3d 851, 857-58 (7th Cir. 2015); *accord Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare Servs., Inc.*, 7 F. 4th 555, 559 n.4 (7th Cir. 2021) ("[W]e again remind parties and district courts that Rule 15(a) is the better

course for voluntarily dismissing individual parties or claims."). Thus, Plaintiff's "withdrawal" of certain claims seems to have been intended to be the equivalent of a motion for leave to amend, and the Court will take it as such. However, given the stage of the litigation here, whether to deny, grant, or grant the motion with condition should involve consideration of the fairness concerns of both parties. *See Bibbs v. Newman*, 997 F.Supp. 1174, 1177 (S.D.Ind., 1998) (Plaintiff did not move to withdraw the claim until after the defendants had already moved for summary judgement and would have been unfair to leave open even a remote possibility that defendants might face the discarded claim in some other forum.)

"Although the language of Rule 15(a) does not speak of imposing conditions on a party's ability to amend a complaint, [t]he statement in Rule 15(a) that 'leave shall be freely given when justice so requires' presupposes that the court may use its discretion to impose conditions on the allowance of a proposed amendment as an appropriate means of balancing the interests of the party seeking the amendment and those of the party objecting to it." *Bibbs*, 997 F.Supp. at 1177 (citing 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1486 at 605 (1990). As Judge Sweeney observed, "other courts have conditioned leave to amend on dismissal with prejudice of any discarded claims." *See, e.g.*, *Swartz v. Wabash Nat'l Corp.*, 674 F. Supp. 2d 1051, 1057 (N.D. Ind. 2009) (dismissing with prejudice certain counts of a multi-count complaint after plaintiff moved to withdraw claims in response to motion for summary judgment); *DuBose v. McHugh*, No. 3:12-CV-789-MJR-DGW, 2014 WL 10175999, at *2 (S.D. Ill. Jan. 10, 2014) (dismissing with prejudice certain withdrawn claims because "[p]laintiff did not move to

withdraw part of her claims until after Defendants had moved for summary judgment and incurred the costs of defending against those claims"); *In re QMect, Inc.*, 349 B.R. 620, 626 (Bankr. N.D. Cal. 2006) (conditioning withdrawal of certain claims under Rule 15(a) on dismissal with prejudice of dropped claims because of the "length of time that this proceeding has been pending and the amount of litigation that has occurred of the claims in question," but first permitting plaintiff to withdraw motion for leave to amend); *Etablissements Neyrpic v. Elmer C. Gardner, Inc.*, 175 F. Supp. 355, 358 (S.D. Tex. 1959) (where plaintiffs sought to amend their complaint to eliminate two claims almost two years after original filing, and after pretrial conference, plaintiffs were permitted to withdraw the two claims only if the claims were dismissed with prejudice).

Similarly, Judge Sweeney also observed that "[t]he common theme of the cases imposing a dismissal-with-prejudice condition on leave to amend is the looming adjudication of the withdrawn claims on the merits. *HNA Sweden Hospitality Management AB v. Equities First Holdings, LLC*, 2020 WL 13574983, at *1 (S.D.Ind., 2020). Most often, that looming adjudication on the merits takes the form of an opposing party's motion for summary judgment." *Id.* at *2. Certainly, the delay in seeking to withdraw claims late in the litigation leaves a defendant in a place where it has no option but to expend time and treasure in its defense against those claims until achieves victory or the plaintiff concedes and withdraws them. Commonly, motions for summary judgment come after discovery is completed, so by that time, significant effort has been expended. The Court does not believe, however, that it is the filing of a dispositive motion alone that serves as the

milepost for determining whether the amendment should be conditioned on the claims being dismissed with prejudice.

Here, Plaintiff first sought to withdraw the multi-state class claims based on various state fraud statutes in his Motion for Certification of Class. That motion was filed before Defendant filed its Motion for Summary Judgment. Still, it is noteworthy for fairness or balancing of interest inquiry that Plaintiff's signaling that he would not be pursing multi-state class claims relieved Defendant of additional but unnecessary work. And there is no indication from Defendant that it expended unnecessary efforts mounting defenses against multi-state class claims. Indeed, it does not appear that Defendant specifically addresses multi-state class claims in its Memorandum in Opposition to Class Certification (Doc. 46). Accordingly, the Court does not find that fairness demands that Plaintiff's withdrawal of multi-state class claims be conditioned upon them being dismissed with prejudice.

Next is Plaintiff's attempt to withdraw "all claims in regards to any label statement other than 'Lite'". (Doc. 36, p. 5 n.1). Plaintiff makes this attempt for the first time in his Memorandum in Opposition to Defendant's Motion for Summary Judgment. Plaintiff initially alleged four misleading or deceptive statements: (1) that the term "Lite" indicates that the Product is low in sugar and calories, and (2) lower in sugar and calories than an unidentified comparable reference food; (3) that the use of the dual nutrition facts panel is inconsistent with research on healthy dietary practices and misrepresents that the Product meets the regulatory definition for a single-serve container; and (4) that the

Product is alleged to have been made in the United States, although it is from Canada (Doc. 1, pp. 2-9).

Unlike Plaintiff's withdrawal of multi-state class claims, his desire to withdraw all claims based upon any representation other than "Lite" came after a looming adjudication became apparent. Here, Defendant mounted a defense against each of the misleading statements and addressed them in the course of discovery, during Plaintiff's deposition, and in its Motion for Summary Judgment. Thus, Plaintiff left Defendant no alternative but to expend time and effort, unnecessarily as it turns out, and fairness requires that any withdrawal of related claims be with prejudice.

As a practical matter, however, Plaintiff effectively waived those same claims when he did not address their respective merits or properly address Defendant's asserted facts. Arguments that are "underdeveloped, conclusory, or unsupported by law" are waived. *C & N Corp. v. Gregory Kane & Illinois River Winery, Inc.*, 756 F.3d 1024, 1026 (C.A.7 (Wis.), 2014) (quoting *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012)); *see also* F.R.C.P. 56(e).

## Conclusion

For these reasons, the Court ORDERS as follows:

Plaintiff's purported withdrawal of Multi-State Class Claims, which the Court treats as a motion for leave to amend, is **GRANTED**. Plaintiff's multi-state claims arising under the state consumer fraud acts of Alabama, Arkansas, Georgia, Indiana, Iowa, Louisiana, Michigan, Montana, Nebraska, Ohio, Oklahoma, Texas, Virginia, and West Virginia are **DISMISSED WITHOUT PREJUDICE**.

Plaintiff's purported withdrawal of his consumer fraud claims arising under the Illinois Consumer Fraud Act, based on alleged misrepresentations as to the Product's use of a "dual column" nutrition facts panel and "made in the United States" labeling, which the Court treats as a motion for leave to amend, is **GRANTED**. Leave to amend, however, is conditioned on dismissal with prejudice. Accordingly, these claims are **DISMISSED WITH PREJUDICE.**

Defendant's Motion for Summary Judgment (Doc. 33) as to Plaintiff's consumer fraud claims under the Illinois Consumer Fraud Act based on alleged misrepresentations concerning use of the word "lite" in the Product's labeling is **GRANTED**. These claims are **DISMISSED WITH PREJUDICE**.

Considering the above, no legal grounds remain for Plaintiff's unjust enrichment claim under Illinois law. Accordingly, this claim is **DISMISSED WITH PREJUDICE**.

Plaintiff's Motion for Class Certification (Doc. 32) is **DENIED** as **MOOT**.

The Court **DIRECTS** the Clerk of Court to close the case and to enter judgment accordingly.

**SO ORDERED.**

Dated: March 30, 2024

DAVID W. DUGAN
United States District Judge