UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH CRAWFORD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ARIZONA BEVERAGES USA LLC,<br><br>Defendant. | Civil Action No. 3:22-cv-00220-DWD<br><br>Judge David W. Dugan, U.S.D.J. |

**DEFENDANT'S MOTION FOR ATTORNEY'S FEES
AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF MOTION**

Defendant, Arizona Beverages USA LLC ("Defendant"), pursuant to Federal Rule of Civil Procedure 54(d)(2) and 815 ILCS 505/10a(c), will move this Court, before the Honorable David W. Dugan, United States District Judge, at the Southern District of Illinois Courthouse, 750 Missouri Avenue, East Saint Louis, Illinois 62201, on a date and time that the Court will determine, for an order awarding Defendant attorneys' fees and nontaxable expenses, in the amount of $155,810.45, as against plaintiff, Kenneth Crawford ("Plaintiff").

## **TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTORY STATEMENT ........................................................................................ 1

PROCEDURAL HISTORY .................................................................................................... 3

LEGAL ARGUMENT ............................................................................................................ 4

I.     Just Grounds Exist to Award Defendant Attorneys' Fees ............................................ 4

II.    Bad Faith Exists Because Plaintiff Brought this Action, Without Factual Support, and Unreasonably Continued to Litigate After Discovery Conclusively Demonstrated That His Claims Were Baseless .......................... 5

    A.     All Other Factors Weigh in Support of Awarding Fees and Non-Taxable Expenses ................................................................................. 6

    B.     The Court Should Award Defendant the Entire Lodestar Calculation ............ 9

        1.     The Hourly Rates of Defendant's Counsel Are Reasonable ................ 9

        2.     The Hours Expended Are Reasonable .................................................. 10

        3.     Non-Taxable Expenses For Computerized Research Fees Were Incurred and Should Be Awarded .......................................................... 12

CONCLUSION ......................................................................................................................... 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Craftwood II, Inc. v. Generac Power Sys., Inc.,*
  63 F.4th 1121 (7th Cir. 2023) ............................................................................................. 12

*Hensley v. Eckerhart,*
  461 U.S. 424 (1983) ............................................................................................................ 10

*Johnson v. GDF, Inc.,*
  668 F.3d 927 (7th Cir. 2012) ................................................................................................ 9

*Krautsack v. Anderson,*
  223 Ill.2d 541 (2006) .................................................................................................... 1, 4, 5

*Mach v. Will Canty. Sheriff,*
  580 F.3d 495 (7th Cir. 2009) ............................................................................................ 5, 6

*Montanez v. Simon,*
  755 F.3d 547 (7th Cir. 2014) ................................................................................................ 9

*Pickett v. Sheridan Health Care Ctr.,*
  664 F.3d 632 (7th Cir. 2011) ................................................................................................ 9

*Small v. Richard Wolf Med. Instruments Corp.,*
  264 F.3d 702 (7th Cir. 2001) ................................................................................................ 9

**Statutes**

815 ILCS 505/10a(c) ................................................................................................... *passim*

04/15/2024 SL1 2095900v1 115260.00007

## INTRODUCTORY STATEMENT

By order and decision entered on Saturday, March 30, 2024, ("March 30 Order"), this Court granted summary judgment in Defendant's favor, against Plaintiff, on all Plaintiff's claims under the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, *et seq.*, ("ICFA") and for unjust enrichment. (ECF No. 55). The March 30 Order also denied Plaintiff's motion for class certification as moot. (*Id.*)

Pursuant to 815 ILCS 505/10a(c), a prevailing defendant can be awarded attorneys' fees only if that defendant can first demonstrate that the plaintiff brought the claim in bad faith. *Krautsack v. Anderson*, 223 Ill.2d 541, 557-58 (2006). Plaintiff's bad faith is manifest here. Plaintiff filed this action claiming he was deceived by one label on the Defendant's 20-ounce Arnold Palmer Lite Half Iced Tea & Half Lemonade product ("Product"). However, as found by the Court, "there is no real indication that he ever saw" the label on the Product claimed actionable. (ECF No. 55 at 8). This Court ruled that there was an "absence of evidence" to support Plaintiff's ICFA claim and that "Plaintiff's own testimony belies his claim of being caused to suffer damage resulting from the representation complained of." (*Id.* at 9-10). Plaintiff was also found to have had no evidence of damages given that he believed that the Product was sold at a fair price and that he paid the same price even knowing its actual sugar and caloric content. (*Id.* at p. 10-11).

Plaintiff nevertheless pursued these baseless claims, after his deposition, forcing Defendant to incur unnecessary fees and expenses defending against an action that should not have been commenced in the first place. Notwithstanding Plaintiff's deposition testimony, which demonstrated conclusively that he did not know whether he bought the Product with the label claimed to be actionable, that he suffered no damages, admittedly bought the product at a fair price, and continued to buy the product after learning of its sugar and calorie content, Plaintiff pursued this action, forcing Defendant to file a motion for summary judgment, and to defend against an ill-

fated class certification motion, engage in more discovery, and file a *Daubert* motion all at enormous costs.

As this Court aptly noted, in opposing the motion for summary judgment, Plaintiff engaged in "a retreat." (ECF No. 55 at 4). Plaintiff should have surrendered, instead, immediately, after his deposition, rather pursue the charade that viable claims existed. As part of the motion for summary judgment, Defendant sought judgment on two claims of alleged deception concerning the Product label—the dual column nutrition panel and the statement, "An American Company – Family Owned & Operated"—that Plaintiff claimed were deceptive. In response to the summary judgment motion, Plaintiff belatedly sought to abandon those claims rather than defend them. This Court found that Defendant was required, <u>unnecessarily,</u> to defend against those claims and dismissal of those claims was granted with prejudice. (*Id.*, at 15). Additionally, in opposing the motion for summary judgment, Plaintiff cited to irrelevant testimony about purchases of other containers, rather than the Product label at issue in the case. (*Id.* at 7-8). This dubious tactic, too, forced Defendant to devote resources to defend against baseless claims and to file a reply brief. (ECF No. 37).

Defendant's motion seeks fees and expenses during a limited and defined period of time (i.e., between the period after Plaintiff was deposed on February 13, 2023 through January 2024), not for the entire defense period. That limited period marks the several months when Plaintiff inexcusably, and in bad faith, persisted in the ruse that a cause of action existed. As set forth in the accompanying declaration of counsel, all the services for which compensation is sought, were reasonable and necessary. These services include, but are not limited to, providing supplemental discovery requests, reviewing and producing documents, engaging in meet and confers with opposing counsel, reviewing the class certification motion and expert report, filing a motion for

summary judgment, reviewing opposition to the motion for summary judgment, filing a reply in support of the motion for summary judgment, conferring and strategizing with co-counsel, reviewing expert disclosures and discovery, attending to discovery disputes with Plaintiff concerning expert discovery, deposing Plaintiff's class certification expert, opposing class certification, filing a *Daubert* motion to exclude Plaintiff's classification expert report and attending to trial scheduling issues.

## PROCEDURAL HISTORY

This action was commenced on February 6, 2022. (ECF No. 1). Plaintiff alleged that he was deceived for the following reasons concerning the label of the Product: (1) Defendant's use of the word "Lite" "because the reasonable consumer would understand the term to mean that the Product is low in both sugar and calories, or lower in sugar and calories than other products" (ECF No. 26 at 2); (2) the failure to identify a "reference food" (ECF No. 1 ¶¶ 36-37); (3) the use of a dual-column nutrition panel that states the number of calories and sugar content per 12-ounce serving (*Id.*, at ¶¶ 40-48); and (4) the statement "An American Company – Family Owned & Operated" (*Id.*, at ¶¶ 49-51).

On January 30, 2023 ("January 30 Order"), this Court granted, in part, and denied, in part, Defendant's motion to dismiss. (ECF No. 26). The following claims were dismissed: (1) breach of contract; (2) breaches of express warranty, implied warranty of merchantability and under the Magnuson-Moss Warranty Act; (3) negligent misrepresentation; (4) common law fraud; and (5) for injunctive relief. (*Id.*, p. 20). The only remaining claims, following the January 30 Order, were for consumer fraud under ICFA, claims under other consumer fraud statutes of other states, and unjust enrichment. (*Id.*). The claims for violating consumer fraud statutes of states, other than Illinois, were later ruled to have been voluntarily dismissed without prejudice. (ECF No. 55).

Defendant filed an answer on February 29, 2023. (ECF No. 29). On June 26, 2023, Defendant filed a motion for summary judgment (ECF No. 33) that Plaintiff opposed on July 26, 2023. (ECF No. 36). That opposition necessitated a reply filed by Defendant (ECF No. 37).

Plaintiff filed a motion for class certification on June 13, 2023, and Defendant filed opposition to class certification on December 15, 2023. (ECF Nos. 32, 46). On December 18, 2023, Defendant filed a motion to exclude the testimony of Plaintiff's expert. (ECF No. 51).

On March 30, 2024, the Court granted Defendant's motion for summary judgment, entered judgment in favor of Defendant, and denied the Plaintiff's motion for class certification as moot. (ECF Nos. 55 and 56).

## LEGAL ARGUMENT

### I. Just Grounds Exist To Award Defendant Attorneys' Fees

ICFA provides that the Court may award "reasonable attorney's fees and costs to the prevailing party." 815 ILCS 505/10a(c). "The term 'prevailing party' encompasses a prevailing defendant, as well as a prevailing plaintiff." *Krautsack*, 223 Ill. 2d at 554. "Attorney fee awards are left to the sound discretion of the trial court." *Id.* (citations omitted).

When determining whether to award attorneys' fees to a prevailing defendant under 815 ILCS 505/10a(c), courts often consider courts consider the following non-exhaustive list of factors:

(1) the degree of the opposing party's culpability or bad faith;

(2) the ability of the opposing party to satisfy an award of fees;

(3) whether an award of fees against the opposing party would deter others from acting under similar circumstances;

(4) whether the party requesting fees sought to benefit all consumers or businesses or to resolve a significant legal question regarding the Act; and

(5) the relative merits of the parties' positions.

*Id.* at 554 (citations omitted).

However, before deciding whether to award attorneys' fees to a prevailing defendant under 815 ILCS 505/10a(c), courts are required to make a "threshold finding that the plaintiff acted in bad faith." *Id.* at 559. Only after making this initial finding, can courts "consider other circumstances relevant to its exercise of discretion" to award of attorney fees under section 10a(c) of ICFA. *Id.* at 559.

## II.     Bad Faith Exists Because Plaintiff Brought this Action, Without Factual Support, and Unreasonably Continued to Litigate After Discovery Conclusively Demonstrated That His Claims Were Baseless

When determining whether a party acted in bad faith, for the purpose of awarding attorneys' fees to a defendant prevailing party, "Courts have used phrases such as harassment, unnecessary delay, needless increase in the cost of litigation, willful disobedience, and recklessly making a frivolous claim." *Mach v. Will Canty. Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009) (citation omitted). Bad faith "may occur beyond the filing of the case" and include "the conduct of the litigation." *Id.* (quoting *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766 (1980)). Here, by choosing to continue this litigation after his deposition testimony conclusively demonstrated that no claim existed, Plaintiff needlessly increased the costs of the litigation and/or recklessly pursued a frivolous claim.

In the March 30 Order, this Court found "Plaintiff chose to base his claim on the single Product label identified in his Complaint, and there is no real indication that he ever saw the very label by which he now claims to have been misled." (ECF No. 55 at 8-9). Plaintiff was deposed on February 13, 2023. (ECF No. 33). In the Complaint, Plaintiff alleged the "value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant." (Complaint, ¶ 54). However, Plaintiff testified that after he became aware of the sugar content and caloric content of the Product, he continued to purchase it because he thought it was "a great value,

quenched his thirst, and had a pleasing taste." (*Id.*). During his deposition, Plaintiff also testified he thought the product "was a fair price." (ECF No. 55 at 9). This Court found that "Plaintiff's own testimony belies his claim of being caused to suffer damage resulting from the representation complained of." (*Id.* at 10).

After Plaintiff's deposition on February 13, 2023 made evident that his claims lacked any merit, Plaintiff continued to litigate this action. Defendant was forced to defend this lawsuit, including responding to discovery requests, engaging in meet and confers with counsel, reviewing the class certification motion, filing a motion for summary judgment, reviewing opposition to the motion for summary judgment, filing a reply in support of the motion for summary judgment, conferring and strategizing with co-counsel, reviewing expert disclosures, attending to further discovery requests concerning the proffered expert, addressing disputes concerning expert discovery, preparing for and deposing Plaintiff's class certification expert, opposing class certification, filing a *Daubert* motion to exclude Plaintiff's classification expert report and attending to trial scheduling issues. (Declaration of Robert P. Donovan, "Donovan Dec.," ¶ 6).

Plaintiff acted in bad faith by bringing and continuing to pursue baseless claims, needlessly and recklessly increasing the cost of litigation. *See Mach*, 580 F.3d at 502 (affirming trial court's award of attorneys' fees where plaintiff pursued claims after discovery showed the claims were "worthless").

### A. All Other Factors Weigh in Support of Awarding Fees and Non-Taxable Expenses

The second factor, the Plaintiff's ability to satisfy an award, is non-applicable. Plaintiff's retainer agreement with his attorney states:

> 7. <u>Costs and Expenses</u>
>
> We will pay on your behalf and on behalf of the class you represent all legal costs and expenses incurred in this matter. Costs and expenses

> include professional fees and costs charged by investigators, experts, consultants, and others and expenses including copying, process servers, online research, travel, messengers, telephone, postage, fax, and other usual and customary expenses. You authorize us to incur such costs as may be reasonably necessary in our professional judgment to bring the matter to a successful conclusion.
>
> If we are successful in prosecuting to settlement or judgment the claims of you and the class you represent, we will seek to recover these costs and expenses from Defendant, either by agreement or by request to the Court. Any costs we advance that Defendant does not pay will be repaid to us out of the money we recover on behalf of you and the class you represent, before such monies are distributed to you or the class and before our attorneys' fees are calculated, unless the Court orders otherwise. You will not be personally responsible for our costs and expenses.

(Donovan Dec. Ex. C, Section 7).

By counsel agreeing to pay on Plaintiff's behalf, "all legal costs and expenses incurred in this matter," it is respectfully submitted that any award of counsel fees and costs, in Defendant's favor, would be the obligation of Plaintiff's counsel, not Plaintiff.

The third factor, the matter of public policy and/or deterrence, especially weighs in favor of granting fees because Defendant's defense against this baseless claim led to the March 30 Order and a concomitant award of fees would likely serve to chasten others from bringing suspect food labeling claims and clogging the Court's docket, needlessly. This threat defending against substantially similar claims is real. There are currently three actions, pending in other United States District Courts, that concern the product that was at issue in this action. (Donovan Dec., Ex's. D, E and F). These actions are captioned as follows: *Hoffman v. Arizona Beverages USA LLC*, No. 6:23-cv-1213-JSS-LHP, filed in the United States District Court for the Middle District of Florida ("Hoffman Action"); *Dorsey, et al. v. Arizona Beverages USA LLC,* No. 1:23-cv-01729-MJM, filed in the United States District Court in Maryland ("Dorsey Action") and *Miller, et al. v.*

*Arizona Beverages USA LLC*, No. 23-cv-03540-RFL, filed in the United States District Court for the Northern District of California ("Miller Action"). (*Id.*)

Many of the allegations asserted in the complaint here are repeated almost verbatim in the Hoffman Action (Compare Complaint, ¶¶ 7-12; 13, 14; 15-27; 29-39; and 40-48; with Donovan Dec., Ex. D, ¶¶ 7-12; 14, 15; and 16-28; 30-40; and 41-49). The Dorsey and Miller Actions also include substantially similar assertions as to those that were made here. (See, by way of example only, Donovan Dec., Ex. E, ¶¶ 63-68; *Id.*, Ex. F, ¶¶ 29, 30, 41, 46 and 49).

Mr. Sheehan is counsel of record in the Dorsey Action. (*Id.*, ¶9). He is not attorney of record in the Hoffman and Miller Actions but retainer agreements produced in the Hoffman and Miller Actions show that he represents those plaintiffs along with other attorneys. (*Id.*) All these actions were filed in 2023, while the within action was pending. Discovery in the Hoffman Action indicates that Mr. Sheehan has made communications inquiring about other purchasers of Defendant's Products. (*Id.*, Ex. G).

The fourth factor, resolving a significant legal question regarding the statute, also weighs in favor of granting fees because the March 30 Order confirms a consumer's burden to prove reliance and to have evidence of damages in order to establish a claim under ICFA. It is also respectfully submitted that the March 30 Order addressed the important legal issue of whether a plaintiff can prove materiality when he or she continues to buy the product after learning of the truth of a product's contents after professing an initial lack of such knowledge. (ECF No. 55 at 10).

The fifth and final factor, the relative merits of the parties' positions, heavily weighs in favor of awarding fees. In the Complaint, Plaintiff brought seven claims. Four of Plaintiff's claims did not survive Defendant's Motion to Dismiss. (ECF No. 26 at 20). Plaintiff's remaining claims

were so deficient that they could not withstand the "low hurdle" of summary judgment. (ECF No. 55 at 9).

When considering all of the factors, it is respectfully submitted that they weigh in favor of awarding Defendant the attorneys' fees requested.

### B. The Court Should Award Defendant the Entire Lodestar Calculation

The hourly rates charged by Defendant's counsel (between $225 and $475 per hour) are reasonable. When determining whether the fees sought by a prevailing party are reasonable, courts look, "at least initially, based on a calculation of the 'lodestar' – the hours reasonably expended multiplied by the reasonable hourly rate – and nothing else." *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012) (citation omitted). "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011).

#### 1. The Hourly Rates of Defendant's Counsel Are Reasonable

"A reasonable hourly rate should reflect the attorney's market rate, defined as the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001) (quotations omitted). "The best evidence of the market rate is the amount the attorney actually bills for similar work, but if that rate can't be determined, then the district court may rely on evidence of rates charged by similarly experienced attorneys in the community and evidence of rates set for the attorney in similar cases." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). Here the rates charged are those that were actually agreed upon and paid by the Defendant. (Donovan Dec., Ex's. A and B).

Additionally, as set forth in the accompanying declaration of Thomas Dluski, Esq. ("Dluski Dec."), the prevailing market rates for attorneys in Illinois, for similar services as the lawyers

providing services here, range from $250 to $650 per hour. (Dluski Dec., ¶7). The hourly rates charged by Stevens & Lee, $225 to $275 per hour, fall at the lower end of this market range and are exceedingly reasonable. (*Id.*) The hourly rates charged by Saul Ewing, $350 to $475 per hour, fall within this range of prevailing market rates and are reasonable. (*Id.*) The rates for summer associate work ($225 per hour) and for paralegal services ($100 per hour) are also well within the market range according to Mr. Dluski. (*Id.*, ¶¶7 and 8).

### 2. The Hours Expended are Reasonable

Plaintiff's claims involve a common core of facts related to the allegedly deceptive product label. Significant time was "devoted generally to litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). In the civil rights context, the Supreme Court has observed that when Plaintiff's claims are inextricably intertwined, "the district court should focus on the significance of the overall relief obtained by the [prevailing party] in relation to the hours reasonably expended on the litigation." *Id.* That same approach is applicable here.

While the Court could properly award fees for the entirety of the litigation, to ensure the award is related to Plaintiff's bad faith, Defendant only seeks attorneys' fees and certain non-taxable expenses incurred during the period following Plaintiff's deposition. Plaintiff's testimony in deposition conclusively demonstrated that he lacked any factual basis in bringing this case, but Plaintiff went on to pursue the action, to seek class certification and to oppose summary judgment. Defendant was forced to, among other tasks, respond to discovery requests, engage in meet and confers with counsel, review the class certification motion, file a motion for summary judgment, review opposition to the motion for summary judgment, file a reply in support of the motion for summary judgment, confer and strategize with co-counsel, review expert disclosures, attend to expert discovery requests in the form of a notice to produce documents, have and resolve disputes

with Plaintiff concerning the documents produced by the expert, prepare for and depose plaintiff's class certification expert, oppose the class certification motion, file the *Daubert* motion to exclude plaintiff's classification expert report and attend to trial scheduling issues. (Donovan Dec., ¶ 6).

The fees for those services are set forth in the redacted invoices attached to the accompanying declaration of counsel, Robert P. Donovan, at Exhibits A and B. Exhibit H to the Donovan Dec. summarizes those fees as follows:

**Summary of Fees for Stevens & Lee**

| Attorney Name | Rate | Hours | Total |
|---|---|---|---|
| Robert P. Donovan | $275.00 | 311.6 | $85,690.00 |
| Nicholas Eliades | $225.00 | 1.7 | $382.50 |
| Stephanie Lopez | $225.00 | 1.8 | $405.00 |
| Catherin MacDuff | $225.00 | 10.3 | $2,317.50 |
| Christopher A. McDonald | $225.00 | 102.6 | $23,085.00 |
| Shirley Moreno | $225.00 | 28.8 | $6,480.00 |
| Deborah A. Sottosanti | $275.00 | 1.3 | $357.50 |
| John N. Visconi | $275.00 | 1.2 | $330.00 |
| Elizabeth A. Ware | $225.00 | 93.6 | $21,060.00 |
| **Summer Associate/Law Clerk Name** | **Rate** | **Hours** | **Total** |
| Christopher Harris | $225.00 | 3.7 | $832.50 |
| Dibya Patnaik | $225.00 | 9.9 | $2,227.50 |
| Rita Portenti | $225.00 | 20.9 | $4,702.50 |
| **Paralegal Name** | **Rate** | **Hours** | **Total** |
| Damien Dunnington | $100.00 | .9 | $90.00 |
| Mark J. Miller | $100.00 | 5.6 | $560.00 |
| | | | **$148,587.50** |

**Summary of Fees for Saul Ewing**

| Attorney Name | Rate | Hours | Total |
|---|---|---|---|
| Casey Grabenstein (Mar. 2023-Dec. 2023) | $425.00 | 12.8 | $5,440.00 |
| Casey Grabenstein (Jan. 2024) | $475.00 | .8 | $380.00 |
| Nicholas Collins | $350.00 | 1.3 | $455.00 |
| | | | **$6,275.00** |

Defendant seeks a total of $154,862.50 for the attorneys' fees incurred in defense against Plaintiff's claims, following the period after Plaintiff's deposition, through the end of January 2024.

### 3. Non-Taxable Expenses For Computerized Research Fees Were Incurred and Should Be Awarded[1]

Defendant incurred $947.95 in expenses for computerized legal research in the period after Plaintiff's deposition. (Donovan Dec., Ex. A). "[C]omputerized legal research expenses are properly categorized as attorneys' fees." *Craftwood II, Inc. v. Generac Power Sys., Inc.*, 63 F.4th 1121, 1130 (7th Cir. 2023) (citing *Tchemkou v. Mukasey*, 517 F.3d 506, 513 (7th Cir. 2008)). This research concerned, *inter alia*, issues relevant to opposing the motion for class certification, filing the summary judgment motion and filing the *Daubert* motion.

## CONCLUSION

Defendant therefore respectfully requests that this Court award Defendant attorneys' fees and non-taxable expenses of $155,810.45.

Dated:  April 15, 2024                    Respectfully submitted,

*s/Robert P. Donovan*
Robert P. Donovan, Esq. (admitted *Pro Hac Vice*)
STEVENS & LEE, P.C.
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone:  (201) 857-6778
*Robert.donovan@stevenslee.com*

-and-

SAUL EWING ARNSTEIN & LEHR LLP
161 North Clark Street, Suite 4200
Chicago, Illinois 60514
Telephone:  (312) 351-3292

---

[1] Defendant has filed a separate bill of costs, pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C.A. § 1920 (ECF No. 57), and those costs sought are not part of this motion.

Casey T. Grabenstein, Esq. (6289606)
*Casey.grabenstein@saul.com*

*Attorneys for Defendant,*
*Arizona Beverages USA LLC*

## CERTIFICATE OF SERVICE

    The undersigned attorney certifies that on April 15, 2024, he caused the within Motion for Attorneys' Fees and Non-Taxable Expenses and Incorporated Memorandum of Law in Support of Motion, along with the supporting declarations, to be filed electronically with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which sent electronic notification to all parties who have appeared and are registered as CM/ECF participants in this matter.

                                         */s/ Robert P. Donovan*