UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

EAST ST. LOUIS DIVISION

| | |
|---|---|
| KENNETH CRAWFORD, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>- against -<br><br>ARIZONA BEVERAGES USA LLC,<br><br>                Defendant | 3:22-cv-00220-DWD |

Plaintiff's Objections to Defendant's Bill of Costs

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................................... iii

INTRODUCTION .......................................................................................................................... 1

FACTUAL BACKGROUND ......................................................................................................... 1

LEGAL STANDARDS .................................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

I.  *PRO HAC VICE* FEES NOT "TAXABLE COSTS" AFTER *CANTER* ............................ 2

II. VIDEO COSTS FOR DEPOSITION NOT TAXABLE BECAUSE UNNECESSARY ................................................................................................................ 3

III. DOUBLE AND TRIPLE BILLED COSTS SHOULD BE REDUCED ........................... 5

IV. "LUMP SUM" TRANSCRIPT COSTS WITHOUT PAGES NOT PERMITTED ..................................................................................................................... 6

V. COSTS FOR COPIES OF MATTHEWS TRANSCRIPT NOT PERMITTED ................. 8

VI. "PROFESSIONAL ATTENDANCE" FEES NOT PERMITTED BASED ON 2008 AMENDMENT TO 28 U.S.C. § 1920(2) ................................................................. 9

VII. "LITIGATION SERVICES" ARE ANCILLARY, AMORPHOUS, AND TRIPLE BILLED ............................................................................................................ 11

CONCLUSION ............................................................................................................................. 12

## TABLE OF AUTHORITIES

**Cases**

*Africano v. Atrium Med. Corp.*,
 No. 17-cv-7238, 2022 WL 1989450 (N.D. Ill. June 6, 2022) ............................... 3, 4

*Avanzalia Solar, S.L. v. Goldwind USA, Inc.*,
 No. 20-cv-5035, 2023 WL 5804232 (N.D. Ill. Sept. 7, 2023) .................................. 5

*Canter v. AT&T Umbrella Benefit Plan No. 3*,
 33 F.4th 949 (7th Cir. 2022) ............................................................................. 1, 2, 3

*Cengr v. Fusibond Piping Sys., Inc.*,
 135 F.3d 445 (7th Cir. 1998) ..................................................................................... 7

*Chavez v. Guerrero*,
 No. 06-cv-2180, 2014 WL 7212961 (N.D. Ill. Dec. 16, 2014) ............................... 10

*Chicago Bd. Options Exch., Inc. v. Int'l. Sec. Exch., LLC*,
 No. 07-cv-623, 2014 WL 125937 (N.D. Ill. Jan. 14, 2014) ....................................... 4

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*,
 482 U.S. 437 (1987) ............................................................................................ 1, 10

*Dishman v. Cleary*,
 279 F.R.D. 460 (N.D. Ill. 2012) .............................................................................. 11

*Dunn v. Rice*, No. 04-cv-2280,
 2007 WL 924027 (C.D. Ill. Mar. 26, 2007) ............................................................... 7

*Engate, Inc. v. Esquire Deposition Servs. LLC*,
 No. 01-cv-6204, 2006 WL 695650 (N.D. Ill. Mar. 13, 2006) ................................... 4

*Extra Equipamentos v. Case*,
 541 F.3d 719 (7th Cir. 2008) ................................................................................... 10

*Farmer v. Arabian Am. Oil Co.*,
 379 U.S. 227 (1964) ................................................................................................... 8

*Gecker as Tr. for Collins v. Menard, Inc.*,
 No. 16-cv-50153, 2020 WL 1077695 (N.D. Ill. Mar. 6, 2020) ............................... 12

*Hakim v. Accenture U.S. Pension Plan*,
 901 F. Supp. 2d 1045 (N.D. Ill. 2012) .................................................................. 7, 8

*Hallihan v. Progressive Direct Ins. Co.*,
   No. 15-cv-01068, 2016 WL 7404445 (S.D. Ill. Dec. 22, 2016) ............................................. 10

*Held v. Held*,
   137 F.3d 998 (7th Cir. 1998) ................................................................................................ 10

*Hoffstead v. Northeast Ill. Reg'l Commuter R.R. Corp.*,
   No. 21-cv-4335, 2024 WL 836597 (N.D. Ill. Feb. 27, 2024) ................................................... 4

*Kalitta Air LLC v. Central Texas Airborne System Inc.*,
   741 F.3d 955 (9th Cir. 2013) ................................................................................................... 2

*Koneff v. Nyang'iti*, No. 07-cv-3283,
   2009 WL 5215595 (N.D. Ill. Dec. 29, 2009) .......................................................................... 7

*Lawson v. Sun Microsystems, Inc.*,
   No. 07-cv-00196, 2016 WL 231317 (S.D. Ind. Jan. 19, 2016) ................................................ 4

*Little v. Mitsubishi Motors N. Am., Inc.*,
   514 F.3d 699 (7th Cir. 2008) ................................................................................................... 3

*Majeske v. City of Chicago*,
   218 F.3d 816 (7th Cir. 2000) ................................................................................................... 1

*McCollough v. O'Neill*,
   No. 01-cv-6510, 2003 WL 737847 (N.D. Ill. Feb. 28, 2003) .................................................. 8

*Miller v. Vohne Liche Kennels, Inc.*,
   No. 12-cv-00054, 2014 WL 958279 (S.D. Ind. Mar. 12, 2014), *aff'd*, 600 F.
   App'x 475 (7th Cir. 2015) ....................................................................................................... 7

*Moore v. Shands Jacksonville Med. Ctr., Inc.*,
   No. 09-cv-298, 2014 WL 12652475 (M.D. Fla. Apr. 3, 2014) ............................................. 11

*Nilssen v. Osram Sylvania, Inc.*,
   No. 01-cv-3585, 2007 WL 257711 (N.D. Ill. 2007) ............................................................. 12

*Northbrook Express and Surplus Ins. Co. v. Proctor & Gamble Co.*,
   924 F.2d 633 (7th Cir. 1991) ............................................................................................ 1, 11

*Osterhouse by Osterhouse v. Grover*,
   No. 04-cv-0093, 2009 WL 10726254 (S.D. Ill. Nov. 18, 2009) ............................................. 9

*Perez v. Staples Cont. & Com. LLC*,
   No. 16-cv-7481, 2021 WL 4034075 (N.D. Ill. Sept. 3, 2021) ................................................ 4

*Rockett v. Marten Transp., Ltd.*,
   No. 99-cv-3957, 2002 WL 54545 (N.D. Ill. Jan. 15, 2002) .................................................... 4

*Sharp v. United Airlines*,
    197 F.R.D. 361 (N.D. Ill. 2000) .................................................................................. 8

*Siwak v. Xylem, Inc.*,
    No. 19-cv-5350, 2021 WL 5163289 (N.D. Ill. Nov. 5, 2021) ................................. 10

*Springer v. Ethicon, Inc.*,
    No. 17-cv-3930, 2018 WL 1453553 (N.D. Ill. Mar. 23, 2018) ............................. 12

*Stallings v. City of Johnston City*,
    No. 13-cv-422, 2016 WL 4474683 (S.D. Ill. Aug. 25, 2016) ................................. 11

*Stanley v. Cottrell, Inc.*,
    784 F.3d 454 (8th Cir. 2015) ................................................................................ 10

*Surgery Ctr. at 900 N. Michigan Ave., LLC v. Am. Physicians Assurance Corp., Inc.*,
    No. 15-cv-4336, 2019 WL 5892984 (N.D. Ill. Nov. 12, 2019) ............................... 7

*Taniguchi v. Kan Pacific Saipan, Ltd.*,
    566 U.S. 560 (2012) ..................................................................................... 1, 2, 10

*Trading Techs. Int'l, Inc. v. eSpeed, Inc.*,
    750 F. Supp. 2d 962 (N.D. Ill. 2010) ..................................................................... 4

*Trustees of Chicago Plastering Inst. Pension Tr. v. Cork Plastering Co.*,
    570 F.3d 890 (7th Cir. 2009) ................................................................................. 1

*U.S. ex rel. Gear v. Emergency Med. Ass'ns of Illinois, Inc.*,
    436 F.3d 726 (7th Cir. 2006) ................................................................................. 2

*Yates v. City of Chicago*,
    No. 18-cv-2613, 2021 WL 6063862 (N.D. Ill. Dec. 22, 2021) ............................... 5

*Zamecnik v. Indian Prairie Sch. Dist. 204*,
    No. 07-cv-1586, 2012 WL 13158090 (N.D. Ill. Mar. 29, 2012) ............................ 6

*Zelner v. ATG Credit, LLC*,
    No. 17-cv-8007, 2019 WL 13320771 (N.D. Ill. Mar. 26, 2019) .......................... 12

**Statutes**

28 U.S.C. § 1914 ............................................................................................................... 2

28 U.S.C. § 1920 ............................................................................................... 1, 2, 3, 10

28 U.S.C. § 1920(1) ..................................................................................................... 2, 3

28 U.S.C. § 1920(2) ................................................................................................. 10, 11

Pub. L. No. 110 – 406 .................................................................................................................. 10

Pub. L. No. 110 – 406, § 6 .......................................................................................................... 10

**Rules**

Fed. R. Civ. P. 54(d) ..................................................................................................................... 1

**Other Authorities**

ILSD, Administrative Order No. 363, Oct. 16, 2023 ...................................................................... 9

## INTRODUCTION

Kenneth Crawford ("Plaintiff") submits his Objections to the Bill of Costs of Arizona Beverages USA LLC ("Defendant"). ECF No. 57.

## FACTUAL BACKGROUND

While Defendant is entitled to seek costs, it has failed to meet its burden to show its requested costs were necessarily incurred and reasonable. Moreover, the costs it has attempted to document appear to be inconsistent with legal authority. Its request to recover costs should be denied or reduced.

## LEGAL STANDARDS

Fed. R. Civ. P. 54(d) provides "that 'costs' generally should be awarded to the prevailing party in a civil action," but that these should be limited to "the specific categories of costs set forth by Congress…enumerated in [28 U.S.C.] § 1920." *Canter v. AT&T Umbrella Benefit Plan No. 3*, 33 F.4th 949, 959 (7th Cir. 2022) quoting *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 573 (2012); *Taniguchi*, 566 U.S. at 573 quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987).

In determining whether to award costs to a prevailing party, the criteria are "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

While a bill of costs should not contain "a description so detailed as to make it impossible economically" to recover costs, the party seeking them "carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Northbrook Express and Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991); *Trustees of Chicago Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009).

# ARGUMENT

## I.     *PRO HAC VICE* FEES NOT "TAXABLE COSTS" AFTER *CANTER*

Defendant's request for $600 pursuant to 28 U.S.C. § 1920(1), as "Fees of the Clerk" should be denied because "fees for *pro hac vice* admission are not taxable in light of the Supreme Court's decision in *Taniguchi* [which] emphasized that section 1920 must be narrowly construed." *Canter*, 33 F.4th at 953 ("revers[ing] the [district] court's award of $181 in *pro hac vice fees* to the defendants, as we find that *pro hac vice* fees are not taxable 'costs' under 28 U.S.C. § 1920.") quoting *Taniguchi*, 566 U.S. at 573.

The Seventh Circuit "align[ed] [itself] with the Ninth Circuit, which came to the same conclusion with respect to *pro hac vice* fees," concluding "that [its] earlier decision in [*U.S. ex rel. Gear*] must be set aside in this respect, as it offered no reason for awarding *pro hac vice* fees and did not survive *Taniguchi*." *Canter*, 33 F.4th at 959 citing *Kalitta Air LLC v. Central Texas Airborne System Inc.*, 741 F.3d 955, 958 (9th Cir. 2013) and abrogating *U.S. ex rel. Gear v. Emergency Med. Ass'ns of Illinois, Inc.*, 436 F.3d 726, 730 (7th Cir. 2006).

This was because "*Taniguchi* emphasized that [28 U.S.C.] § 1920 must be narrowly construed," because "taxable costs, [] are limited by statute and modest in scope" to "relatively minor, incidental expenses." *Canter*, 33 F.4th at 959 citing *Taniguchi*, 566 U.S. at 561.

This Circuit, like *Kalitta*, "appl[ied] that guidance, [to conclude that] pro hac vice fees are too distinct from the six kinds of costs enumerated in section 1920 to fall under the statute." *Canter*, 33 F.4th at 959.

Though "[T]he closest analogs [to *pro hac vice* fees] are the '[f]ees of the clerk and marshal,'" the Seventh Circuit recognized how "'[the former]' recalls 28 U.S.C. § 1914, which permits the collection of filing fees and 'such additional fees only as are prescribed by the Judicial Conference of the United States.'" *Canter*, 33 F.4th at 959 citing *Kalitta*, 741 F.3d at 958.

2

*Canter* observed that as "[t]he Judicial Conference's fee schedule refers only to a $188 fee for 'original admission of attorneys to practice'…And [because] '[o]riginal admission' is quite different from the short-term character of *pro hac vice* status," "[these] fees are not taxable 'costs'" under 28 U.S.C. § 1920(1). *Canter*, 33 F.4th at 959.

The one post-*Canter* decision located that considered this issue "deduct[ed] the [amount] in requested *pro hac vice* admission costs," because these "'[we]re too distinct from the six kinds of costs enumerated in [28 U.S.C.] § 1920…[and] such fees are not taxable 'costs' under the statute." *Africano v. Atrium Med. Corp.*, No. 17-cv-7238, 2022 WL 1989450, at *5 (N.D. Ill. June 6, 2022) quoting *Canter*, 33 F.4th at 959.

## II. VIDEO COSTS FOR DEPOSITION NOT TAXABLE BECAUSE UNNECESSARY

Though "It is well-settled that both stenographic transcript and video-recording costs may 'be taxed to the losing party'" because "it was [not] reasonably necessary for [Defendant] to obtain both," the $5,064.50 sought as "Fees for printed or electronically recorded transcripts" should be reduced by $2,081.00. *Africano*, 2022 WL 1989450, at *8 citing *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) and *Oleksy v. Gen. Elec. Co.*, No. 06-cv-1245, 2016 WL 7217725, at *6 (N.D. Ill. Dec. 12, 2016); Exhibit B, ECF No. 57-2 at 2, Crawford Deposition, Invoice # 6389250 (charging $1,313.00 for "Video Services," $88.00 for "Video – Electronic Access," and $50.00 for "Delivery and Handling" for total of $1,451.00), and at 3, Matthews Deposition Invoice # 35813 (charging $250.00 for "Videographer – Set up and first 2 hours" and $380.00 for "Videographer – 4 additional hours on location @ $95 per hour" for a total of $630.00).

Defendant has not, nor cannot, demonstrate that "videotaping [both] deposition[s] w[ere] reasonably necessary," because neither Crawford nor Matthews "were unavailable for the trial." *Hoffstead v. Northeast Ill. Reg'l Commuter R.R. Corp.*, No. 21-cv-4335, 2024 WL 836597, at *3

(N.D. Ill. Feb. 27, 2024) citing *Chicago Bd. Options Exch., Inc. v. Int'l. Sec. Exch., LLC*, No. 07-cv-623, 2014 WL 125937, at *3 (N.D. Ill. Jan. 14, 2014).

Given that "Plaintiff's deposition was also provided in written form, and there was no real risk he would not testify at [his] trial, the [C]ourt [should] find[] it was not reasonably necessary to have [his] deposition in video form." *Hoffstead*, 2024 WL 836597, at *3 citing *Lawson v. Sun Microsystems, Inc.*, No. 07-cv-00196, 2016 WL 231317, at *3 (S.D. Ind. Jan. 19, 2016).

Further, "There 'wasn't a risk' that [Plaintiff's] retained experts would not appear to testify for [his] own trial." *Africano*, 2022 WL 1989450, at *8 citing *Perez v. Staples Cont. & Com. LLC*, No. 16-cv-7481, 2021 WL 4034075, at *3 (N.D. Ill. Sept. 3, 2021)

To the extent Defendant may "argue[] that videorecording [Plaintiff's deposition] was reasonable and necessary in order to use the video at trial for impeachment purposes," "If [it] want[ed] that impeachment 'edge,' however, [it] must pay for it [itself]." *Perez*, 2021 WL 4034075, at *3; *Engate, Inc. v. Esquire Deposition Servs. LLC*, No. 01-cv-6204, 2006 WL 695650, at *2 (N.D. Ill. Mar. 13, 2006) quoting *Rockett v. Marten Transp., Ltd.*, No. 99-cv-3957, 2002 WL 54545, at *1 (N.D. Ill. Jan. 15, 2002).

While it cannot be disputed that Plaintiff Crawford resides within this District, any "amorphous notions of [Dr. Matthews'] 'unavailability,'" because she is technically a "[n]on-party residing in [Kansas] and not under the subpoena power of the [C]ourt," should be disregarded. *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 976-77 (N.D. Ill. 2010) (distinguishing *Engate* where court "awarded video-recording costs for two witnesses because they 'reside[d] in England,'" since it "denied the same costs for three other witnesses [who] "appear[ed] to reside in the United States").

4

Should Defendant contend that the Coronavirus pandemic created "risks that illness or travel restrictions might have made [Crawford and/or Matthews] unavailable for trial," on January 31, 2023, almost two weeks prior to the Crawford deposition, Governor Pritzker "announced the [S]tate's Public Health Emergency ('PHE') w[ould] end on May 11, 2023, aligning [] with the federal government's decision," over seven months before the Matthews deposition in November 2023. *Avanzalia Solar, S.L. v. Goldwind USA, Inc.*, No. 20-cv-5035, 2023 WL 5804232, at *5 (N.D. Ill. Sept. 7, 2023) (awarding costs "to obtain video recordings of some depositions" because "discovery took place during the COVID-19 pandemic when many proceedings, including the depositions in this case, could not be conducted in person."); *Yates v. City of Chicago*, No. 18-cv-2613, 2021 WL 6063862, at *2 (N.D. Ill. Dec. 22, 2021) ("[B]ecause these depositions were conducted in the midst of the pandemic, there is no telling whether these[ ] witness[es] would be available at trial.") *compare with* Press Release, [Gov. Pritzker Announces End of State COVID-19 Disaster Proclamation](#), Jan. 31, 2023.

### III.  DOUBLE AND TRIPLE BILLED COSTS SHOULD BE REDUCED

The entire $1,613.50 sought to be recovered on Veritext Invoice # 6392837 should be reduced from Defendant's Bill of Costs because it appears to include expenses two and three times.

| Who | Description | Amount | Invoice | Date | Docket |
|---|---|---|---|---|---|
| Witness: Kenneth Crawford | Litigation Services & Logistics (Exh, Files, etc.) | $175.30 | 6392837 | 02/13/23 | 57-2 at 1 |
| Witness: Kenneth Crawford – AEO | Litigation Services & Logistics (Exh, Files, etc.) | $58.00 | 6392837 | 02/13/23 | 57-2 at 1 |
| ? | Litigation Services & Logistics (Exh, Files, etc.) | $33.00 | 6392837 | 02/13/23 | 57-2 at 1 |
| Witness: Kenneth Crawford | Professional Attendance | $225.00 | 6392837 | 02/13/23 | 57-2 at 1 |
| ? | Professional Attendance | $195.00 | 6392837 | 02/13/23 | 57-2 at 1 |
| Witness: Kenneth Crawford | Transcript Services | $878.40 | 6392837 | 02/13/23 | 57-2 at 1 |
| Witness: Kenneth Crawford – AEO | Transcript Services | $48.80 | 6392837 | 02/13/23 | 57-2 at 1 |

                    Total:                    $1,613.50

First, "Transcript Services" are charged once for "Kenneth Crawford," and another time for "Kenneth Crawford – AEO," even though there was one "Kenneth Crawford" present at his deposition. Second, "Litigation Services & Logistics (Exh, Files, etc.)" are charged not only for "Kenneth Crawford," and the person identified as "Kenneth Crawford – AEO," but for a witness or entity lacking any identification. Finally, "Professional Attendance" is charged for "Kenneth Crawford," and again for an unidentified witness or deponent.

These "duplicated [and triplicated] expense[s] [should] not be included in [any] award." *Zamecnik v. Indian Prairie Sch. Dist. 204*, No. 07-cv-1586, 2012 WL 13158090, at *11 (N.D. Ill. Mar. 29, 2012) (prohibiting double recovery of costs).

## IV. "LUMP SUM" TRANSCRIPT COSTS WITHOUT PAGES NOT PERMITTED

For multiple reasons, Defendant's Bill of Costs should be reduced by $2,297.20, the amount it seeks not for transcripts, but "Transcript Services," in connection with the Crawford and Matthews depositions.

| Who | Description | Amount | Invoice | Date | Docket |
|---|---|---|---|---|---|
| Witness: Kenneth Crawford | Transcript Services | $878.40 | 639287 | 02/13/23 | 57-2 at 1 |
| Witness: Kenneth Crawford - AEO | Transcript Services | $48.80 | 639287 | 02/13/23 | 57-2 at 1 |
| Lynn Matthews, Ph. D. | Original & Copy of Deposition…by ZOOM | $1,370.00 | 35813 | 12/06/23 | 57-2 at 3 |
|  | Total: | $2,297.20 |  |  |  |

First, because Defendant "has not itemized the cost of the transcripts, and has not stated how many pages are included, [] the [C]ourt cannot determine whether the [page] rate [it] claims

complies with [this District's Administrative Order No. 363]."¹ *Koneff v. Nyang'iti*, No. 07-cv-3283, 2009 WL 5215595, at *1 (N.D. Ill. Dec. 29, 2009); *Surgery Ctr. at 900 N. Michigan Ave., LLC v. Am. Physicians Assurance Corp., Inc.*, No. 15-cv-4336, 2019 WL 5892984, at *2 (N.D. Ill. Nov. 12, 2019) (reducing invoices where defendant "have not provided sufficient itemization and documentation for the Court to assess the reasonableness of costs related to these transcripts").

Since "the Judicial Conference [of the United States] rates apply to deposition charges by private court reporters," without providing a breakdown of the number of pages, neither Plaintiff nor the Court can verify if "the rates sought are greater than [$3.65] per page for original transcripts and [$.90] per page for copies as set forth by the Judicial Conference," pursuant to A.O. No. 363. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 456 (7th Cir. 1998); *Dunn v. Rice*, No. 04-cv-2280, 2007 WL 924027, at *2 (C.D. Ill. Mar. 26, 2007).

Defendant's Transcript Costs, $878.40, $48.80, and $1,370.00, "do nothing more than demonstrate that [it] paid for transcripts in a particular lump-sum amount," and without "disclos[ing] the number of pages purchased, nor the price per page…which are regularly submitted to this Court with bills of costs – [neither] the Court [or Plaintiff] can[] conclude whether the amounts requested are reasonable." *Hakim v. Accenture U.S. Pension Plan*, 901 F. Supp. 2d 1045, 1056 (N.D. Ill. 2012).

This information is necessary because "Maximum transcription rates are set forth by the Judicial Conference and vary depending on the time frame within which a party seeks the transcript to be delivered." *Miller v. Vohne Liche Kennels, Inc.*, No. 12-cv-00054, 2014 WL 958279, at *4 (S.D. Ind. Mar. 12, 2014), *aff'd*, 600 F. App'x 475 (7th Cir. 2015).

---

¹ Chief U.S. District Judge, Nancy J. Rosenstengel, In Re: Increase in Transcript Fee Rates, U.S. District Court, Southern District of Illinois, Administrative Order No. 363, Oct. 16, 2023.

7

Denying Defendant's request to tax the Transcript Costs is consistent with Supreme Court guidance that "Items proposed by winning parties as costs should always be given careful scrutiny." *Hakim*, 901 F. Supp. 2d at 1057 quoting *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964).

Second, beyond the failure to "specifically identify the number of pages in a requested transcript," Defendant seeks to "double bill" for transcript costs in connection with the Crawford deposition, with two line items of $878.40 and $48.80, for a total of $927.20, and such overbilling should not be permitted.

| Who | Description | Amount | Invoice | Date | Docket |
|---|---|---|---|---|---|
| Witness: Kenneth Crawford | Transcript Services | $878.40 | 639287 | 02/13/23 | 57-2 at 1 |
| Witness: Kenneth Crawford – AEO | Transcript Services | $48.80 | 639287 | | 57-2 at 1 |
| | Total: | $927.20 | | | |

## V.     COSTS FOR COPIES OF MATTHEWS TRANSCRIPT NOT PERMITTED

Defendant's Bill of Costs should be reduced by $1,370.00, the amount it seeks for the "Original & Copy of Deposition of Lynn Matthew, Ph. D.," because while "A party may recover costs of copies provided to the court and opposing counsel; it cannot recover costs for copies for its own use." *McCollough v. O'Neill*, No. 01-cv-6510, 2003 WL 737847, at *2 (N.D. Ill. Feb. 28, 2003) citing *Sharp v. United Airlines*, 197 F.R.D. 361, 362 (N.D. Ill. 2000); ECF No. 57-2 at 3.

Given "the [absence of] information that has been furnished by Defendant, it cannot be determined whether the copies were reasonably necessary for use in the case," and its Bill of Costs should be reduced by the full amount, or permit the submission of the required documentation. *McCollough*, 2003 WL 737847, at *2.

8

## VI.  "PROFESSIONAL ATTENDANCE" FEES NOT PERMITTED BASED ON 2008 AMENDMENT TO 28 U.S.C. § 1920(2)

In connection with the Crawford deposition, Defendant's request to tax $420.00 for "Professional Attendance" fees, listed on Veritext Invoice # 6392837, should be denied. ECF No. 57-2 at 1.

|  | Amount |
|---|---|
| Witness: Kenneth Crawford | |
| Professional Attendance | $225.00 |
| [EMPTY] | |
| Professional Attendance | $195.00 |
| Professional Attendance Total: | $420.00 |

First, the request for "Professional Attendance" fees "is fatally defective due to the absence of required documentation," which "is clear from the face of AO 133: 'SPECIAL NOTE: attach to your bill an itemization *and documentation* for requested costs in all categories.'" *Osterhouse by Osterhouse v. Grover*, No. 04-cv-0093, 2009 WL 10726254, at *2-3 (S.D. Ill. Nov. 18, 2009) (emphasis in original).

This "supporting documentation requirement…would permit answers to the [] non-exhaustive list of infirmities," such as whether "the two entries on [2/28/2023] for [Professional Attendance, $225.00 and $195.00], [are] payable [for the same deposition], with the same [non-]description, duplicates?" *Osterhouse by Osterhouse*, 2009 WL 10726254, at *2-3 (concluding that the absence of this required information meant "answers to the above questions are left to guess, speculation and conjecture and so defendants have failed to meet their burden with respect to these costs.").

It appears that the Crawford deposition incurred duplicate "Professional Attendance" fees, even though the second of these, for $195.00, unlike the first, does not identify any witness in the

preceding line. ECF No. 57-2 at 1.

Since "[Defendant] has not offered any justification for allowing both charges, the [C]ourt [should] only allow the lower amount [of $195.00]." *Siwak v. Xylem, Inc.*, No. 19-cv-5350, 2021 WL 5163289, at *2 (N.D. Ill. Nov. 5, 2021).

Second, while "[T]he Seventh Circuit has repeatedly upheld the awarding of court reporter attendance fees pursuant to 28 U.S.C. § 1920(2)," these decisions were based on the prior version of this section, before the Judicial Administration and Technical Amendments Act of 2008. *Chavez v. Guerrero*, No. 06-cv-2180, 2014 WL 7212961, at *5 (N.D. Ill. Dec. 16, 2014) citing *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998); *see* Pub. L. No. 110 – 406 (amending 28 U.S.C. § 1920).

In Section 6, Congress replaced "of the court reporter for all or any part of the stenographic transcript" with "for printed or electronically recorded transcripts." Pub. L. No. 110 – 406, § 6.[2]

Though it is true that "the [court] reporter cannot make the transcript without attending the hearing," to deem "the separate attendance fee [] properly regarded as a component of the fee for the transcript" would be "to evade the specific categories of costs set forth by Congress." *Extra Equipamentos v. Case*, 541 F.3d 719, 727 (7th Cir. 2008); *Taniguchi*, 566 U.S. at 573 quoting *Crawford Fitting*, 482 U.S. at 442.

The Eighth Circuit acknowledged that "Most circuits [and district courts] have not addressed whether the 2008 amendment altered the meaning of the statute," but addressed only the distinctions of 28 U.S.C. § 1920(2) relating to printed or electronically recorded transcripts. *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 465 (8th Cir. 2015); *see Hallihan v. Progressive Direct Ins. Co.*, No. 15-cv-01068, 2016 WL 7404445, at *2 (S.D. Ill. Dec. 22, 2016) (considering amendment of 2008 similarly).

---

[2] Public Law 110 - 406 - Judicial Administration and Technical Amendments Act of 2008.

A district court in Florida "declin[ed] to tax court-reporter-attendance fees…[because] Unlike the previous language, the current language does not imply court-reporter fees relating to the transcript." *Moore v. Shands Jacksonville Med. Ctr., Inc.*, No. 09-cv-298, 2014 WL 12652475, at *6 (M.D. Fla. Apr. 3, 2014) citing 28 U.S.C. § 1920(2).

Should the Court decline to strictly construe 28 U.S.C. § 1920(2), "Court reporter fees must [still] be reasonable," and the absence of any hourly rate and hours worked means such a determination cannot be made. *Dishman v. Cleary*, 279 F.R.D. 460, 468 (N.D. Ill. 2012) (finding "[h]ourly fees in excess of $60.00 are ordinarily unreasonable.").

Should Defendant renew its submission and include court reporter costs related to the Matthews deposition, it should be required to document the hourly rate and number of hours worked.

## VII. "LITIGATION SERVICES" ARE ANCILLARY, AMORPHOUS, AND TRIPLE BILLED

While a bill of costs need not "contain[] a description so detailed as to make it impossible economically to recover [them]," Defendant's triple billing for "Litigation Services & Logistics (Exh, Files, etc.)" on the Crawford deposition is merely one reason why the Court should deduct $266.30 from its Bill of Costs. *Stallings v. City of Johnston City*, No. 13-cv-422, 2016 WL 4474683, at *2 (S.D. Ill. Aug. 25, 2016) quoting *Northbrook Express*, 924 F.2d at 633.

| Who | Description | Amount | Invoice | Date | Docket |
|---|---|---|---|---|---|
| Witness: Kenneth Crawford | Litigation Services & Logistics (Exh, Files, etc.) | $175.30 | 6392837 | 02/13/23 | 57-2 at 1 |
| Witness: Kenneth Crawford - AEO | Litigation Services & Logistics (Exh, Files, etc.) | $58.00 | 6392837 | 02/13/23 | 57-2 at 1 |
| ? | Litigation Services & Logistics (Exh, Files, etc.) | $33.00 | 6392837 | 02/13/23 | 57-2 at 1 |
| | Total: | $266.30 | | | |

11

The second reason is that "The additional cost of transcript exhibits [is] only 'recoverable if the exhibits were reasonable and necessary, in that they aid in understanding an issue in the case.'" *Gecker as Tr. for Collins v. Menard, Inc.*, No. 16-cv-50153, 2020 WL 1077695, at *3 (N.D. Ill. Mar. 6, 2020) quoting *Nilssen v. Osram Sylvania, Inc.*, No. 01-cv-3585, 2007 WL 257711, at *3 (N.D. Ill. 2007).

Since "[Defendant] has neither acknowledged nor explained the importance of the exhibit costs related to the [Crawford] deposition[]…, the Court [should] sustain[] [Plaintiff]'s objections to [these] exhibit-related costs." *Gecker as Tr. for Collins*, 2020 WL 1077695, at *3.

Third, the "Files, etc." portion of "Litigation Services & Logistics" appear analogous to items typically disallowed, with terms such as "secure digital file processing and support" and "repository storage/access/unlimited downloads," because these are obtained "for the convenience of counsel," which supports reducing the Bill of Costs by $266.30. *Zelner v. ATG Credit, LLC*, No. 17-cv-8007, 2019 WL 13320771, at *2 (N.D. Ill. Mar. 26, 2019); *Springer v. Ethicon, Inc.*, No. 17-cv-3930, 2018 WL 1453553, at *14 (N.D. Ill. Mar. 23, 2018) (denying costs for technology-related deposition services including "all costs associated with the scanning of deposition exhibits").

## CONCLUSION

For the foregoing reasons, the Court should not grant Defendant's Bill of Costs, or issue appropriate reductions, or for such other and further relief it deems appropriate.

Dated:      April 28, 2024

                                                        Respectfully submitted,

                                                        Sheehan & Associates, P.C.
                                                        /s/Spencer Sheehan
                                                        spencer@spencersheehan.com
                                                        60 Cuttermill Rd Ste 412
                                                        Great Neck NY 11021
                                                        (516) 268-7080

**Certificate of Service**

I certify that on April 28, 2024, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☐ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☒ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan