### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF ILLINOIS

### EAST ST. LOUIS DIVISION

KENNETH CRAWFORD, individually and on
behalf of all others similarly situated,

                   Plaintiff,

   - against -

ARIZONA BEVERAGES USA LLC,

                 Defendant

      3:22-cv-00220-DWD


Plaintiff's Motion and Memorandum of Law in Support for
Expert Fees Pursuant to Fed. R. Civ. P. 26(b)(4)(E)

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. ii

TABLE OF AUTHORITIES ....................................................................................... iii

INTRODUCTION ......................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................ 1

LEGAL STANDARDS ................................................................................................. 2

ARGUMENT ................................................................................................................ 3

I.      MOTION FOR EXPERT FEES IS TIMELY ..................................................... 3

II.     DESPITE NOT BEING "PREVAILING PARTY," PLAINTIFF CAN
        RECOVER EXPERT FEES ................................................................................ 4

III.    HOURLY RATES OF EXPERT PERSONNEL WERE REASONABLE ...................... 5

        A.    $450.00 and $300.00 Per Hour were "Market Rate" ............................... 5

        B.    Defendant Knew Dr. Matthews' Hourly Rate Prior to Deposition......................... 5

        C.    Hourly Rate of $300.00 for Mr. Sargeant "Reasonable" and Necessary ............... 6

        D.    "Reasonableness" of Expert's Hourly Rate .............................................. 8

        E.    "Nature, Quality, and Complexity" of Expert's Responses Sufficient
              to Support Hourly Rate ............................................................................... 9

        F.    Other "Reasonableness" Factors Support Hourly Rate ....................................... 11

IV.     RESPONSIVE TIME WAS REAONABLE AND SUPPORTED .................................. 11

        A.    Deposition Lasted over Six Hours ............................................................ 11

        B.    Recovery for Deposition Preparation Time Should be Granted .......................... 12

        C.    Travel Time of Plaintiff's Expert Should be Assessed at Half of
              Hourly Rate .............................................................................................. 13

V.      NO "MANIFEST INJUSTICE" FROM ALLOWING RECOVERY OF
        EXPERT FEES ..................................................................................................... 14

CONCLUSION ............................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Advanced Video Techs., LLC v. HTC Corp.*,
No. 11-cv-6604, 2016 WL 1253899 (S.D.N.Y. Feb. 23, 2016), report and
recommendation adopted *sub nom.*, No. 11-cv-8908, 2016 WL 1271498
(S.D.N.Y. Mar. 30, 2016) ............................................................................................ 4

*Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*,
73 F.3d 150 (7th Cir. 1996) ........................................................................................ 5

*Barnes v. Sood*, No.
15-cv-4088, 2019 WL 1506014 (C.D. Ill. Apr. 5, 2019) ........................................ 11

*Bradford v. Obaisi*,
No. 16-cv-8112, 2019 WL 4166855 (N.D. Ill. Sept. 3, 2019) ............................... 14

*Catapult Communications. Corp. v. Foster*,
No. 06-cv-6112, 2010 WL 659075 (N.D. Ill. Feb. 19, 2010) ........................... 7, 13

*Chambers v. Ingram*,
858 F.2d 351 (7th Cir. 1988) ................................................................................ 3, 4

*Collins v. Vill. of Woodridge*,
197 F.R.D. 354 (N.D. Ill. 1999) ............................................................................. 13

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*,
482 U.S. 437 (1987) .................................................................................................. 4

*Fairley v. Andrews*,
No. 03-cv-5207, 2008 WL 961592 (N.D. Ill. Apr. 8, 2008) .................................. 14

*Fisher-Price Inc. v. Safety 1st, Inc.*,
217 F.R.D. 329 (D. Del. 2003) ................................................................................. 7

*Frederick v. Columbia University*,
212 F.R.D. 176 (S.D.N.Y. 2003) ............................................................................ 14

*Goldberg v. 401 N. Wabash Venture LLC*,
No. 09-cv-6455, 2013 WL 4506071 (N.D. Ill. Aug. 23, 2013) ............................. 13

*Gwin v. American River Transp. Co.*,
482 F.3d 969 (7th Cir. 2007) .................................................................................... 3

*Halasa v. ITT Educ. Servs., Inc.*,
690 F.3d 844 (7th Cir. 2012) .................................................................................... 3

*LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*,
    No. 08-cv-0242, 2011 WL 5008425 (N.D. Ill. Oct. 20, 2011) ......................................... 2, 13

*LK Nutrition, LLC v. Premier Research. Labs, LP*,
    No. 12-cv-7905, 2015 WL 4466632 (N.D. Ill. July 21, 2015) .................................... 8, 11, 13

*Moore v. Safeco Ins. Co. of America*,
    No. 11-cv-01891, 2013 WL 12158376 (C.D. Cal. Jan. 10, 2013) ............................................ 7

*Native Am. Arts, Inc. v. Indio Prod., Inc.*,
    No. 06-cv-4690, 2012 WL 729291 (N.D. Ill. Mar. 6, 2012) ................................................... 4

*Nichols v. Laymon*,
    506 F. Supp. 267 (N.D. Ill. 1980) ...................................................................................... 3

*Nilssen v. Osram Sylvania, Inc.*,
    No. 01-cv-3585, 2007 WL 257711 (N.D. Ill. Jan. 23, 2007) ............................................... 13

*Oldenburg Grp. Inc. v. Frontier-Kemper Constructors, Inc.*,
    597 F. Supp. 2d 842 (E.D. Wis. 2009) .................................................................................. 5

*Packer v. SN Servicing Corp.*,
    243 F.R.D. 39 (D. Conn. 2007) ............................................................................................ 6

*Ridgeway v. Wexford Health Sources, Inc.*,
    No. 18-cv-1970, 2021 WL 1545975 (S.D. Ill. Apr. 20, 2021) ................................................ 3

*Roman v. City of Chicago*,
    No. 20-cv-1717, 2023 WL 121765 (N.D. Ill. Jan. 6, 2023) .................................................. 6

*Royal Maccabees Life Ins. Co. v. Malachinski*,
    No. 96-cv-6135, 2001 WL 290308 (N.D. Ill. Mar. 20, 2001) ................................................ 3

*Se-Kure Controls, Inc. v. Vanguard Products Grp.*,
    873 F. Supp. 2d 939 (N.D. Ill. 2012) ......................................................................... passim

*SP Techs., LLC v. Garmin Int'l, Inc.*,
    No. 08-cv-3248, 2014 WL 300987 (N.D. Ill. Jan. 10, 2014) ................................................. 7

*Thorne v. Union Pacific Corp.*,
    No. 15-cv-561, 2018 WL 11422083 (W.D. Tex. Sept. 27, 2018) ........................................... 6

*U.S. ex rel. Liotine v. CDW-Gov't, Inc.*,
    No. 05-cv-33, 2012 WL 1252982 (S.D. Ill. Apr. 13, 2012) ...................................... 12, 13, 14

*U.S. v. 1,604 Acres of Land*,
    275 F.R.D. 234 (E.D. Va. 2011) ........................................................................................ 14

*Waters v. City of Chicago*,
   526 F. Supp. 2d 899 (N.D. Ill. 2007) ........................................................................ 2

**Statutes**

15 U.S.C. § 1125(a) ........................................................................................................ 13

28 U.S.C. § 1821 ............................................................................................................. 4

28 U.S.C. § 1821(b) ........................................................................................................ 3

**Rules**

Fed. R. Civ. P. 1 ............................................................................................................. 2

Fed. R. Civ. P. 26(a)(2)(B) ............................................................................................ 2

Fed. R. Civ. P. 26(a)(2)(B)(vi) ...................................................................................... 6

Fed. R. Civ. P. 26(b)(4)(E) ..................................................................................... passim

Fed. R. Civ. P. 26(b)(4)(E)(i) ..................................................................................... 2, 3

Fed. R. Civ. P. 34 ........................................................................................................... 6

Fed. R. Civ. P. 37(a)(1) .................................................................................................. 1

Fed. R. Civ. P. 45 ........................................................................................................... 6

Fed. R. Civ. P. 54(d) ...................................................................................................... 4

Loc. R. 26.1(c)(4) ........................................................................................................... 1

**Other Authorities**

Fed. R. Civ. P. 26,
   Notes of Advisory Committee on Rules,
   1970 Amendments to Discovery Rules ..................................................................... 4, 5

Fed. R. Civ. P. 26,
   Notes of Advisory Committee on Rules,
   1993 Amendments to Discovery Rules ......................................................................... 2

## INTRODUCTION

Kenneth Crawford ("Plaintiff") submits this Memorandum of Law, Declaration of Spencer Sheehan ("Sheehan Decl."), and Exhibits, in Support of his Motion for Expert Fees of $5,986.50 pursuant to Fed. R. Civ. P. 26(b)(4)(E), from Arizona Beverages USA LLC ("Defendant"). ECF No. 57.

## FACTUAL BACKGROUND

In connection with his Motion for Class Certification, Plaintiff submitted the Declaration of Andrea Matthews, Ph. D. ("Matthews Report"). ECF Nos. 32, 32-4.

On September 8, 2023, Defendant served Plaintiff with a request for production of documents in connection with the Matthews Report. ECF No. 40 at ¶ 4. On September 15, 2023, Defendant served an Amended Notice of Deposition setting October 12, 2023, as the date for the deposition of Matthews. ECF No. 40 at ¶ 5.

Plaintiff provided additional responsive materials obtained from Matthews in connection with the Expert Report, prior to her deposition on November 16, 2023. ECF No. 57-2, at 3.

On March 30, 2024, the Court granted Defendant's Motion for Summary Judgment. ECF No. 55.

On April 24, 2024, Plaintiff's Counsel sent Defendant's Counsel three invoices from Phillips, Fractor & Company, LLC ("Phillips Fractor"), the employer of Plaintiff's Expert, for $6,211.50. These invoices reflected the time responding to Defendant's discovery demands, preparing for, and travelling to her deposition, and the deposition. *See* Declaration of Spencer Sheehan ("Sheehan Decl.") and Exhibits A, B, and C.

Plaintiff's Counsel satisfied Fed. R. Civ. P. 37(a)(1) and Loc. R. 26.1(c)(4), when conferring in good faith, on the telephone on April 26, 2024, with the person or party failing to

make disclosure or discovery in an effort to obtain what is sought in this Motion without Court action, through an informal process. Sheehan Decl. ¶¶ 10-14.

Plaintiff's Counsel expressed a desire to resolve this discovery issue informally, and agreed to forego recovery of the fees sought here if Defendant would withdraw its Bill of Costs. ECF No. 57. Based on Plaintiff's Counsel's understanding of Defendant's Counsel's oral response, the proposal was not accepted.

## LEGAL STANDARDS

Fed. R. Civ. P. 26(a)(2)(B) imposed the "requirement of a comprehensive report from every opinion witness who is expected to testify [, and] [] that [] witness' trial testimony is circumscribed by that report." *Waters v. City of Chicago*, 526 F. Supp. 2d 899, 900 (N.D. Ill. 2007). This Rule is consistent with Fed. R. Civ. P. 1's emphasis on "secur[ing] the [] inexpensive determination of every action and proceeding."

The Advisory Committee's à la carte approach struck a balance, by allowing a party to "take[] advantage of the opportunity afforded by Rule 26(b) [] to prepare a more forceful cross-examination [of an adverse witness]" through a pre-trial deposition, since "the expert's fees for the deposition will ordinarily be borne by the party taking the deposition." *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, No. 08-cv-0242, 2011 WL 5008425, at *4-5 (N.D. Ill. Oct. 20, 2011) citing Fed. R. Civ. P. 26(b)(4)(E); *Waters*, 526 F. Supp. 2d at 900 quoting Fed. R. Civ. P. 26, Notes of Advisory Committee on Rules, 1993 Amendments to Discovery Rules.

The requirement "that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)" is "mandatory," because "the court must require [it]." *LG Elecs.*, 2011 WL 5008425, at *4.

Fed. R. Civ. P. 26(b)(4)(E)(i) was intended "to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement," and engaging

2

in unnecessary expert litigation, by forcing a party to be financially responsible for an adverse expert's time. *Royal Maccabees Life Ins. Co. v. Malachinski*, No. 96-cv-6135, 2001 WL 290308, at *15 (N.D. Ill. Mar. 20, 2001)

The "mandatory language of [Fed. R. Civ. P. 26(b)(4)(E)] is tempered by two limitations: (1) the costs may not be imposed if doing so would result in manifest injustice, and (2) the expert's fees must be reasonable." *Gwin v. American River Transp. Co.*, 482 F.3d 969, 975 (7th Cir. 2007).

The "flexible authorization for a reasonable fee contained in Rule 26 [(b)(4)(E)] supersedes the specific schedule outlined in [28 U.S.C.] § 1821(b)," and goes beyond time spent by an expert in a deposition to include "(1) deposition preparation, (2) travel to and from the deposition, and (3) time spent reviewing his deposition transcript." *Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 849 (7th Cir. 2012); *see also Ridgeway v. Wexford Health Sources, Inc.*, No. 18-cv-1970, 2021 WL 1545975, at *1 (S.D. Ill. Apr. 20, 2021) ("find[ing] that deposition preparation time is compensable under Rule 26.").

## ARGUMENT

### I.    MOTION FOR EXPERT FEES IS TIMELY

Should Defendant assert that "at the time [Matthews'] deposition was taken, [Plaintiff] never requested such costs or objected when the [D]istrict [C]ourt failed to order such costs," post-judgment requests for expert fees are not considered "untimely." *Chambers v. Ingram*, 858 F.2d 351, 360 (7th Cir. 1988) (affirming award of expert fees under Fed. R. Civ. P. 26(b)(4)(E) because "the timing of the plaintiff's request for this discovery cost is [not] a bar to recovery under the rule.") citing *Nichols v. Laymon*, 506 F. Supp. 267, 274 (N.D. Ill. 1980).

This is consistent with the "[A]dvisory [C]ommittee [N]otes to Rule 26(b)(4)(C) [which] state that the court may issue an order to pay fees as a condition to discovery 'or it may delay the

order until after discovery.'" *Chambers*, 858 F.2d at 360 quoting Fed. R. Civ. P. 26, Notes of Advisory Committee on Rules, 1970 Amendments to Discovery Rules,

Nor can Defendant allege "that because neither Party sought reimbursement from the other [at the time], there was a 'mutual waiver of the respective [P]arties' rights under [Fed. R. Civ. P.] 26(b)(4)(E).'" *Advanced Video Techs., LLC v. HTC Corp.*, No. 11-cv-6604, 2016 WL 1253899, at *7 (S.D.N.Y. Feb. 23, 2016), report and recommendation adopted *sub nom.*, No. 11-cv-8908, 2016 WL 1271498 (S.D.N.Y. Mar. 30, 2016) ("[a] post-judgment request[] for costs under Rule 26(b)(4)(E) is not a bar to recovery.") citing *Chambers*, 858 F.2d at 361.

## II.    DESPITE NOT BEING "PREVAILING PARTY," PLAINTIFF CAN RECOVER EXPERT FEES

Although "a prevailing party seeking reimbursement under Rule 54(d) for fees paid to its own expert witnesses may not seek fees in excess of the limit set by 28 U.S.C. § 1821," "because Rule 26(b)(4)(E) functions independently," that Plaintiff did not prevail is of no relevance. *Se-Kure Controls, Inc. v. Vanguard Products Grp.*, 873 F. Supp. 2d 939, 950-51 (N.D. Ill. 2012) (following *Chambers* to conclude that "the recovery of a party's own expert witnesses' fees under Rule 26(b)(4)(E) is independent of any limitations set forth in Rule 54(d), including the condition that a party seeking reimbursement for costs be the prevailing party") quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

This is because "Rule 26(b)(4)(E) allocates expert witness fees to the party seeking discovery and does not allow a party to recover such fees simply because it prevailed." *Native Am. Arts, Inc. v. Indio Prod., Inc.*, No. 06-cv-4690, 2012 WL 729291, at *2 (N.D. Ill. Mar. 6, 2012).

As "[T]he language of the rule is mandatory, and neither the rule nor the Advisory Committee Notes distinguish between a prevailing party and a losing party…both [] are entitled to recover their expert witness fees under Rule 26(b)(4)(E), unless the Court concludes that

manifest injustice would result." *Se-Kure Controls*, 873 F. Supp. 2d at 952-53 citing Fed. R. Civ.

P. 26, Advisory Committee Notes, 1970 Amendments.

## III.    HOURLY RATES OF EXPERT PERSONNEL WERE REASONABLE

For several reasons, Plaintiff should be reimbursed at the hourly rates it was charged for

the services performed by its retained experts and staff, at their rates of $450.00 per hour for Dr.

Matthews and $300.00 per hour for Mr. Tim Sargeant. Exhibit B to Sheehan Declaration (including

hourly rates for Matthews and Sargeant).

### A.    $450.00 and $300.00 Per Hour were "Market Rate"

As the Seventh Circuit recognized, "the best evidence of [] market value [] is what people

pay for it [since] [] this…is market value." *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix

Corp.*, 73 F.3d 150, 153 (7th Cir. 1996).

Should Defendant assert that Plaintiff "[did not] g[e]t its money's worth, it [can]not deny

that these were real bills that [Plaintiff's Counsel] paid [or that Matthews and Sargeant] ran the

meter because [they] thought that [Arizona] would have to cover the tab." *Balcor*, 73 F.3d at 153.

Since "the best guarantee of reasonableness is willingness to pay," that Plaintiff "actually

paid [Dr. Matthews and Mr. Sargeant at the rates of $450.00 and $300.00 per hour] in the ordinary

course of business without knowing for certain that [he] would be able to shift fees to [Defendant],

the [] [C]ourt should find that the [hourly rate] [is] commercially reasonable." *Oldenburg Grp.

Inc. v. Frontier-Kemper Constructors, Inc.*, 597 F. Supp. 2d 842, 847 (E.D. Wis. 2009) citing

*Balcor*, 73 F.3d at 153;

### B.    Defendant Knew Dr. Matthews' Hourly Rate Prior to Deposition

Should Defendant belatedly challenge the Expert's rate as "unreasonable," it has been

aware of this for almost a year, since the Matthews Report was filed on June 13, 2023. ECF No.

32-3.

As required for "Witnesses Who Must Provide a Written Report," it included "a statement of the compensation to be paid for the study and testimony in th[is] [C]ase," declaring "The compensation paid [] for the study and testimony [] [wa]s $450 per hour." Fed. R. Civ. P. 26(a)(2)(B)(vi); ECF No. 32-3 at ¶ 5.

The record does not reflect any challenges to the Expert's Hourly Rate, and any eleventh hour objections should be viewed with skepticism.

C.    <u>Hourly Rate of $300.00 for Mr. Sargeant "Reasonable" and Necessary</u>

While Rule 34 provides that "a nonparty [such as an expert] may be compelled to produce documents and tangible things," pursuant to Rule 45, Defendant elected to issue thirty-four requests for production to Plaintiff's Expert in lieu of a subpoena. *Roman v. City of Chicago*, No. 20-cv-1717, 2023 WL 121765, at *8 (N.D. Ill. Jan. 6, 2023); Sheehan Decl. at ¶ 4.

In similar contexts, where courts have considered whether "Rule 26(b)(4)(E)(i) [permits] a party['s] [expert] [to] 'be reimbursed for time spent responding to discovery requests, including a deposition subpoena," courts have recognized that "Time an expert spends responding to a deposition subpoena is time spent preparing for that deposition." *Thorne v. Union Pacific Corp.*, No. 15-cv-561, 2018 WL 11422083, at *2 (W.D. Tex. Sept. 27, 2018); *but see Packer v. SN Servicing Corp.*, 243 F.R.D. 39, 44 (D. Conn. 2007) (holding that time experts spent collecting documents pursuant to a subpoena were excluded, but other deposition preparation time was compensable).

In response to Defendant's Rule 34 request, although it was served on Plaintiff, it required information exclusively in the custody and/or control of Plaintiff's Expert. This included over four hundred pages of material.

This required the IT Director with Phillips Fractor, Tim Sargent, to "[spend] time [] gathering documents responsive to [Defendant's] deposition subpoena," and such time is reflected

6

on Invoice # 2311-SA223A. *Moore v. Safeco Ins. Co. of America*, No. 11-cv-01891, 2013 WL 12158376, at *1 (C.D. Cal. Jan. 10, 2013) citing *Fisher-Price Inc. v. Safety 1st, Inc.*, 217 F.R.D. 329, 331 (D. Del. 2003) (granting costs for expert's time spent responding to subpoena request because the documents sought were within the ambit of current Rule 26(b)(4)(E) and thus eligible for reimbursement); Exhibit B to Sheehan Decl.

| Date | Description | Hours | Rate | Amount |
|------|-------------|-------|------|--------|
| 10/18/23 | Confer with Dr. Matthews; pull messages for discovery | 2.50 | $300.00 | $750.00 |
| 10/19/23 | Confer with Dr. Matthews; pull messages for discovery | 0.58 | $300.00 | $174.00 |
| | | 3.08 | Total: | $924.00 |

Though Plaintiff would disagree that "[Defendant's] requests [were] for documents upon which [his] [E]xpert relied," because they are mainly administrative in nature, it would be contrary to the spirit of Rule 26(b)(4)(E) to allow a party to broadly seek information solely in the possession of an expert, yet avoid paying. *Catapult Communications. Corp. v. Foster*, No. 06-cv-6112, 2010 WL 659075 at *2 (N.D. Ill. Feb. 19, 2010) (affirming requirement that "the party seeking expert discovery [] 'pay the expert a reasonable fee for time spent in responding to discovery'").

Mr. Sargeant's rate of $300.00 per hour is presumptively reasonable because he is employed as the IT Director at Phillips Fractor, and the alternative would have required Dr. Matthews to perform the identical tasks, but at $400.00 per hour.

Plaintiff will submit these materials should the Court require "a sufficiently detailed explanation of the appropriateness of the time spent." *SP Techs., LLC v. Garmin Int'l, Inc.*, No. 08-cv-3248, 2014 WL 300987, at *8 (N.D. Ill. Jan. 10, 2014) (denying expert fees where "neither

[party] provided information necessary for the court to evaluate whether the hours sought for
deposition preparation are reasonable").

The Court should reimburse Plaintiff the $924.00 it was required to pay Plaintiff's Expert
in responding to Defendant's "deposition subpoena."

D.    "Reasonableness" of Expert's Hourly Rate

That Plaintiff's Expert's hourly rate was reasonable is supported by the factors courts
typically consider, including:

> (1) [] area of expertise; (2) the education and training required to provide the expert
> insight that is sought; (3) the prevailing rates of other comparably respected
> available experts; (4) the nature, quality, and complexity of the discovery responses
> provided; (5) the fee actually being charged to the party that retained the expert; (6)
> fees traditionally charged by the expert on related matters; and (7) any other factor
> likely to be of assistance to the court in balancing the interests implicated by Rule
> 26.

*LK Nutrition, LLC v. Premier Research. Labs, LP*, No. 12-cv-7905, 2015 WL 4466632, at

*4 (N.D. Ill. July 21, 2015) quoting *Se-Kure Controls*, 873 F. Supp. 2d at 955.

Dr. Matthews' "area of expertise" was described as "survey and research methodology,
marketing research and a[s] [a] mixed-methods specialist." ECF No. 32-1 at ¶ 1. Her "education"
consists of a "Ph.D. from the University of Nebraska – Lincoln in Business (Marketing) in May
2018" and a "master's degree in Survey Research and Methodology from the University of
Nebraska in 2013." ECF No. 32-1 at ¶ 6.

Dr. Matthews' "training" included "stud[ying] Unfair Competition at the University of
Nebraska College of Law," along with "Ph. D. level coursework in the Psychology of Survey
Response, Questionnaire Design, and Total Survey Error." ECF No. 32-1 at ¶ 6.

With respect to "the prevailing rates of other comparably respected available experts," in
the context of admittedly different patent litigation, a court in this Circuit "award[ed] fees to the

[party moving under Rule 26(b)(4)(E)] based on [the expert's] rate of $405.00 per hour." *Se-Kure Controls*, 873 F. Supp. 2d at 955.

Based on a publicly available "Inflation Calculator with U.S. Consumer Price Index ('CPI') Data," which "[C]alculates the equivalent value of the U.S. dollar in any month from 1913 to 2024," "The total inflation rate from 2012 (Average) to Mar. 2023 is 31.47%."[1]



When this is applied to the approved expert rate from *Se-Kure Controls*, the hourly rate would be $537.00, almost ninety dollars higher than Plaintiff's Expert's hourly rate.

E.    "Nature, Quality, and Complexity" of Expert's Responses Sufficient to Support Hourly Rate

Though Defendant prevailed on its Motion for Summary Judgment, Plaintiff's Expert "designed [a] questionnaire/instrument for [the] survey experiment using scientific best practices, following the theory and guidelines laid out in Biemer & Lyberg (2003)..." ECF No. 32-1 at ¶ 24.

---

[1] Calculator.net, Inflation Calculator with U.S. CPI Data.

Plaintiff's Expert fully explained all aspects of the Expert Report about which Defendant inquired. The conclusions of the Expert Report were the detailed subject of the deposition, which lasted close to seven hours.

The Expert Report used the statistical method of "Logistic regression [,] used to obtain odds ratio[s] in the presence of more than one explanatory variable," while "avoid[ing] confounding effects by analyzing the association of all variables together."[2] ECF No. 32-1 at ¶¶ 36, 55-59, 75 (describing application of logistic regression to product variables and effects on respondents).

Since "Sampling is one of the most important factors which determines the accuracy of a study," the benefits and drawbacks of quota sampling compared to "Probability sampling techniques, which include simple random sampling, systematic random sampling and stratified random sampling," was an important consideration.[3]

The Matthews Declaration "compar[ed] the percentage of individuals who believe that the Product contains less than 80 calories and 18 grams of added sugar…statistically assess[ing] the importance of including a label that" includes prominent disclaimers. ECF No. 32-1 at ¶ 151.

The Expert Report "conducted multivariate testing," "a set of techniques that helps us make sense of complex information by examining multiple variables at once," "to control for any additive impact of [] demographic variables on consumers' perceptions of benefits offered by the Product."[4] ECF No. 32-1 at ¶ 169.

---

[2] Sandro Sperandei, *Understanding Logistic Regression Analysis*, Biochem Med (Zagreb), 2014 Feb 15; 24(1): 12-8. doi: 10.11613/BM.2014.003. PMID: 24627710; PMCID: PMC3936971.
[3] Pooja Bhardwaj, *Types of Sampling in Research*, Journal of the Practice of Cardiovascular Sciences, 5(3):p 157-163, Sep-Dec 2019, DOI: 10.4103/jpcs.jpcs_62_19.
[4] George Kuhn, What is Multivariate Analysis? [+Types & Examples], DriveResearch Blog, Oct. 2, 2023.

Based on "the nature and complexity of this [consumer deception] case…the rates sought by [] [Plaintiff's] expert [] are reasonable." *Se-Kure Controls*, 873 F. Supp. 2d at 955 (approving of $405.00 hourly rate in 2012 dollars in patent infringement case).

F.    Other "Reasonableness" Factors Support Hourly Rate

The "fee actually being charged to [Plaintiff]" for the employment of the Expert was the same $450.00 per hour that is sought from Defendant, even though courts have considered circumstances "[where] the expert may not have been charging [a] [p]laintiff," to conclude it would "not rise to the level of manifest injustice" to require the "[adverse party] to pay for [the] expert's time." *LK Nutrition, LLC*, 2015 WL 4466632, at *4.

Finally, the "fees traditionally charged by [Plaintiff's] [E]xpert on related matters" are identical to what has been sought here. Sheehan Decl. at ¶ 4. The invoices attached to the Sheehan Declaration indicate that all fees earned by Plaintiff's Expert have been paid in full.

## IV.    RESPONSIVE TIME WAS REAONABLE AND SUPPORTED

A.    Deposition Lasted over Six Hours

According to the invoice from Court Reporting Service, Inc., its "Videographer [was] on location 10:00 am [to] 5:06 pm," over seven hours, with half an hour for lunch. ECF No. 57-2 at 3. Dr. Matthews' invoice reflects six and a half hours of deposition time, six minutes less than Defendant's own records.[5] Exhibit C.

There is no dispute that the deposition took six and a half hours, and Defendant is obligated to pay for this time. *Barnes v. Sood*, No. 15-cv-4088, 2019 WL 1506014, at *2 (C.D. Ill. Apr. 5, 2019) (ordering payment "for the three hours of deposition time" for opposing party's expert). *U.S.*

---

[5] 426 minutes minus 30 minutes for lunch for a total of 396 minutes of deposition questions. There are 390 minutes in 6.5 hours.

*ex rel. Liotine v. CDW-Gov't, Inc.*, No. 05-cv-33, 2012 WL 1252982, at *2 (S.D. Ill. Apr. 13, 2012) (requiring payment of deposition time of seven hours for expert).

     B.     Recovery for Deposition Preparation Time Should be Granted

Plaintiff's Expert spent 5.25 hours preparing for her deposition, on seven dates, across three months. See Exhibits A, B, and C to Sheehan Declaration.

| Date | Description | Hours | Amount | Invoice # | Invoice Date |
|------|-------------|-------|--------|-----------|--------------|
| 09/11/23 | Deposition Preparation | 0.25 | $112.50 | 2310-SA223A | 10/02/23 |
| 10/16/23 | Deposition Preparation | 0.25 | $112.50 | 2311-SA223A | 11/01/23 |
| 10/18/23 | Deposition Preparation | 0.50 | $225.00 | 2311-SA223A | 11/01/23 |
| 10/19/23 | Deposition Preparation | 1.75 | $787.50 | 2311-SA223A | 11/01/23 |
| 11/14/23 | Deposition Preparation | 0.75 | $337.50 | 2312-SA223A | 12/05/23 |
| 11/15/23 | Deposition Preparation | 0.75 | $337.50 | 2312-SA223A | 12/05/23 |
| 11/16/23 | Deposition Preparation and travel | 1.00 | $450.00 | 2312-SA223A | 12/05/23 |
| | | 5.25 | $2,362.50 | | |

These dates were across several months because the parties sought to accommodate each other with respect to Defendant's additional requests of Plaintiff's Expert, and Plaintiff's Expert's personal circumstances.

Nevertheless, that over five hours was needed to prepare can be inferred from the over one hundred and fifty pages of the Expert Report, which included data analysis, methodology, and supported conclusions.

This Court should "accept[] generally what has emerged as the majority position [in this Circuit] that Rule 26(b)(4)(E)(i)'s reference to 'time spent in responding to discovery' can be read to encompass the expert's deposition preparation time." *LK Nutrition, LLC*, 2015 WL 4466632, at

*2 citing *Goldberg v. 401 N. Wabash Venture LLC*, No. 09-cv-6455, 2013 WL 4506071, at *5 (N.D. Ill. Aug. 23, 2013), *Se-Kure Controls*, 873 F. Supp. 2d at 956, and *Catapult Communications. Corp.*, 2010 WL 659075 at *2.

The factors considered in assessing whether "the expert's preparation time was reasonable [include] '[] the preparation time in relation to the deposition time,' and the nature or complexity of a case, to establish a reasonable ratio of preparation time to actual deposition time." *Se-Kure Controls*, 873 F. Supp. 2d at 956 quoting *LG Elecs.*, 2011 WL 5008425, at *5.

Since Plaintiff's Expert's preparation time, 315 minutes, was less than the 396 minutes answering Defendant's questions, the ratio of 0.80 to 1 supports that this time was necessary and "reasonable."

Though it could be argued that "a complex litigation case involving a claim of false advertising under the Lanham Act, 15 U.S.C. § 1125(a)" or "patent infringement" goes beyond the complexity required by Plaintiff's statutory claim under this State's Consumer Protection Statute, the ratio of preparation time to deposition time weighs in favor of a full recovery for these hours. *Se-Kure Controls*, 873 F. Supp. 2d at 956 citing *LG Elecs.*, 2011 WL 5008425, at *5 (ratio of 3 to 1 in Lanham Act case, was reasonable) and *Nilssen v. Osram Sylvania, Inc.*, No. 01-cv-3585, 2007 WL 257711, at *7 (N.D. Ill. Jan. 23, 2007) (accepting 3 to 1 ratio in a patent infringement case), and *Collins v. Vill. of Woodridge*, 197 F.R.D. 354, 358 (N.D. Ill. 1999) (using a 1.5 to 1 ratio in gender discrimination case).

C. <u>Travel Time of Plaintiff's Expert Should be Assessed at Half of Hourly Rate</u>

While "the time an expert spends traveling to a deposition by the opposing party is compensable," the failure of Plaintiff to distinguish between "Deposition preparation and travel" on the entry for November 16, 2023, Invoice #: 2312-SA223A, should cause the Court to adopt one of two options. *U.S. ex rel. Liotine*, 2012 WL 1252982, at *3.

13

The first, and easier option, would allocate this entire hour as "travel," and "allow[] reimbursement for travel time at 50 percent of [Plaintiff's] [E]xpert's hourly fee," or $225.00. *U.S. ex rel. Liotine*, 2012 WL 1252982, at *3 (acknowledging that although "time traveling to and from the deposition is compensable…charging [expert's] [full] hourly fee [] for time spent traveling is unreasonably high.") citing *U.S. v. 1,604 Acres of Land*, 275 F.R.D. 234, 236 (E.D. Va. 2011) (allowing reimbursement for travel time at 50 percent of expert's hourly fee), and *Frederick v. Columbia University*, 212 F.R.D. 176, 177 (S.D.N.Y. 2003) (reducing compensation by $200 per hour for expert's travel).

The second option would require after-the-fact, non-contemporaneous assessment by Plaintiff's Expert of how much of this hour was spent for preparation compared to travel. Based on the possible difficulties in remembering such minute details, this is potentially unfair to a party which must pay this fee.

## V.    NO "MANIFEST INJUSTICE" FROM ALLOWING RECOVERY OF EXPERT FEES

Since "The language of the rule is mandatory," the Court should not "find[] that enforcing the fee requirements of Rule 26(b)(4)(E) would result in manifest injustice." *Bradford v. Obaisi*, No. 16-cv-8112, 2019 WL 4166855, at *2 (N.D. Ill. Sept. 3, 2019)

This "stringent standard" is not satisfied because "(1) [Defendant] is [not] indigent [n]or [would] (2) requiring [Defendant] to pay [Plaintiff]'s [E]xpert's fee [] create an undue hardship." *Bradford*, 2019 WL 4166855, at *2.

Finally, even where courts have excluded an expert report, this is insufficient to show "manifest injustice." *Fairley v. Andrews*, No. 03-cv-5207, 2008 WL 961592, at *5 (N.D. Ill. Apr. 8, 2008).

14

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion.

Dated:        April 30, 2024

                                        Respectfully submitted,

                                        Sheehan & Associates, P.C.
                                        /s/Spencer Sheehan
                                        spencer@spencersheehan.com
                                        60 Cuttermill Rd Ste 412
                                        Great Neck NY 11021
                                        (516) 268-7080

**Certification Pursuant to Fed. R. Civ. P. 37 and Local Rule 26.1(c)(4)**

Pursuant to 28 U.S.C. § 1746 and subject to the penalties of perjury:

1. On April 24, 2024, I sent Defendant's Counsel three invoices from Phillips, Fractor & Company, LLC ("Phillips Fractor"), the employer of Plaintiff's Expert, for $6,211.50.

2. These invoices reflected the time incurred by Plaintiff's Expert for the deposition, preparing for, and travelling to the deposition. *See* Exhibit A to Declaration of Spencer Sheehan ("Sheehan Decl.").

3. I indicated that should Defendant be willing to withdraw its Bill of Costs, I would not seek recovery of these fees. ECF No. 57.

4. On April 26, 2024, counsel for the parties spoke on the telephone, and I reiterated this request.

5. Based on my understanding of Defendant's Counsel's response, the proposal was not accepted.

6. I conferred in good faith with the person or party failing to make disclosure or discovery in an effort to obtain what is sought in this Motion without Court action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on           April 30, 2024          

                      /s/ Spencer Sheehan          
                      Spencer Sheehan

**Certificate of Service**

I certify that on April 30, 2024, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☒ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan