UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| Kenneth Crawford, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  - against -<br><br>Arizona Beverages USA LLC,<br><br>    Defendant | 3:22-cv-00220-DWD |

Plaintiff's Memorandum of Law in Opposition
to Defendant's Motion for Attorneys' Fees

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ii

TABLE OF AUTHORITIES ........................................................................................................ iii

INTRODUCTION .......................................................................................................................... 1

FACTUAL BACKGROUND ......................................................................................................... 1

LEGAL STANDARDS .................................................................................................................. 2

ARGUMENT .................................................................................................................................. 3

I.      PLAINTIFF'S ALLEGATIONS WERE PURSUED IN GOOD FAITH .......................... 3

        A.    Whether Plaintiff Could Adequately Articulate "Economic Injury" was "Legal Issue" .................................................................................................. 3

        B.    Existence of Other Cases Lacks Relevance to Fee Request .................................. 4

II.     815 ILCS 505/10a(c) APPLIES DIFFERENTLY TO PLAINTIFFS AND DEFENDANTS, AND WEIGH AGAINST AWARD OF FEES ....................................... 6

CONCLUSION ............................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Avery v. State Farm Mut. Auto Ins. Co.*,
  216 Ill. 2d 100 (2005) .................................................................................................. 8

*Benson v. Newell Brands, Inc.*,
  No. 19-cv-6836, 2021 WL 5321510 (N.D. Ill. Nov. 16, 2021) ............................... 4

*Brewer v. Protexall, Inc.*,
  50 F.3d 453 (7th Cir. 1995) ........................................................................................ 7

*Crawford v. Arizona Beverages USA LLC*,
  No. 22-cv-220, 2023 WL 1100260 (S.D. Ill. Jan. 30, 2023) ..................................... 1

*Davidson v. Canteen Corp.*,
  No. 89-cv-9105, 1990 WL 251857 (N.D. Ill. Dec. 27, 1990) .................................. 9

*DM Trans, LLC v. Scott*,
  38 F.4th 608 (7th Cir. 2022) ....................................................................................... 5

*Door Sys., Inc. v. Pro-Line Door Sys., Inc.*,
  126 F.3d 1028 (7th Cir. 1997) ................................................................................... 6

*Dorsey, et al. v. Arizona Beverages USA LLC*,
  No. 23-cv-01729 (D. Md. June 27, 2023) ........................................................ 5, 7, 8

*Gordon v. United Airlines, Inc.*,
  246 F.3d 878 (7th Cir. 2001) ..................................................................................... 8

*Hartmarx Corp. v. Abboud*,
  326 F.3d 862 (7th Cir. 2003) ..................................................................................... 6

*Haskell v. Blumthal*,
  561 N.E. 2d 1315 (Appellate Court, 4th Dist. 1990) ............................................. 7

*Hoffman v. Arizona Beverages USA LLC*,
  No. 23-cv-1213, 2023 WL 8828824 (M.D. Fla. Dec. 21, 2023) ..................... 5, 7, 8

*Kolbe & Kolbe Health & Welfare Ben. Plan v. Med. Coll. of Wisconsin, Inc.*,
  657 F.3d 496 (7th Cir. 2011) ..................................................................................... 3

*Krautsack v. Anderson*,
  861 N.E.2d 633 (2006) ........................................................................................... 2, 7

*Mach v. Will Canty Sheriff*,
  580 F.3d 495 (7th Cir. 2009) ..................................................................................... 3

*Meredith v. Navistar Int'l Trans. Corp.*,
  935 F.2d 124 (7th Cir.1991) ...................................................................................... 3

*Miller et al. v. Arizona Beverages USA LLC*,
 No. 23-cv-03540, 2024 WL 1090627 (N.D. Cal. Mar. 1, 2024) ................................. 5, 7, 8

*Peterson v. Artisan & Truckers Cas. Co.*,
 No. 19-cv-102, 2019 WL 2717099 (W.D. Wis. June 28, 2019)............................................ 5

*Remijas v. Neiman Marcus Group, LLC*,
 794 F.3d 688 (7th Cir. 2015) ............................................................................................... 4

*Roadway Express, Inc. v. Piper*,
 447 U.S. 752 (1980)............................................................................................................. 3

*S Indus., Inc. v. Centra 2000, Inc.*,
 249 F.3d 625 (7th Cir. 2001) ............................................................................................... 6

*Sprague v. Cent. States, Se. & Sw. Areas Pension Fund*,
 No. 99-cv-7726, 2001 WL 1914700 (N.D. Ill. Nov. 6, 2001) ............................................. 7

*Tucker v. Williams*,
 682 F.3d 654 (7th Cir. 2012) ............................................................................................... 5

*U.S. v. Noel*,
 581 F.3d 490 (7th Cir. 2009) ............................................................................................... 4

*U.S. v. Van Eyl*,
 468 F.3d 428 (7th Cir. 2006) ............................................................................................... 4

*Warmack-Stillwell v. Christian Dior, Inc.*,
 No. 22-cv-4633, 2023 WL 4825413 (N.D. Ill. July 27, 2023) ............................................. 2

*Wetzler v. Illinois CPA Soc'y & Found. Ret. Income Plan*,
 No. 07-cv-1326, 2008 WL 11366178 (C.D. Ill. Dec. 11, 2008)........................................... 4

*White v. DaimlerChrysler Corp.*,
 368 Ill. App. 3d 278 (2006) ................................................................................................. 8

**Statutes**

28 U.S.C. § 1927................................................................................................................................ 5

815 ILCS 505/1 .................................................................................................................................. 1

815 ILCS 505/10a(c).................................................................................................................... 2, 7

## INTRODUCTION

Kenneth Crawford ("Plaintiff") submits this Memorandum of Law in Opposition to the Motion by Arizona Beverages USA LLC ("Defendant") for Attorneys' Fees. ECF No. 59, Defendant's Motion for Attorneys' Fees and Incorporated Memorandum of Law in Support of Motion ("Def. Mem.").

## FACTUAL BACKGROUND

Plaintiff filed this action on February 6, 2022, alleging that the representation "Lite" was (1) "misleading with respect to the Product's sugar content," because "sugar is the second most predominant ingredient in the Product by weight," and (2) "misleading with respect to the Product's calorie content," because the Product "is not low in calories" and "it does not identify any other food" as a "reference food" to provide "the consumer [with] context for [this] claim." Complaint ("Compl.") ¶ II(A), 19, II(B), 35-37, ECF No. 1.

Following Defendant's Motion to Dismiss, filed on April 29, 2022 (ECF No. 14), the Court permitted Plaintiff's consumer fraud claims arising under the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*, to proceed because "the Court cannot say that as a matter of law that significant portion of reasonable consumers are not deceived by the 'Lite' claim made by Defendant in its labeling." *Crawford v. Arizona Beverages USA LLC*, No. 22-cv-220, 2023 WL 1100260, at *5 (S.D. Ill. Jan. 30, 2023). The Court also denied dismissal of the unjust enrichment claim, "based on [it's] determination that Plaintiff has stated a colorable ICFA claim." *Crawford*, 2023 WL 1100260, at *9.

On March 30, 2024, the Court entered an order granting Defendant's motion for summary judgment on all of Plaintiff's claims under the ICFA and unjust enrichment, in addition to denying Plaintiff's motion for class certification as moot. *See* ECF No. 55.

Defendant now argues that Plaintiff should be responsible for its attorneys' fees incurred

between February 13, 2023 and January 2024 because Plaintiff "acted in bad faith."[1] Def. Mem. at 4-5. For several reasons, its motion should be denied.

## LEGAL STANDARDS

The ICFA fee provision states that "in any action brought by a person under this Section, the Court…may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party." *Warmack-Stillwell v. Christian Dior, Inc.*, No. 22-cv-4633, 2023 WL 4825413, at *1 (N.D. Ill. July 27, 2023) quoting 815 ILCS 505/10a(c).

Since these fees "may" be awarded support the conclusion that "such awards are left to the discretion of the trial court." *Warmack-Stillwell*, 2023 WL 4825413, at *1 citing *Krautsack v. Anderson*, 861 N.E.2d 633, 643 (2006).

In determining whether to enter an award of attorneys' fees, the Court must "examine the fee-shifting provision in light of the entire statute, keeping in mind the subject the statute addresses, the legislature's apparent objective in adopting the statute, and the evils sought to be remedied." *Krautsack*, 861 N.E.2d at 645.

Some courts have observed that the dichotomy between "good faith" suits and suits brought to harass "did not account for the many cases that fell into the gray area between the two, noting that a party's argument 'may be a clear loser without necessarily being offered in bad faith or with harassing intent.'" *Kolbe & Kolbe Health & Welfare Ben. Plan v. Med. Coll. of Wisconsin, Inc.*,

---

[1] In support of its motion, Defendant submitted the Declaration of Thomas J. Dluski ("Dluski Decl."), ECF No. 59-1, his biography showing his background and experience in this practice of law, Ex. A, ECF No. 59-2, the Declaration of Robert P. Donovan ("Donovan Decl."), ECF No. 59-3, redacted invoices from Stevens & Lee issued to Defendant for the period between February 1, 2023 through January 31, 2024, Ex. A, ECF No. 59-4, redacted invoices issued by Saul Ewing to Defendant for services rendered between the period of February 1, 2023 through January 31, 2024, Ex. B, ECF No. 59-5, Plaintiff's retainer agreement with counsel, Ex. C, ECF No. 59-6, amended complaints filed against Defendant in actions pending in three other United States District Courts, Exs. D-F, ECF Nos. 59-7-9, a document produced in discovery in the Hoffman Action, Ex. G, ECF No. 59-10, a breakdown of the hours, the hourly rates charged and identity of the timekeepers, Ex. H, ECF No. 59-11, and the firm biographies and/or resumes of the attorneys involved in this case on Defendant's side, Ex. I, ECF No. 59-12.

657 F.3d 496, 501 (7th Cir. 2011).

Though the Seventh Circuit has applied different tests, "the bottom-line question [under any approach] is essentially the same: was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" *Meredith v. Navistar Int'l Trans. Corp.*, 935 F.2d 124, 128 (7th Cir.1991).

## ARGUMENT

### I. PLAINTIFF'S ALLEGATIONS WERE PURSUED IN GOOD FAITH

#### A. Whether Plaintiff Could Adequately Articulate "Economic Injury" was "Legal Issue"

Defendant's assertion of "bad faith," based on its one-sided interpretation of Plaintiff's deposition, distorts the record. *Mach v. Will Canty Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009) and *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980).

Even accepting that "after [Plaintiff] became aware of the sugar content and caloric content of the Product, he continued to purchase it because he thought it was 'a great value, quenched his thirst, and had a pleasing taste'" disregards he did so "because [he] thought it was a healthier alternative." Def. Mem. at 5-6; Crawford Tr., 76:2-5; 86:1.

This testimony was consistent with the Complaint's allegations that "Lite" was "a relative statement, comparing one thing to another." Compl. ¶ 11. According to dictionary definitions, it refers to "a commercial product that is low in calories or low in any substance considered undesirable, as compared with a product of the same type." Compl ¶¶ 9-10 (citing definitions from Dictionary.com and Oxford Dictionary).

Further, whether Plaintiff, a layperson, thought he paid "a fair price" or if he thought "it [was] possible that maybe it cost more" was agreed by both attorneys at the deposition, because "lay testimony offering a legal conclusion is inadmissible because it is not helpful to the jury, as

3

required by Rule 701(b)." Crawford Tr., 63:16-21, 86:4-17, 86: 18-21, 106:16-20 (Defendant's Counsel's assertion of "Objection to form. No foundation. Expert opinion" in response to Plaintiff's Counsel's question about injury, which Plaintiff's Counsel recognized was "fair" based on the issue); *U.S. v. Noel*, 581 F.3d 490, 496 (7th Cir. 2009).

Additionally, because Plaintiff's responses to questions about how he "valued" the Product was a "legal conclusion" that "w[as] inherently unhelpful," because the Court would have instructed the jury as to how to determine an economic injury pursuant to the ICFA, have no relevance to the question of damages, which Defendant's Counsel seemingly agreed to at the deposition. *U.S. v. Van Eyl*, 468 F.3d 428, 432-33 (7th Cir. 2006) citing Fed. R. Evid. 704(a).

Indeed, Plaintiff's damages are a "financial injury in the form of an overcharge," because "the Product is sold at a price premium … higher than similar products … and higher than it would be sold for, absent the misleading representations and omissions." *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688, 695 (7th Cir. 2015); Compl. ¶ 57.

Further, "price-premium damages calculations based on conjoint analysis designed to isolate the portion of the payment attributable to a misrepresented product feature have been accepted by several courts" in this Circuit. *Benson v. Newell Brands, Inc.*, No. 19-cv-6836, 2021 WL 5321510, at *5 (N.D. Ill. Nov. 16, 2021).

Accordingly, because "this case sought 'resolution of a genuine dispute,'" and there is "[no]thing suggesting that the litigation was brought in bad faith or for purposes of harassment," "the Court must conclude that [Plaintiff's] apparent good faith [] is sufficient to overcome the modest presumption in favor of an award of fees." *Wetzler v. Illinois CPA Soc'y & Found. Ret. Income Plan*, No. 07-cv-1326, 2008 WL 11366178, at *2 (C.D. Ill. Dec. 11, 2008).

    B.    <u>Existence of Other Cases Lacks Relevance to Fee Request</u>

Defendant's assertion that it faces a "threat [of] defending against substantially similar claims" through the "three [other] actions, pending in other United States District Courts, that concern the product that was at issue in this action" disregards that the Court's discretion under the ICFA fee-shifting provision is not "a grant of authority to do good, rectify shortcomings of the common law…or undermine the American rule on the award of attorneys' fees to the prevailing party." *Tucker v. Williams*, 682 F.3d 654, 661-62 (7th Cir. 2012) (finding imposition of sanctions and fees under Rule 11, 28 U.S.C. § 1927, and a court's "inherent power" "in the interest of 'fairness'" "precisely the sort of sanction that is outside the court's inherent power").

Not only have courts in *Hoffman*, *Dorsey*, or *Miller* not decided any motions under Rule 12, none have even begun briefing motions for summary judgment. Def. Mem. at 7-8 citing *Hoffman v. Arizona Beverages USA LLC*, No. 23-cv-1213, 2023 WL 8828824, at *5 (M.D. Fla. Dec. 21, 2023), *Dorsey, et al. v. Arizona Beverages USA LLC*, No. 23-cv-01729 (D. Md. June 27, 2023), and *Miller et al. v. Arizona Beverages USA LLC*, No. 23-cv-03540, 2024 WL 1090627, at *5 (N.D. Cal. Mar. 1, 2024);

Even if those courts reached decisions that were not consistent with this Court, none would be "binding authority on [any] court," since, as "[the Seventh Circuit has] 'noted repeatedly, [] district court decision[s] do[] not have stare decisis effect [] [and] [are] not [] precedent.'" *DM Trans, LLC v. Scott*, 38 F.4th 608, 620 (7th Cir. 2022); *see also Peterson v. Artisan & Truckers Cas. Co.*, No. 19-cv-102, 2019 WL 2717099, at *3 (W.D. Wis. June 28, 2019) (denying sanctions that "primarily rest[ed] on plaintiff's pursuing the same [] theory based on the same allegations as in [another case decided by the same judge]").

The existence of these actions, without more, is not indicative of "bad faith" by Plaintiff's Counsel, for several reasons, including other attorneys involved in *Hoffman* and *Miller*, and

5

different applicable laws.

Since a court "would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence," these other matters should not impact the Court's decision. *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003).

Accordingly, the conduct of Plaintiff and Plaintiff's Counsel in this case does not constitute "something that might be described not just as a losing suit but as a suit that had elements of an abuse of process, whether or not it had all the elements of the tort." *Door Sys., Inc. v. Pro-Line Door Sys., Inc.*, 126 F.3d 1028, 1031 (7th Cir. 1997).

Indeed, the present case is not comparable to the award of attorney fees against S Industries, where its "trademark claims were meritless and because of the dilatory tactics it employed." *S Indus., Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001).

In contrast to the "pattern of abusive and improper litigation with which th[at] company and Lee Stoller, its sole shareholder, have burdened the courts of this circuit," no such findings have been made against the plaintiffs in *Hoffman*, *Miller*, and *Dorsey*, who were not parties to this action nor did they bring their cases before this Court. *S Indus., Inc.*, 249 F.3d at 629.

## II.   815 ILCS 505/10A(C) APPLIES DIFFERENTLY TO PLAINTIFFS AND DEFENDANTS, AND WEIGH AGAINST AWARD OF FEES

While the Court may consider five factors in determining whether fees should be awarded, "(1) the degree of the opposing part's culpability or bad faith; (2) ability to satisfy an award of fees; (3) the deterring effect of an award on the filing of unfounded claims; (4) whether a party seeking fees sought to benefit all consumers or businesses or to resolve a significant legal question regarding the Act; and (5) the relative merits of the parties' positions," there is a "difficulty in envisioning a circumstance arising under the [Consumer Fraud] Act where fees should be awarded a defendant absent bad faith on the part of a plaintiff." Def. Mem. at 4-5 citing 815 ILCS

505/10a(c); *see Sprague v. Cent. States, Se. & Sw. Areas Pension Fund*, No. 99-cv-7726, 2001 WL 1914700, at *1 (N.D. Ill. Nov. 6, 2001) citing *Brewer v. Protexall, Inc.*, 50 F.3d 453, 458 (7th Cir. 1995); *Krautsack*, 861 N.E.2d at 644 citing *Haskell v. Blumthal*, 561 N.E. 2d 1315, 1319 (Appellate Court, 4th Dist. 1990) (noting the "difficulty in envisioning a circumstance arising under the [Consumer Fraud] Act where fees should be awarded a defendant absent bad faith on the part of a plaintiff").

The first factor weighs against an award of attorneys' fees as Plaintiff's counsel acted in good faith in maintaining this action, despite Defendant's contentions. *See supra* § I.

Defendant argues that "[t]he second factor, the Plaintiff's ability to satisfy an award, is non-applicable" because "any award of counsel fees and costs, in Defendant's favor, would be the obligation of Plaintiff's counsel, not Plaintiff." Def. Mem. at 6-7. This disregards that "different standards should be used for plaintiffs and defendants," since "the amounts at issue are not normally large enough to sustain litigation." *Krautsack*, 861 N.E.2d at 644.

This means that not only plaintiffs, but if their counsel, "are routinely subject to liability for the defendants' fees and costs, such actions would be deterred, defeating the purpose of the Act." *Krautsack*, 861 N.E.2d at 644.

Defendant next argument reveals that it really seeks is to distinguish other litigation, before other courts, demanding an "award of fees [] to chasten others from bringing suspect food labeling claims and clogging the Court's docket, needlessly." Def. Mem. at 7-8 citing *Hoffman*, 2023 WL 8828824, at *5, *Dorsey*, No. 23-cv-01729, and *Miller*, 2024 WL 1090627, at *5. Notwithstanding the absence of a punitive purpose to this fee-shifting provision, "[a]ll these actions were filed in 2023," prior to this Court's Order granting Defendant summary judgment. Def. Mem. at 8.

Accordingly, an award of attorneys' fees would have no "deterrent effect" on Plaintiff

Crawford, who is not a party to any of these cases, or the attorneys representing the plaintiffs in those actions, as they have already been filed and are still open cases. *See, e.g.*, *Hoffman*, 2023 WL 8828824, at *5, *Dorsey*, No. 23-cv-01729, and *Miller*, 2024 WL 1090627, at *5.

Defendant further argues that the fourth factor, "resolving a significant legal question regarding the statute, also weighs in favor of granting fees because the March 30 Order confirms a consumer's burden to prove reliance and to have evidence of damages in order to establish a claim under the ICFA." Def. Mem. at 8.

However, the Court's March 30 order confirmed that the "ICFA does not require reliance." ECF No. 55 at ¶ 10 quoting *White v. DaimlerChrysler Corp.*, 368 Ill. App. 3d 278, 283 (2006) (explaining that "[a] material fact exists where a buyer would have acted differently knowing the information, or if it concerned the type of information upon which a buyer would be expected to rely in making a decision whether to purchase").

Further, the Court's explanation that "ICFA also requires a showing of actual damage proximately caused by the deception" is a long-standing principle. *See* ECF No. 55 at ¶ 10 citing *Avery v. State Farm Mut. Auto Ins. Co.*, 216 Ill. 2d 100, 180 (2005).

Lastly, Defendant argues that the "fifth and final factor, the relative merits of the parties' positions, heavily weighs in favor of awarding fees, because "[f]our of Plaintiffs claims did not survive Defendant's Motion to Dismiss," and the "remaining claims were so deficient that they could not withstand the 'low hurdle' of summary judgment." Def. Mem. at 8-9 citing ECF No. 55 at 9.

First, this ignores that "Summary judgment is a hurdle high enough," and that dismissal is hardly tantamount to having had no chance of success. *Gordon v. United Airlines, Inc.*, 246 F.3d 878, 896 (7th Cir. 2001).

Second, that three of Plaintiff's claims survived Defendant's Motion to Dismiss, including his ICFA claim, the claim upon which all his other causes of actions depended, supports the idea that there was no "significant disparity between the strength of the [Defendant's] position and that of the [Plaintiff]." Def. Mem. at 8-9; *see Davidson v. Canteen Corp.*, No. 89-cv-9105, 1990 WL 251857, at *1 (N.D. Ill. Dec. 27, 1990).

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court deny Defendant's motion.

Dated: May 11, 2024

Respectfully submitted,

/s/Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com

**Certificate of Service**

I certify that on May 11, 2024, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☐ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☒ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan