# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH CRAWFORD, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ARIZONA BEVERAGES USA LLC,<br><br>　　　　Defendant. | Civil Action No. 3:22-cv-00220<br><br>Judge David W. Dugan, U.S.D.J. |

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPERT FEES

STEVENS & LEE, P.C.
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone: (201) 857-6778
Robert P. Donovan, Esq. (Admitted *Pro Hac Vice*)
*Robert.donovan@stevenslee.com*

-and-

SAUL EWING ARNSTEIN & LEHR LLP
161 North Clark Street, Suite 4200
Chicago, Illinois 60514
Telephone: (312) 351-3292
Casey T. Grabenstein, Esq. (6289606)
*Casey.grabenstein@saul.com*

*Attorneys for Defendant,*
*Arizona Beverages USA LLC*

## **TABLE OF CONTENTS**

INTRODUCTORY STATEMENT ................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND GERMANE TO MOTION .........................1

LEGAL ARGUMENT ...................................................................................................................2

    I.    Recovery of Expert Fees For a Non-Prevailing Party is Governed By Rule 54 and Is Dependent Upon the Interests of Justice ...................................2

    II.   Plaintiff's Motion is Time Barred..........................................................................3

    III.  Reimbursing Plaintiff for Expert Fees Would be Manifestly Unjust ......................................................................................................5

    IV.  Plaintiff's Proposed Fee is Unreasonable ...............................................................6

    V.   Just Grounds Exist to Offset Any Reimbursement of Expert Fees Against the Fees and Costs Owed to Defendant ........................................... 10

CONCLUSION ............................................................................................................................ 11

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Advanced Video Techs., LLC v. HTC Corp.,*
    2016 WL 1253899 (S.D.N.Y. Feb. 23, 2016) ................................................................. 3,4

*Balcor Real Estate Holdings, Inc, v. Walentas-Phoenix Corp.,*
    73 F3d 150 (7th Cir. 1996) ................................................................................................... 8

*Bradford v. Obaisi,*
    2019 WL 4166855 (N.D. Ill. Sept. 3, 2019) ..................................................................... 3,4

*Chicago Tchrs. Union, Loc. 1, Am. Fed'n of Tchrs., AFL-CIO v. Bd. of Educ. of City of Chicago,*
    No. 12 C 10338, 2020 WL 13608315 (N.D. Ill. May 29, 2020) ....................................... 10

*Collins v. Village of Woodridge,*
    197 F.R.D. 354 (N.D. Ill. 1999) ........................................................................................... 8

*Deimer v. Cincinnati Sub-Zero Prod., Inc.,*
    1992 WL 41346 (N.D. Ill. Feb. 19, 1992) ........................................................................... 4

*Delgado v. Sweeney,*
    2004 WL 228962 (E.D. Pa. Jan. 6, 2004) ............................................................................ 4

*Harris v. The Picture People,*
    2004 WL 3189467 (N.D. Ill. Nov. 22, 2004) ...................................................................... 4

*Jackson v. Wexford Health Sources, Inc.,*
    2023 WL 8020725 (S.D. Ill. Nov. 20, 2023) ....................................................................... 3

*Levitin v. Nw. Cmty. Hosp.,*
    2022 WL 17960676 (N.D. Ill. Dec. 27, 2022) ................................................................... 10

*LG Elecs. U.S.A., Inc. v. Whirlpool Corp.,*
    2011 WL 5008425 ................................................................................................................ 3

*Liquid Dynamics Corp. v. Vaughan Co.,*
    2002 WL 31207212 (N.D. Ill. Oct. 2, 2002) .................................................................... 2,6

*LK Nutrition, LLC v. Premier Rsch. Labs, LP,*
    2015 WL 4466632 (N.D. Ill. July 21, 2015) ....................................................................... 8

*Mallory v. Rush Univ. Med. Ctr.,*
    2020 WL 6132231 (N.D. Ill. Oct. 19, 2020) .................................................................... 5,6

*Oldenburg Grp. Inc. v. Frontier-Kemper Constructors, Inc.*,
    597 F. Supp. 2d 842 (E.D. Wis. 2009) ............................................................................. 8

*Profile Prod., LLC v. Soil Mgmt. Techs., Inc.*,
    155 F. Supp. 2d 880 (N.D. Ill. 2001) ........................................................................ 6,8,9

*Se-Kure Controls, Inc. v. Vanguard Products Grp.*,
    873 F. Supp. 2d 955 (N.D. Ill. Dec. 31, 2010) ........................................................ 3,6,7,10

*Smith v. City of Chicago*,
    2013 WL 5609332 (N.D. Ill. Oct. 11, 2013) ..................................................................... 6

*SP Techs., LLC v. Garmin Int'l, Inc.*,
    2014 WL 300987 (N.D. Ill. Jan. 10, 2014) ....................................................................... 2

*Trs. of the Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.*,
    570 F.3d 890 (7th Cir. 2009) ............................................................................................ 6

*United States v. Sears Holding Corp.*,
    2013 WL 12291533 (S.D. Ill. Nov. 22, 2013) .................................................................. 3

**Rules**

Fed. R. Civ. P. 26(b)(4)(E) ............................................................................................. *passim*

Fed. R. Civ. P. 54(d) ...................................................................................................... *passim*

Local Rule 54.2(c) ............................................................................................................... 3,4

## INTRODUCTORY STATEMENT

Defendant, Arizona Beverages USA LLC ("Defendant"), submits this Memorandum of Law in opposition to the motion filed by plaintiff, Kenneth Crawford ("Plaintiff"), for expert fees pursuant to Fed. R. Civ. P. 26(b)(4)(E). (ECF No. 63). Defendant respectfully opposes Plaintiff's motion because:

- <u>The motion is untimely and the request for fees was waived</u> – A motion for expert fees under Rule 26(b)(4)(E) is governed by Rule 54(d)(1) and must be filed, in accordance with this Court's Local Rules, "no later than 30 days after the entry of judgment." Here, the Court entered summary judgment on March 30, 2024. Plaintiff filed his motion on April 30, 2024 – thirty-one (31) days after the entry of judgment.

- <u>An order directing Defendant to reimburse Plaintiff for expert fees would be manifestly unjust</u> – As set forth in Defendant's pending motion for attorneys' fees (ECF No. 59), Plaintiff knew or should have known that the claims in this matter were baseless after Plaintiff's deposition on February 13, 2023. Yet, Plaintiff continued to pursue this matter, needlessly and in bad faith, forcing Defendant to incur significant costs in response to an action that was abjectly meritless. Requiring Defendant to pay costs to the non-prevailing party, under such circumstances, would be contrary to the interests of justice.

- <u>Plaintiff failed to demonstrate a reasonable hourly rate and seeks fees for services that lack itemization</u> - In the event the Court considers the merits of the motion, Defendant respectfully requests that the Court reject the rate Plaintiff proposed and deny any recovery of fees unrelated to the expert's deposition.

- <u>Defendant respectfully requests that any fee award be offset against the costs and fees that are the subject of Defendant's motion for fees and bill of costs</u> – Given Defendant's pending motion for fees and bill of costs, just grounds exist to consider offsetting Plaintiff's motion for fees against the amounts sought in Defendant's applications.

## FACTUAL AND PROCEDURAL BACKGROUND GERMANE TO MOTION

On March 30, 2024, this Court granted Defendant's motion for summary judgment. (ECF No. 55). On April 12, 2024, Defendant filed its bill of costs. (ECF No. 57). On April 15, 2024, Defendant filed a motion for attorneys' fees. (ECF No. 59). On April 30, 2024, thirty-one (31) days after the entry of summary judgment, Plaintiff filed a motion for expert fees concerning

plaintiff's proffered class certification expert, Doctor Andrea Lynn Matthews ("Dr. Matthews"). (ECF No. 63).

By way of summary, the invoices Plaintiff submits set forth the following fees:

| TIMEKEEPER | DESCRIPTION | HR RATE | HOURS | AMOUNT |
|---|---|---|---|---|
| Dr. Matthews | Deposition | $450 | 6.5 | $2,925.00 |
| Dr. Matthews | "Deposition preparation" | $450 | 4.25 | $1,912.50 |
| Dr. Matthews | "Deposition preparation and travel" | $450 | 1.0 | $450.00 |
| Tim Sargent | "Confer with Dr. Matthews; pull messages for discovery" | $300 | 3.08 | $924.00 |

(*See* ECF No. 63-2, Ex. A).

## LEGAL ARGUMENT

**I.    Recovery of Expert Fees For a Non-Prevailing Party is Governed by Rule 54 and Is Dependent Upon the Interests of Justice**

Federal Rule of Civil Procedure 26(b)(4)(E) provides:

> Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and (ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

Such "expert fees pursuant to Rule 26(b)(4)(E) are recoverable as costs under Rule 54(d)." *SP Techs., LLC v. Garmin Int'l, Inc.*, No. 08 CV 3248, 2014 WL 300987, at *7 (N.D. Ill. Jan. 10, 2014) (citing *Chambers v. Ingram*, 858 F.2d 351, 360-61 (7th Cir. 1988)); *see also Liquid Dynamics Corp. v. Vaughan Co.*, No. 01 C 6934, 2002 WL 31207212 (N.D. Ill. Oct. 2, 2002). Courts in this circuit allow recovery of fees to non-prevailing parties in defined circumstances. *See Se-Kure Controls, Inc. v. Vanguard Prod. Grp., Inc.*, 873 F. Supp. 2d 939, 951-53 (N.D. Ill.

2012); *see also Bradford v. Obaisi*, No. 16 CV 4166855, 2019 WL 4166855, at *2 (N.D. Ill. Sept. 3, 2019) (noting that "the case law interpretation of [Rule 26(b)(4)(E)] is sparse") (internal quotations omitted).

The general rule is that whenever any party seeks discovery from an opposing party's expert witness, they are "ordinarily required to pay the expert for the time that he or she spends in responding to the request," so long as the request is timely and manifest injustice would not result. *Bradford v. Obaisi*, No. 16 C 8112, 2019 WL 4166855, at *2 (N.D. Ill. Sept. 3, 2019); *see also United States v. Sears Holding Corp.*, No. 09-CV-588-MJR-PMF, 2013 WL 12291533, at *1 (S.D. Ill. Nov. 22, 2013); *Advanced Video Techs., LLC v. HTC Corp.*, No. 11-cv-6604, 2016 WL 1253899, at *7 (S.D.N.Y. Feb. 23, 2016) (holding that defendants "properly sought costs under Rule 26(b) by seeking costs as part of its bill of costs within thirty days after the entry of final judgment."); *Jackson v. Wexford Health Sources, Inc.*, No. 3:20-CV-00900-DWD, 2023 WL 8020725, at *12 (S.D. Ill. Nov. 20, 2023) (allowing reimbursement after determining no "manifest injustice" would occur).

### II. Plaintiff's Motion is Time Barred

In actions pending in this Court, Local Rule 54.2(c) states that "a request for costs must be filed no later than 30 days after the entry of judgment."

Plaintiff fails to cite to any authority that allows a party to file a motion for expert fees after the 30-day period following entry of final judgment. In *Advanced Video Techs., LLC*, 2016 WL 1253899, at *7, the court stated that defendants "timely and properly sought costs under Rule 26(b) by seeking costs as part of its bill of costs within thirty days after the entry of final judgment." In *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, No. 08-cv-0242, 2011 WL 5008425, the court did not address the issue of timeliness. Likewise, in *Se-Kure Controls, Inc.*, the court declined to address the issue altogether. 873 F. Supp. 2d at 954 n. 5.

Additionally, Plaintiff refers to *Advanced Video* (ECF No. 63 at 4) but that decision does not bear upon the question of waiver presented here. Instead, the court observed that no waiver arises in circumstances where a party did not seek expert fees "near the time of the deposition". *See Advanced Video Techs., LLC*, 2016 WL 1253899, at *7. *Advanced Video* actually supports Defendant's opposition because the court there ruled that "pursuant to Local Rule 54.1(a) [defendants] timely and properly sought costs under Rule 26(b) by seeking costs as part of its bill of costs within thirty days after the entry of final judgment." *Id.* (applying the Southern District of New York's similar local rule as to timing of bills of costs).

When a party fails to file the motion seeking costs within 30 days of final judgement, it has waived its right to recover those costs. *See Deimer v. Cincinnati Sub-Zero Prod., Inc.,* No. 90 C 1412, 1992 WL 41346, at *2 (N.D. Ill. Feb. 19, 1992) (addressing motion for costs under Rule 54(d)); *see also Harris v. The Picture People*, No. 03 C 3032, 2004 WL 3189467, at *1 (N.D. Ill. Nov. 22, 2004) (a bill of costs is timely if filed within 30 days from the entry of judgment). Because Plaintiff filed its motion after the 30-day deadline expired, he is barred from seeking reimbursement for expert fees. *See* Local Rule 54.2(c).

### III. Reimbursing Plaintiff for Expert Fees Would be Manifestly Unjust

The Court should not reimburse a party's expert fees if "manifest injustice" would occur. *Bradford,* 2019 WL 4166855, at *2. "It is not entirely clear, however, what manifest injustice means in this context." *Id.* On the one hand, the exception to the mandatory fee provision of Rule 26(b)(4)(E) involves a "stringent standard." *Id.* (quoting *Reed v. Binder*, 165 F.R.D. 424, 427 (D.N.J. 1996)). On the other hand, what that standard includes has not always been evident because the "case law interpretation of this provision is sparse." *Id.* (quoting *Harris v. San Jose Mercury News, Inc.*, 235 F.R.D. 471, 473 (N.D. Cal. 2006)); *see also See Delgado v. Sweeney*, No. Civ. A 01-3092, 2004 WL 228962, at *1 (E.D. Pa. Jan. 6, 2004) ("Unfortunately, there is no clear

definition of 'manifest injustice.'"). According to a more recent decision, "[a] finding of 'manifest injustice' is rare, and the court will exempt a deposing party from paying such a fee only in 'extreme circumstances.'" *Mallory v. Rush Univ. Med. Ctr.*, No. 18 CV 4364, 2020 WL 6132231, at *3 (N.D. Ill. Oct. 19, 2020).

The circumstances here are sufficiently "extreme" to exempt Defendant from the mandatory reimbursement requirement. *Id.* Plaintiff knew or should have known that his claims were meritless following his deposition testimony on February 13, 2023. As stated in the decision granting summary judgment, "Plaintiff chose to base his claim on the single Product label identified in his Complaint, and there is no real indication that he ever saw the very label by which he now claims to have been misled." (ECF No. 55 at 8-9). In the Complaint, Plaintiff alleged that had he known the truth about the Product's contents, he would not have bought the Product or would have paid less for it. (ECF No. 1, ¶¶ 54 and 56). However, Plaintiff testified that after he became aware of the sugar and caloric content of the Product, he continued to purchase it because he thought it was "a great value, quenched his thirst, and had a pleasing taste." (ECF No. 55 at 9). During his deposition, Plaintiff also testified he thought the Product "was a fair price." (*Id.*) This Court found that "Plaintiff's own testimony belies his claim of being caused to suffer damage resulting from the representation complained of." (*Id.* at 10).

Notwithstanding the groundless basis for his claims, Plaintiff continued to litigate this matter after his deposition, for another full year, in bad faith, forcing Defendant to expend time and to incur substantial fees, including those incurred in deposing Dr. Matthews on November 16, 2023. (ECF No. 47, Ex. E). Plaintiff is thereby seeking to have his counsel reimbursed for fees incurred during this period of engaging in bad faith. Such circumstances are sufficiently "extreme"

to justify the denial of Plaintiff's motion because an order awarding costs would be manifestly unjust. *See Mallory*, 2020 WL 6132231, at *3.

### IV. **Plaintiff's Proposed Fee Is Unreasonable**

Rule 26(b)(4)(E)(i) requires the party seeking discovery to pay only a "reasonable fee," and it is up to the party who is seeking reimbursement of an expert witness's fees to show that those fees are in fact reasonable. *Smith v. City of Chicago*, No. 12 CV 4546, 2013 WL 5609332, at *1 (N.D. Ill. Oct. 11, 2013); *Se–Kure Controls*, 873 F. Supp. 2d at 955; *Trs. of the Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009) (The "party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable.").

The determination of what constitutes a "reasonable fee" is within the Court's sound discretion. *Smith*, 2013 WL 5609332, at *2; *Profile Prod., LLC v. Soil Mgmt. Techs., Inc.*, 155 F. Supp. 2d 880, 886 (N.D. Ill. 2001). In exercising its discretion, the Court may look to the rates accepted and/or rejected by other courts. *Smith*, 2013 WL 5609332, at *2. In addition, "[c]osts for deposition preparation are generally not awarded," (*Liquid Dynamics Corp. v. Vaughan Co.*, No. 01 C 6934, 2002 WL 31207212, at *4 (N.D. Ill. Oct. 2, 2002)), and the only costs recoverable are those incurred by "the expert" – not those of the expert's associate(s). *Profile Prod., LLC*, 155 F. Supp. 2d at 886-87 (rejecting request for reimbursement of expenses of the "associate who aided [expert] in preparing the testimony.")

Plaintiff argues that Dr. Matthews' hourly rate of $450 per hour is reasonable. However, Plaintiff submits no affidavit from any expert in Dr. Matthews' field to establish the hourly market rate. There is no evidence presented of prevailing rates to justify Dr. Matthews' fee. The conclusory and unspecified contention by counsel that the rate sought is the same as those previously charged in other unspecified actions is insufficient proof. (ECF No. 63-1, ¶ 4).

Plaintiff principally relies upon *Se-Kure Controls* where the court awarded reimbursement at a rate of $405 per hour for one of the defendants' damages experts. Plaintiff argues that since one of three experts in that case was awarded a fee of $405 per hour, then, adjusted for inflation, Plaintiff's rate is reasonable. (ECF 63 at 8-9). However, *Se-Kure* offers little guidance because that decision concerned a complex patent infringement case. 873 F. Supp. 2d at 955. Indeed, court there emphasized this important aspect of the action when it reviewed the rates allowed and rejected in other comparable cases:

> [T]he Court finds that **based on the nature and complexity of this patent infringement case** and the rates charged by Plaintiff's own experts for similar services ($400.00 and $210.00 per hour), the rates sought by each of Defendants' experts ($150.00, $300.00, and $405.00 per hour) are reasonable. *See Nilssen*, 2007 WL 257711, at *5 (allowing reimbursement for expert fees billed at $400.00 and $450.00 per hour in patent infringement case); *Top Tobacco, L.P. v. N. Atl. Operating Co.*, No. 06–950, 2007 WL 1149220, at *8–9 (N.D. Ill. Apr. 17, 2007) (allowing rates of $495.00 and $500.00 per hour in trademark infringement case); *but see Liquid Dynamics*, 2002 WL 31207212, at *3 (denying rate of $460.00 per hour as unreasonable in patent infringement action where party offered no information regarding expert's area of expertise and awarding instead the rate charged by the opposing party's own expert, $325.00 per hour); *Abrams v. Van Kampen Funds, Inc.*, No. 01–7538, 2006 WL 452419, at *2–3 (N.D. Ill. Feb. 21, 2006) (capping allowable rates at $350.00 per hour for experts in securities class action case where party offered little evidence in support of rate sought); *Profile Prods., LLC v. Soil Mgmt. Techs., Inc.*, 155 F.Supp.2d 880, 886–87 (N.D. Ill. 2001) (reducing forensic accountant's rate from $475.00 to $250.00 per hour as more reasonable in breach of contract case); *McClain*, 1996 WL 650524, at *4 (reducing rate from $400.00 to $250.00 per hour for expert in asbestos personal injury and wrongful death case). [*Id.* (Emphasis added)].

Plaintiff argues that if Defendant contests Dr. Matthews' rate, it would be doing so "belatedly" constituting an "eleventh hour" objection. (ECF No. 63, pp. 5 and 6). That assertion is makeweight because Plaintiff did not provide Defendant with the invoices concerning Dr. Matthews' deposition until April 24, 2024. (Declaration of Robert P. Donovan, ¶ 3, Ex., A). In

that email, Plaintiff acknowledges that "we did not previously provide this (i.e., the invoices) to you." (*Id.*)

Additionally, Plaintiff's reliance upon *Balcor Real Estate Holdings, Inc, v. Walentas-Phoenix Corp.,* 73 F3d 150, 153 (7th Cir. 1996) and *Oldenburg Grp. Inc. v. Frontier-Kemper Constructors, Inc.,* 597 F. Supp. 2d 842, 847 (E.D. Wis. 2009) is misplaced because those matters addressed enforcement of indemnification agreements whereby a party was contractually obligated to pay counsel fees.

Regardless of the hourly rate, Plaintiff should not recover for costs incurred for deposition preparation because these costs are only recoverable where the party seeking recovery provides sufficiently detailed information to demonstrate "how that [preparation] time was spent." *LK Nutrition, LLC v. Premier Rsch. Labs, LP*, No. 12 CV 7905, 2015 WL 4466632, at *3 (N.D. Ill. July 21, 2015). Recent decisions (including those cited by Plaintiff) explain that in the circumstances where a court is willing to reimburse preparation time, it must "ensure that the party benefiting from the expert's time is the party who pays for it." *Id.* at *2. Where the party seeking recovery does not provide detailed accounting regarding that preparation time, those fees will be excluded. *See, e.g., id.* at *3; *Profile Prods.*, 155 F.Supp.2d at 887; *Collins v. Village of Woodridge*, 197 F.R.D. 354, 358 (N.D. Ill. 1999). Here, Plaintiff has only offered invoices with entries for "[d]eposition preparation" several times over multiple months. (*See* ECF Nos. 63-2, 63-3). Given Plaintiff's failure to provide any detail as to how that "preparation" time was actually spent, those hours should, respectfully, be excluded.

Additionally, no law supports that aspect of the motion for services rendered by persons other than Dr. Matthews. In that regard, Plaintiff may not recover the fees of Tim Sargent, whom Plaintiff identifies as Dr. Matthews' "IT Director[.]" (ECF No. 63 at 6). Rule 26(b) allows only

the recovery of fees of "the expert"—not the expert's "associate" or IT Director. *See Profile Prods.*, 155 F.Supp.2d at 886. Mr. Sargent is not "the expert" in this matter; respectfully, all fees associated with his services—amounting to $924.00—ought to be excluded. *Id.* (*see* ECF No. 63-2 at 3).

If the Court is nevertheless inclined to determine a reasonable rate, Defendant respectfully suggests that the ruling in *Profile Products* is instructive because the court there rejected a proposed rate of $475 per hour and instead set a rate of $250 per hour. 155 F. Supp. 2d at 886. In the event the Court decides that Defendant is to reimburse Plaintiff for expert fees, the fee amount awarded also ought to be limited to Dr. Matthews' time attending the deposition (6.5 hours) and for travel to that deposition (1.0 hours) at a reduced rate of $250 per hour. (ECF 63-2). This would make the sum total of expert fees $1,875.00.

### V.  Just Grounds Exist to Offset Any Reimbursement of Expert Fees Against the Fees and Costs Owed to Defendant

In the event the Court considers any reimbursement for expert fees, Defendant respectfully seeks an offset. Following the Court's entry of summary judgment, Defendant timely filed its bill of costs (ECF No. 57) and motion for attorneys' fees (ECF No. 59). When combined, that bill of costs and Defendant's motion for attorneys' fees seek an award that exceeds One Hundred Sixty Thousand Dollars ($160,000.00). Those matters are set for a hearing on June 18, 2024. (ECF Nos. 60, 62). Plaintiff's motion seeks reimbursement of $5,986.50.[1] (ECF No. 63, p.1).

It is common practice for courts in this Circuit to offset reimbursement of fees under Rule 26(b) by the fees and costs owed to the opposing party. *See e.g., Se-Kure Controls, Inc.* 873 F. Supp. 2d at 950; *Levitin v. Nw. Cmty. Hosp.*, No. 13 C 5553, 2022 WL 17960676, at *5-6 (N.D.

---

[1] When adding the invoices attached to Plaintiff's motion, the sum is $6,211.50. (ECF No. 63-2, Ex. A). The reason for this discrepancy is unknown.

Ill. Dec. 27, 2022); *Chicago Tchrs. Union, Loc. 1, Am. Fed'n of Tchrs., AFL-CIO v. Bd. of Educ. of City of Chicago*, No. 12 C 10338, 2020 WL 13608315, at *4 (N.D. Ill. May 29, 2020). Accordingly, it is respectfully requested that the Court offset any amount awarded to reimburse Plaintiff for expert fees against any amount that is the subject of Defendant's motion for attorneys' fees and bill of costs.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's motion for fees.

Dated:  May 31, 2024

Respectfully submitted,

/s/ Robert P. Donovan
Robert P. Donovan, Esq. (admitted *Pro Hac Vice*)

STEVENS & LEE, P.C.
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone:  (201) 857-6778
Robert P. Donovan, Esq. (Admitted *Pro Hac Vice*)
*Robert.donovan@stevenslee.com*

-and-

SAUL EWING ARNSTEIN & LEHR LLP
161 North Clark Street, Suite 4200
Chicago, Illinois 60514
Telephone:  (312) 351-3292
Casey T. Grabenstein, Esq. (6289606)
*Casey.grabenstein@saul.com*

*Attorneys for Defendant,*
*Arizona Beverages USA LLC*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on May 31, 2024, he caused the within memorandum of Law in Opposition to Plaintiff's Motion for Expert Fees and supporting declaration of counsel to be filed electronically with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which sent electronic notification to all parties who have appeared and are registered as CM/ECF participants in this matter.

/s/ Robert P. Donovan