IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH CRAWFORD, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>ARIZONA BEVERAGES USA LLC,<br><br>    Defendant. | Case No. 22-cv-220-DWD |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Kenneth Crawford brought this putative class action against Defendant AriZona Beverages USA, LLC for alleged deceptive and misleading labeling of its 20oz "Lite Arnold Palmer" beverage ("Product") in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILL. COMP. STAT. 505/1, *et seq.* ("ICFA"). On March 30, 2024, the Court granted summary judgment for Defendant, dismissed all other claims, and entered judgment accordingly (Docs. 55, 56).[1] On April 12, 2024, Defendant filed a Bill of Costs (Doc. 57), to which Plaintiff filed objections (Doc. 61) and Defendant responded (Doc. 65).

---

[1] Following purported withdrawals of claims by Plaintiff, the Court dismissed Plaintiff's multi-class claims arising under the consumer fraud acts of various states other than Illinois without prejudice and Plaintiff's ICFA claims arising from alleged misrepresentations regarding the Product's dual column" and "Made in United States" labeling with prejudice (*Id.*). After dismissing the above claims and granting summary judgment for Defendant as to Plaintiff's ICFA claim regarding the Product's "lite" labeling, the Court dismissed Plaintiff's unjust enrichment claim with prejudice as no legal grounds remained to support the claim (*Id.*).

## Bill of Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs – other than attorney's fees – should be allowed to the prevailing party" unless "a federal statute, these rules, or a court order provides otherwise." *See* Fed. R. Civ. P. 54(d)(1). Rule 54 creates a presumption in favor of the award of costs, and "the burden is on the non-prevailing party to overcome this presumption." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). This presumption "is difficult to overcome, and the district court's discretion is narrowly confined–-the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945. "Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Id.*

Although the prevailing party is presumptively entitled to costs, not all costs of litigation are recoverable. *See Moultrie v. Penn Aluminum Int'l, LLC*, No. 3:11-cv-500-DRH-PMF, 2014 WL 87830, at *2 (S.D. Ill. Jan. 9, 2014). Recoverable costs include:

(1) fees of the clerk and marshal;
(2) fees for transcripts;
(3) witness and printing fees and expenses;
(4) fees for copies or papers necessarily obtained for use in the case;
(5) docket fees; and
(6) compensation for court-appointed experts and interpreters.

*See* 28 U.S.C. § 1920.

Taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable, and (2) whether the amount assessed is reasonable. *See Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). The party filing the bill of costs must also

verify the claimed items by attaching an affidavit attesting "that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. Counsel for Defendant attached the required affidavit to its Response to Plaintiff's Objections to Defendant's Bill of Costs (Doc. 65-2).

Defendant seeks an award of $5,064.50 in its Bill of Costs: $2,000.00 related to the video deposition of Dr. Matthews (Invoice 35813), $1,451.00 related to the video deposition of Plaintiff (Invoice 6389250), and $1,613.50 for transcript services for Plaintiff's deposition (Invoice 6392837) (Docs. 57, 57-2).[2]

   a. **Costs for Video Recordings of Depositions**

Costs for video recording and stenographic transcription of depositions may be taxed to the losing party where they are reasonable and necessary to the litigation. *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (finding a video-recorded deposition and stenographic transcription of the plaintiff necessary where the defendant used it in support of its motion for summary judgment). Plaintiff argues that the costs to videotape both depositions were not necessary, as neither Plaintiff nor Dr. Matthews were unavailable for trial (Doc. 61, pp. 9-11). On the contrary, Defendant claims Plaintiff's deposition needed to be videotaped as it occurred on February 13, 2023, when the emergency declaration concerning the COVID-19 pandemic remained in effect and caused uncertainty regarding whether and how Plaintiff would be required to appear at

---

[2] Defendant withdrew its request for $600.00 for pro hac vice filing fees in its Response (Doc. 65, p. 3).

3

trial (Doc. 65, p. 3). A written transcript, according to Defendant, was insufficient to present Plaintiff's testimony to the jury because it lacked visual depictions of Plaintiff answering questions regarding labels on containers (Doc. 65, pp. 3-4). Defendant also alleges the video deposition of Dr. Matthews was necessary because of uncertainty regarding whether she would appear in person, given her location in Wichita, Kansas, and for the similar concerns about the visual depictions of her testimony before the jury as Defendant had for Plaintiff (Doc. 65, p. 4).

While Plaintiff's deposition occurred after it was announced that Illinois' public health emergency for COVID would end at a set future date, the parties could not have known whether the state would stick with ending the public health emergency on that date. As such, the cost associated with video recording the Plaintiff's deposition at that time was reasonable given such uncertainty. *See Avanzalia Solar, S.L. v. Goldwind USA, Inc.*, No. 20-C-5035, 2023 WL 5804232, *5 (N.D. Ill. Sept. 7, 2023) (finding that "risk of pandemic-related complications" made reasonable the cost of video deposition).

The same cannot be said for the deposition of Dr. Matthews, however. Defendant's claim that there was "uncertainty" regarding whether she would appear in person because she lives in Wichita, Kansas, is not sufficient. *See Trading Technologies Intern., Inc. v. eSpeed, Inc.*, 750 F.Supp.2d 962, 976-977 (N.D. Ill. Oct. 29, 2010) (finding that claims of witnesses' unavailability based only on their location were insufficient to justify an award of costs for the video recording of their deposition). Defendant provides no other evidence as to why Dr. Matthews would not be available for trial. This also precludes Defendant's secondary concerns about the visual depictions of her testimony as nothing

in the record indicates she could not have provided such testimony in-person at trial. As such, Defendants have failed to demonstrate that the additional cost of $630.00 related to the video recording of Dr. Matthews as reasonable and necessary.

### b. Costs for Deposition Transcripts and Copies

"Taxable costs include fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." *Escamilla v. United States*, 62 F.4th 367, 375 (7th Cir. 2023) (citing 28 U.S.C. § 1920(2)) (internal marks omitted). As set forth in Administrative Order No. 363, the approved fee rates in the Southern District of Illinois are $3.65 per page for original transcripts and $0.90 for copies. In Re: Increase in Transcript Fee Rates, U.S. District Court, Southern District of Illinois, Administrative Order No. 363, Oct. 16, 2023.

As to Invoice 6392837 for Plaintiff's deposition, Defendant requests costs of $6.10 per page for 144 pages of original transcripts and 8 pages of original transcript excerpts for "Attorneys' Eyes Only" (Doc. 65, p. 5). A cost award for original transcript fees should be reduced from $6.10 to $3.65 per page in accordance with this district's approved rates.[3] *See Escamilla*, 62 F.4th at 376 ("[T]he judge should have taxed deposition transcript pages at a rate of $3.65, not $4.90). As Defendant relied upon portions of Plaintiff's and Dr. Matthew's deposition transcripts in their Motion for Summary Judgment (Doc. 33-1, Exs. B-F), as did the Court in its Order on the Motion for Summary Judgment (Doc. 55), and

---

[3] As Defendant has not attempted to argue that it required expedited transcripts, the Court uses the fee rate scale for ordinary transcripts. *See Specht v. Google Inc.*, No. 09 C 2572, 2011 WL 2565666, *1 (N.D. Ill. June 27, 2011).

Defendant used colored photos of the Product's in its label Motion for Class Certification (Doc. 46, Ex. 1), the Court finds the costs of $554.80 for original transcripts (152 pages at $3.65) and all costs for copies of exhibits as stated in invoice number 639837 are reasonable and necessary.

For Invoice 35813 for Dr. Matthews' expert deposition, Defendant requests $1,055.75 for 205 pages at $5.15 per page of "original & copy" and $60.40 for 302 scanned exhibit pages at $.20 per page. In compliance with Administrative Order No. 363, the Defendant may only recover $3.65 per page of original transcripts and $.90 per page for copies. As it is unclear what number of pages were original transcripts and what were copies, the Court finds it appropriate award Defendant the original transcript rate for 103 pages, and the rate for copies for 102 pages. Accordingly, Defendant may recover $467.75 of the $1,055.75 claimed for Dr. Matthews' deposition transcript.

Furthermore, Plaintiff objects to Defendant's request for certain costs for transcript services, alleging they are duplicated and triplicated expenses (Doc. 61, pp. 11-12, 14-16). However, Defendant provided an itemized invoice for each deposition such that the Court is satisfied there were no duplicated or triplicated expenses (Docs. 65-3, 65-4).

Plaintiff's protest of the court reporters' attendance fees is also misplaced, as the Seventh Circuit has held "the separate attendance fee is properly regarded as a component of the fee for the transcript." *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008); *see also Escamilla*, 62 F.4th at 375 (rejecting the losing plaintiff's argument that costs related to court reporter attendance at a deposition are not taxable and awarding the $165 attendance fee).

Finally, Plaintiff objects to Defendant's request for costs of $266.30 for "Litigation Services & Logistics" as disallowed because they were obtained for the convenience of counsel (Doc. 61, pp. 11-12). However, as explained in Defendant's response, these include the cost of copies for exhibits, a litigation package which provides the deposition in various accessible and searchable formats, and a hosting and delivery fee for large, encrypted files (Doc. 65, pp. 4-5). The Court cannot say that these fees were not reasonable and necessary, therefore finds Defendant appropriately included in them in its Bill of Costs.

## Conclusion

Accordingly, the Court **GRANTS in part, and DENIES in part** Defendant's Bill of Costs. Defendant has demonstrated that the following costs are reasonable and necessary: $1,240.60 on Invoice 6392837; $1,451.00 on Invoice 6389250; and $782.00 on Invoice 35813. As such, Defendant's Bill of Costs is granted in the amount of $3,473.60.

**SO ORDERED.**

Dated: June 6, 2025

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge